1

**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110

2
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090

3
FACSIMILE: (805) 963-9098

4   Jan A. Greben, State Bar No. 103464

5   Attorneys for Defendants
NAM SUN PARK and SEUNG HEE PARK

6

7

8                   UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10

| 11 | BRUCE A. BURROWS and JAMES A. ROESSLER, | **Case No. 3:07-cv-05354-MHP** |
|---|---|---|
| 12 | | COMPLAINT FILED:        10/19/07 |
| 13 | Plaintiffs, | TRIAL DATE:        None Set |
| 14 | vs. | |
| 15 | DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK, | **NAM SUN PARK AND SEUNG HEE PARK'S ANSWER TO THE COMPLAINT** |
| 16 | | |
| 17 | Defendants. | |
| 18 | | **DEMAND FOR JURY TRIAL** |

19

20

21

22          Defendants NAM SUN PARK and SEUNG HEE PARK (collectively "the PARKS"), by

23   their attorneys of record, hereby file this answer to the Complaint in this action as follows:

24          1. Paragraph 1 constitutes a statement and conclusion of law to which no response is

25   required. To the extent Paragraph 1 contains any factual allegations, the PARKS lack knowledge

26   or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

27   1, and on that basis, they are denied.

28          2. The PARKS specifically deny that they permitted or caused PCE and other dry-

cleaning chemicals that are hazardous to human health and the environment to be releases into

1    the soil and groundwater at the Property. To the extent Paragraph 2 contains any factual

2    allegations against any other Party,  the PARKS lack knowledge or information sufficient to form

3    a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, they are

4    denied.

5        3. The PARKS lack knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in Paragraph 3, and on that basis, they are denied.

7        4.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

8    of the allegations contained in Paragraph 4, and on that basis, they are denied.

9        5.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

10   of the allegations contained in Paragraph 5, and on that basis, they are denied.

11       6.  The PARKS specifically deny that they were and are legally responsible for the costs

12   of investigation and clean up at the Property. The PARKS further deny that they are actual

13   dischargers and have declined to participate in or pay anything for the ongoing investigation and

14   clean up.  To the extent Paragraph 6 contains any other factual allegations,  the PARKS lack

15   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

16   Paragraph 6, and on that basis, they are denied.

17       7. The PARKS lack knowledge or information sufficient to form a belief as to the truth of

18   the allegations contained in Paragraph 7, and on that basis, they are denied.

19       8.  Paragraph 8 constitutes a statement and conclusion of law to which no response is

20   required.  The PARKS specifically deny that they engaged in any polluting activities at the

21   Property. To the extent Paragraph 8 contains any other factual allegations, the PARKS lack

22   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

23   Paragraph 8, and on that basis, they are denied.

24       .9.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

25   of the allegations contained in Paragraph 9, and on that basis, they are denied.

26       10.  Paragraph 10 constitutes a statement and conclusion of law to which no response is

27   required.  The PARKS specifically deny that they caused any contamination or caused the release

28   or threatened release of hazardous substances resulting from their activities at the property. The

1  PARKS also deny that they have breached any lease.  To the extent Paragraph 10 contains any

2  other factual allegations, the PARKS lack knowledge or information sufficient to form a belief as

3  to the truth of the allegations contained in Paragraph 10, and on that basis, they are denied.

4          11.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

5  of the allegations contained in Paragraph 11, and on that basis, they are denied.

6          12.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

7  of the allegations contained in Paragraph 12, and on that basis, they are denied.

8          13.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

9  of the allegations contained in Paragraph 13, and on that basis, they are denied.

10          14.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

11  of the allegations contained in Paragraph 14, and on that basis, they are denied.

12          15.  Paragraph 15 constitutes a statement and conclusion of law to which no response is

13  required.  To the extent Paragraph 15 contains any factual allegations, the PARKS lack

14  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

15  Paragraph 15 and on that basis, they are denied.

16          16.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

17  of the allegations contained in Paragraph 16, and on that basis, they are denied.

18          17.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

19  of the allegations contained in Paragraph 17, and on that basis, they are denied.

20          18.  Paragraph 18 constitutes a statement and conclusion of law to which no response is

21  required.  To the extent Paragraph 18 contains any factual allegations, the PARKS lack

22  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

23  Paragraph 18 and on that basis, they are denied.

24          19. To the extent Paragraph 19 alleges that Nam Sun Park is a natural person, residing in

25  the City of Dublin, County of Alameda, State of California and, from approximately December,

26  1999, until the present, operated and continues to operate a dry cleaning business at the Property,

27  such allegation is admitted. All other allegations contained in Paragraph 19 are denied.

28          20. To the extent Paragraph 20 alleges that Seung Hee Park is a natural person, residing

3

1   in the City of Dublin, County of Alameda, State of California and, from approximately

2   December, 1999, until the present, operated and continues to operate a dry cleaning business at

3   the Property, such allegation is admitted. All other allegations contained in Paragraph 19 are

4   denied.

5        21. Paragraph 21 constitutes a statement and conclusion of law to which no response is

6   required.  To the extent Paragraph 21 contains any factual allegations, they are denied.

7        22. Paragraph 22 constitutes a statement and conclusion of law to which no response is

8   required.  To the extent Paragraph 22 contains any factual allegations, the PARKS lack

9   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

10  Paragraph 22 and on that basis, they are denied.

11       23. Paragraph 23 constitutes a statement and conclusion of law to which no response is

12  required.  To the extent Paragraph 23 contains any factual allegations, the PARKS lack

13  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

14  Paragraph 23 and on that basis, they are denied.

15       24. Paragraph 24 constitutes a statement and conclusion of law to which no response is

16  required.  To the extent Paragraph 24 contains any factual allegations, the PARKS lack

17  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

18  Paragraph 24 and on that basis, they are denied.

19       25. The PARKS lack knowledge or information sufficient to form a belief as to the truth

20  of the allegations contained in Paragraph 25, and on that basis, they are denied.

21       26. Paragraph 26 constitutes a statement and conclusion of law to which no response is

22  required.  To the extent Paragraph 26 contains any factual allegations, the PARKS lack

23  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24  Paragraph 26 and on that basis, they are denied.

25       27. The PARKS lack knowledge or information sufficient to form a belief as to the truth

26  of the allegations contained in Paragraph 27, and on that basis, they are denied.

27       28. The PARKS lack knowledge or information sufficient to form a belief as to the truth

28  of the allegations contained in Paragraph 28, and on that basis, they are denied.

29. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis, they are denied.

30. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis, they are denied.

31. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis, they are denied.

32. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis, they are denied.

33. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis, they are denied.

34. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis, they are denied.

35. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis, they are denied.

36. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis, they are denied.

37. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis, they are denied.

38. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis, they are denied.

39. To the extent Paragraph 39 alleges that the PARKS entered into an agreement with Kwang Suk Lee and Kui Ja Lee entitled "Assignment" on December 7, 1999, such allegation is admitted. All other allegations contained in Paragraph 39 are denied.

40. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis, they are denied.

41. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and on that basis, they are denied.

42. The PARKS lack knowledge or information sufficient to form a belief as to the truth

NAM SUN PARK AND SEUNG HEE PARK'S ANSWER TO THE COMPLAINT - 3:07-cv-05354-MHP

1   of the allegations contained in Paragraph 42, and on that basis, they are denied.

2          43. The PARKS lack knowledge or information sufficient to form a belief as to the truth

3   of the allegations contained in Paragraph 43, and on that basis, they are denied.

4          44. The PARKS lack knowledge or information sufficient to form a belief as to the truth

5   of the allegations contained in Paragraph 44, and on that basis, they are denied.

6          45. The PARKS lack knowledge or information sufficient to form a belief as to the truth

7   of the allegations contained in Paragraph 45, and on that basis, they are denied.

8          46. To the extent Paragraph 46 alleges that the PARKS have operated a dry cleaner at the

9   Property since December 1999, such allegation is admitted. All other allegations contained in

10  Paragraph 46 are denied.

11         47. Paragraph 47 constitutes a statement and conclusion of law to which no response is

12  required. To the extent Paragraph 47 alleges that the PARKS at one time briefly used PCE as a

13  dry-cleaning chemical, such allegation is admitted. The PARKS specifically deny that their

14  operations at the Property resulted in releases of PCE to the Property which contaminated soil,

15  soil gas or groundwater at the Property. To the extent Paragraph 47 alleges that in or about

16  March 2000, the PARKS changed their dry-cleaning operations so that PCE was no longer used,

17  and has not been used since that time, such allegation is admitted. To the extent Paragraph 47

18  contains any other factual allegations, the PARKS lack knowledge or information sufficient to

19  form a belief as to the truth of the allegations contained in Paragraph 47 and on that basis, they

20  are denied.

21         48. As written, Paragraph 48 is vague, ambiguous and unintelligible and therefore the

22  PARKS are unable to form a response to the allegations contained therein. Additionally,

23  Paragraph 48 constitutes a statement and conclusion of law to which no response is required.

24  The PARKS specifically deny that the PARKS discharged any hazardous waste at the Property or

25  improperly disposed of hazardous waste at the Property. To the extent Paragraph 48 contains any

26  other factual allegations, the PARKS lacks knowledge or information sufficient to form a belief

27  as to the truth of the allegations contained in Paragraph 48 and on that basis, they are denied.

28         49. The PARKS lack knowledge or information sufficient to form a belief as to the truth

1   of the allegations contained in Paragraph 49, and on that basis, they are denied.

2        50.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

3   of the allegations contained in Paragraph 50, and on that basis, they are denied.

4        51. The PARKS lack knowledge or information sufficient to form a belief as to the truth

5   of the allegations contained in Paragraph 51, and on that basis, they are denied.

6        52.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

7   of the allegations contained in Paragraph 52, and on that basis, they are denied.

8        53.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

9   of the allegations contained in Paragraph 53, and on that basis, they are denied.

10       54.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

11  of the allegations contained in Paragraph 54, and on that basis, they are denied.

12       55.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

13  of the allegations contained in Paragraph 55, and on that basis, they are denied.

14       56.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

15  of the allegations contained in Paragraph 56, and on that basis, they are denied.

16       57.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

17  of the allegations contained in Paragraph 57, and on that basis, they are denied.

18       58.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

19  of the allegations contained in Paragraph 58, and on that basis, they are denied.

20       59.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

21  of the allegations contained in Paragraph 59, and on that basis, they are denied.

22       60.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

23  of the allegations contained in Paragraph 60, and on that basis, they are denied.

24       61.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

25  of the allegations contained in Paragraph 61, and on that basis, they are denied.

26       62.  Paragraph 62 constitutes a statement and conclusion of law to which no response is

27  required. The PARKS specifically deny that Plaintiffs incurred any costs consistent with the

28  National Contingency Plan or in accordance with the requirements of the responsible oversight

7

1  regulatory agency.  To the extent Paragraph 62 contains any other factual allegations, the PARKS

2  lack knowledge or information sufficient to form a belief as to the truth of the allegations

3  contained in Paragraph 62, and on that basis, they are denied.

4      63.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

5  of the allegations contained in Paragraph 63, and on that basis, they are denied.

6      64.   The PARKS lack knowledge or information sufficient to form a belief as to the truth

7  of the allegations contained in Paragraph 64, and on that basis, they are denied.

8      65.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

9  of the allegations contained in Paragraph 65, and on that basis, they are denied.

10      66.  Paragraph 66 constitutes a statement and conclusion of law to which no response is

11  required. The PARKS specifically deny that the PARKS caused or permitted the release of

12  hazardous substances or contaminants at the Property and deny that Plaintiffs notified the

13  PARKS of the requirements of County Health or of the Plaintiffs' agreements and action in

14  accordance with County Health. To the extent Paragraph 66 contains any factual allegations, the

15  PARKS lack knowledge or information sufficient to form a belief as to the truth of the

16  allegations contained in Paragraph 66, and on that basis, they are denied.

17      67.  Paragraph 67 constitutes a statement and conclusion of law to which no response is

18  required. The PARKS specifically deny that the PARKS caused or permitted the release of

19  hazardous substances or contaminants at the Property and deny that they are PRPs. To the extent

20  Paragraph 67 contains any factual allegations, the PARKS lack knowledge or information

21  sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and on that

22  basis, they are denied.

23      68.  Paragraph 68 constitutes a statement and conclusion of law to which no response is

24  required. To the extent Paragraph 68 contains any factual allegations, the PARKS lack

25  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

26  Paragraph 68, and on that basis, they are denied.

27      69.  Paragraph 69 constitutes a statement and conclusion of law to which no response is

28  required. The PARKS specifically deny that the PARKS have refused to pay for investigation

8

1   and clean up at the Property. To the extent Paragraph 69 contains any factual allegations, the

2   PARKS lack knowledge or information sufficient to form a belief as to the truth of the

3   allegations contained in Paragraph 69 and on that basis, they are denied.

4       70. Paragraph 70 constitutes a statement and conclusion of law to which no response is

5   required. To the extent Paragraph 70 contains any factual allegations, the PARKS lack

6   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

7   Paragraph 70 and on that basis, they are denied.

8       71. The PARKS incorporate their answers to Paragraphs 1 through 70 as through fully

9   set forth herein.

10      72. Paragraph 72 constitutes a statement and conclusion of law to which no response is

11  required. To the extent Paragraph 72 contains any factual allegations, the PARKS lack

12  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13  Paragraph 72 and on that basis, they are denied.

14      73. Paragraph 73 constitutes a statement and conclusion of law to which no response is

15  required. The PARKS specifically deny that the PARKS are responsible for the release or

16  continued threat of release of hazardous substances at the Property and deny that they are liable

17  for any contamination pursuant to 42 U.S.C. § 9607(a). To the extent Paragraph 73 contains any

18  factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to

19  the truth of the allegations contained in Paragraph 73 and on that basis, they are denied.

20      74. Paragraph 74 constitutes a statement and conclusion of law to which no response is

21  required. The PARKS specifically deny that Plaintiffs have incurred necessary response costs.

22  The PARKS also specifically deny that any costs incurred were the result of the PARKS

23  operations or activities at the Property.  To the extent Paragraph 74 contains any factual

24  allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

25  of the allegations contained in Paragraph 74 and on that basis, they are denied.

26      75. Paragraph 75 constitutes a statement and conclusion of law to which no response is

27  required. The PARKS specifically deny that any costs incurred by Plaintiffs were necessary costs

28  of response consistent with the provisions of CERCLA and the National Contingency Plan. To

the extent Paragraph 75 contains any factual allegations, the PARKS lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75

and on that basis, they are denied.

76.  Paragraph 76 constitutes a statement and conclusion of law to which no response is

required.  The PARKS specifically deny that Plaintiffs continue to incur response costs. To the

extent Paragraph 76 contains any factual allegations, the PARKS lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and on that

basis, they are denied.

77.  Paragraph 77 constitutes a statement and conclusion of law to which no response is

required.  The PARKS specifically deny that the PARKS are jointly and severally liable to the

Plaintiffs pursuant to 42 U.S.C. § 9607(a). To the extent Paragraph 77 contains any factual

allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 77 and on that basis, they are denied.

78.  Paragraph 78 constitutes a statement and conclusion of law to which no response is

required.  The PARKS specifically deny that Plaintiffs are entitled to Declaratory judgment that

the PARKS are liable in any subsequent action by the Plaintiffs to recover further response costs

or damages.  To the extent Paragraph 78 contains any factual allegations, the PARKS lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 78 and on that basis, they are denied.

79.  The PARKS incorporates their answers to Paragraphs 1 through 78 as through fully

set forth herein.

80.  Paragraph 80 constitutes a statement and conclusion of law to which no response is

required.  The PARKS specifically deny that the PARKS released within the meaning of

California Health and Safety Code § 25320, hazardous substances at and from the Property,

within the meaning of HSAA, Health and Safety Code § 25323.5.  To the extent Paragraph 80

contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 80 and on that basis, they are

denied.

1    81. Paragraph 81 constitutes a statement and conclusion of law to which no response is

2    required. The PARKS specifically deny that the PARKS are responsible parties and/or liable

3    persons within the meaning of HSAA Health and Safety Code § 25323.5. To the extent

4    Paragraph 81 contains any factual allegations, the PARKS lack knowledge or information

5    sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and on that

6    basis, they are denied.

7    82. Paragraph 82 constitutes a statement and conclusion of law to which no response is

8    required. The PARKS specifically deny that Plaintiffs have incurred and continue to incur

9    response costs consistent with the provisions of CERCLA and HSAA, Health and Safety Codes §

10   25363 (e) and § 25399. To the extent Paragraph 82 contains any factual allegations, the PARKS

11   lack knowledge or information sufficient to form a belief as to the truth of the allegations

12   contained in Paragraph 82 and on that basis, they are denied.

13   83. Paragraph 83 constitutes a statement and conclusion of law to which no response is

14   required. The PARKS specifically deny that actions taken by Plaintiffs were necessary and that

15   Plaintiffs are entitled to seek treble damages from the PARKS pursuant to HSAA, Health and

16   Safety Code §25398.17. To the extent Paragraph 83 contains any factual allegations, the PARKS

17   lack knowledge or information sufficient to form a belief as to the truth of the allegations

18   contained in Paragraph 83 and on that basis, they are denied.

19   84. The PARKS lack knowledge or information sufficient to form a belief as to the truth

20   of the allegations contained in Paragraph 84, and on that basis, they are denied.

21   85. The PARKS incorporate their answers to Paragraphs 1 through 84 as through fully

22   set forth herein.

23   86. Paragraph 86 constitutes a statement and conclusion of law to which no response is

24   required. The PARKS specifically deny that the acts and/or omissions of the PARKS now

25   constitute or have constituted in the past a public nuisance and that the alleged public nuisance is

26   specially injurious to the Plaintiffs. To the extent Paragraph 86 contains any factual allegations,

27   the PARKS lack knowledge or information sufficient to form a belief as to the truth of the

28   allegations contained in Paragraph 86 and on that basis, they are denied.

87. Paragraph 87 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 87 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and on that basis, they are denied.

88. Paragraph 88 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 88 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and on that basis, they are denied.

89. Paragraph 89 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the PARKS used, controlled, and/or operated the Property in such a manner as to cause, or allowed to be caused, the release of hazardous substances or contaminants onto the Property. To the extent Paragraph 89 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and on that basis, they are denied.

90. Paragraph 90 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that any conduct by the PARKS and the conditions created thereby constitute a public nuisance within the meaning of Section 3480 of the California Civil Code. The PARKS also deny that the acts of the PARKS have caused an injury and further risk of injury to public health and safety and to the environment. To the extent Paragraph 90 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and on that basis, they are denied.

91. Paragraph 91 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the acts and/or omissions of the PARKS constitute a continuous nuisance. To the extent Paragraph 91 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and on that basis, they are denied.

92. Paragraph 92 constitutes a statement and conclusion of law to which no response is

required. The PARKS specifically deny that the acts/or omissions of the PARKS have caused hazardous substances and contaminants, including but not limited to PCE and other toxic substances and contaminants to be discharged into the soil, ground water and environment at, under and on the Property; that any discharge of hazardous substances and contaminants continues to contaminate the Property. To the extent Paragraph 92 contains any other factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and on that basis, they are denied.

93. Paragraph 93 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the conduct, acts and/or omissions of the PARKS has directly and proximately resulted in the injury of the public health and safety and environment. The PARKS also deny that the Plaintiffs have suffered special injuries. The PARKS further deny that any damages suffered by Plaintiffs were a direct and proximate result of the acts and/or omissions of the PARKS. To the extent Paragraph 93 contains any other factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and on that basis, they are denied.

94. The PARKS incorporate their answers to Paragraphs 1 through 93 as through fully set forth herein.

95. Paragraph 95 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 95 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis, they are denied.

96. Paragraph 96 constitutes a statement and conclusion of law to which no response is required. To the extent that Paragraph 96 may contain any factual allegation, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and on that basis, they are denied.

97. Paragraph 97 constitutes a statement and conclusion of law to which no response is required. To the extent that Paragraph 97 may contain any factual allegation, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

1   Paragraph 97 and on that basis, they are denied.

2          98. Paragraph 98 constitutes a statement and conclusion of law to which no response is

3   required. To the extent that Paragraph 98 may contain any factual allegation, the PARKS lack

4   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

5   Paragraph 98 and on that basis, they are denied.

6          99.  Paragraph 99 constitutes a statement and conclusion of law to which no response is

7   required. The PARKS specifically deny that the PARKS used, controlled, and/or operated the

8   Property in such a manner as to cause, or allowed to be caused, the release of hazardous

9   substances onto the Property.  To the extent that Paragraph 99 may contain any factual allegation,

10  the PARKS lack knowledge or information sufficient to form a belief as to the truth of the

11  allegations contained in Paragraph 99 and on that basis, they are denied.

12         100. Paragraph 100 constitutes a statement and conclusion of law to which no response is

13  required. The PARKS specifically deny that the PARKS used, controlled, and/or operated the

14  Property in such a manner as to cause, or allowed to be caused, the release of hazardous

15  substances onto the Property; and that the PARKS conduct constitutes a continuing nuisance

16  within the meaning of Section 3479 of the California Civil Code.  The PARKS also deny that

17  Plaintiffs have been continuously damaged. To the extent Paragraph 100 contains any  factual

18  allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

19  of the allegations contained in Paragraph 100 and on that basis, they are denied.

20         101. Paragraph 101 constitutes a statement and conclusion of law to which no response is

21  required.  The PARKS specifically deny that the conduct by the PARKS constitutes a private

22  nuisances within the meaning of Section 3481 of the California Civil Code. To the extent

23  Paragraph 101 contains any  factual allegations, the PARKS lack knowledge or information

24  sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and on that

25  basis, they are denied.

26         102. Paragraph 102 constitutes a statement and conclusion of law to which no response is

27  required.  The PARKS specifically deny that the acts and/or omissions by the PARKS caused

28  hazardous substances, including but not limited to PCE and other toxic substances and

contaminants to be discharged into the soil, groundwater, or environment at, under, and on the Property.  The PARKS also deny that the discharge of such substances and contaminants continues to contaminate the Property. To the extent Paragraph 102 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and on that basis, they are denied.

103. Paragraph 103 constitutes a statement and conclusion of law to which no response is required.  The PARKS specifically deny that Plaintiffs have suffered economic damages; that any of the alleged economic damages suffered by Plaintiffs are a direct and proximate result of the acts or omissions of the PARKS. To the extent Paragraph 103 contains any  factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and on that basis, they are denied.

104. Paragraph 104 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that Plaintiffs have suffered economic damages.  The PARKS also deny that any of the alleged economic damages suffered by Plaintiffs are a direct and proximate result of the acts or omissions of the PARKS. To the extent Paragraph 104 contains any  factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and on that basis, they are denied.

105. The PARKS incorporate their answers to Paragraphs 1 through 104 as through fully set forth herein.

106. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and on that basis, they are denied.

107. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and on that basis, they are denied.

108.  The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and on that basis, they are denied.

109.  The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and on that basis, they are denied.

110.  As written, Paragraph 110 is vague, ambiguous and unintelligible and therefore the PARKS are unable to form a response to the allegations contained therein. Additionally, Paragraph 110 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 110 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and on that basis, they are denied.

111.  The PARKS incorporate their answers to Paragraphs 1 through 110 as through fully set forth herein.

112.  Paragraph 112 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the PARKS owed or owe any duty to Plaintiffs. To the extent Paragraph 112 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and on that basis, they are denied.

113.  Paragraph 113 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the PARKS owed a duty to Plaintiffs. The PARKS also deny that they breached any duty to Plaintiffs and that the PARKS negligently, grossly negligently and/or recklessly permitted the release of PCE and other contaminants to contaminate the soil, ground water and environment at the Property and to migrate to and contaminate other areas both on and off the Property The PARKS further deny that the PARKS failed to fully and completely investigate clean up and remediate the damage caused by such alleged contamination. To the extent Paragraph 113 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and on that basis, they are denied.

114.  Paragraph 114 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that the PARKS owed or owe any duty to Plaintiffs. To the extent Paragraph 114 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and on that basis, they are denied.

1    115. Paragraph 115 constitutes a statement and conclusion of law to which no response is

2    required. The PARKS specifically deny that the PARKS knew or should have known of the

3    presence of hazardous substances or contaminants on the leasehold. The PARKS also deny that

4    the PARKS negligently failed to exercise due care. To the extent Paragraph 115 contains any

5    factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to

6    the truth of the allegations contained in Paragraph 115 and on that basis, they are denied.

7    116. Paragraph 116 constitutes a statement and conclusion of law to which no response is

8    required. The PARKS specifically deny that Plaintiffs have acted to mitigate damages; that

9    Plaintiffs have paid a disproportionately large share of the costs; and that the PARKS acted

10    negligently. To the extent Paragraph 116 contains any factual allegations, the PARKS lack

11    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

12    Paragraph 116 and on that basis, they are denied.

13    117. Paragraph 117 constitutes a statement and conclusion of law to which no response is

14    required. The PARKS specifically deny that Plaintiff has suffered damages and that any of the

15    alleged damages suffered by Plaintiffs are a direct and proximate result of the acts or omissions

16    of the PARKS. To the extent Paragraph 117 contains any factual allegations, the PARKS lack

17    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

18    Paragraph 117 and on that basis, they are denied.

19    118. Paragraph 118 constitutes a statement and conclusion of law to which no response is

20    required. The PARKS specifically deny the Plaintiffs are entitled to an injunction requiring the

21    PARKS to remove fully the contamination from and remediate the Property; that the PARKS

22    disposed of or allowed the continued release of additional contaminants because of the residual

23    contamination it left on the Property. To the extent Paragraph 118 contains any factual

24    allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

25    of the allegations contained in Paragraph 118 and on that basis, they are denied.

26    119. The PARKS incorporate their answers to Paragraphs 1 through 118 as through fully

27    set forth herein.

28    120. Paragraph 120 constitutes a statement and conclusion of law to which no response is

1  required.  To the extent Paragraph 120 contains any factual allegations, the PARKS lack

2  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

3  Paragraph 120 and on that basis, they are denied.

4      121.  Paragraph 121 constitutes a statement and conclusion of law to which no response is

5  required. The PARKS specifically deny that the PARKS have failed to comply with ordinances,

6  statutes, and regulations governing use of the Property, including but not limited to storage, use

7  and/or release of hazardous substances or contaminants at the Property and nearby areas by using

8  the Property; that the PARKS have used the Property in a manner that resulted in the

9  contamination of the Property and surrounding areas; that the PARKS failed *per se* to operate the

10  Property in a reasonable manner; and that the PARKS use of the Property caused injury and

11  damage to Plaintiffs.  To the extent Paragraph 121 contains any factual allegations, the PARKS

12  lack knowledge or information sufficient to form a belief as to the truth of the allegations

13  contained in Paragraph 121 and on that basis, they are denied.

14      122.  Paragraph 122 constitutes a statement and conclusion of law to which no response is

15  required.  To the extent Paragraph 122 contains any  factual allegations, the PARKS lack

16  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

17  Paragraph 122 and on that basis, they are denied.

18      123.  Paragraph 123 constitutes a statement and conclusion of law to which no response is

19  required. The PARKS specifically deny that any acts and/or omissions of the PARKS constitute

20  negligence *per se* in violation of the laws and/or regulations of the United States and the State.

21  To the extent Paragraph 123 contains any  factual allegations, the PARKS lack knowledge or

22  information sufficient to form a belief as to the truth of the allegations contained in Paragraph

23  123 and on that basis, they are denied.

24      124.  Paragraph 124 constitutes a statement and conclusion of law to which no response is

25  required. The PARKS specifically deny that the Plaintiffs have suffered injuries in that Plaintiffs'

26  free use and comfortable enjoyment of the Property has been obstructed and impaired and that

27  any injuries suffered by Plaintiffs are a direct and proximate result of the acts and/or omissions of

28  the PARKS.  To the extent Paragraph 124 contains any  factual allegations, the PARKS lack

1  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

2  Paragraph 124 and on that basis, they are denied.

3      125. Paragraph 125 constitutes a statement and conclusion of law to which no response is

4  required. The PARKS specifically deny that Plaintiff has suffered damages; that any of the

5  alleged damages suffered by Plaintiffs are a direct and proximate result of the acts or omissions

6  of the PARKS.  To the extent Paragraph 125 contains any  factual allegations, the PARKS lack

7  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

8  Paragraph 125 and on that basis, they are denied.

9      126. The PARKS incorporate their answers to Paragraphs 1 through 125 as through fully

10  set forth herein.

11      127.  Paragraph 127 constitutes a statement and conclusion of law to which no response is

12  required. To the extent Paragraph 127 contains any  factual allegations, such allegations are

13  denied.

14      128.  Paragraph 128 constitutes a statement and conclusion of law to which no response is

15  required. To the extent Paragraph 128 contains any  factual allegations, such allegations are

16  denied.

17      129.  Paragraph 129 constitutes a statement and conclusion of law to which no response is

18  required. The PARKS specifically deny that the PARKS failed to comply with federal and state

19  ordinances, statutes, and regulations governing the storage, use, disposal and/or release of

20  hazardous substances and wastes at the Property and nearby areas; that the PARKS breached the

21  1985 Lease as amended and assigned. To the extent Paragraph 129 contains any factual

22  allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

23  of the allegations contained in Paragraph 129 and on that basis, they are denied.

24      130.  Paragraph 130 constitutes a statement and conclusion of law to which no response is

25  required. To the extent Paragraph 130 contains any  factual allegations, such allegations are

26  denied.

27      131.  Paragraph 131 constitutes a statement and conclusion of law to which no response is

28  required. To the extent Paragraph 131 contains any  factual allegations, such allegations are

1  denied.

2      132. The PARKS incorporate their answers to Paragraphs 1 through 131 as through fully

3  set forth herein.

4      133.  Paragraph 133 constitutes a statement and conclusion of law to which no response is

5  required. To the extent Paragraph 133 contains any  factual allegations, such allegations are

6  denied.

7      134.  Paragraph 134 constitutes a statement and conclusion of law to which no response is

8  required. To the extent Paragraph 134 contains any  factual allegations, such allegations are

9  denied.

10      135.  Paragraph 135 constitutes a statement and conclusion of law to which no response is

11  required. To the extent Paragraph 135 contains any  factual allegations, such allegations are

12  denied.

13      136.  The PARKS incorporate their answers to Paragraphs 1 through 135 as through fully

14  set forth herein.

15      137. Paragraph 137 constitutes a statement and conclusion of law to which no response is

16  required. The PARKS specifically deny that the PARKS are legally responsible for the

17  contamination on and underlying the Property and nearby areas through the PARKS' use and/or

18  operations at the Property. To the extent Paragraph 137 contains any factual allegations, the

19  PARKS lack knowledge or information sufficient to form a belief as to the truth of the

20  allegations contained in Paragraph 137 and on that basis, they are denied.

21      138. Paragraph 138 constitutes a statement and conclusion of law to which no response is

22  required. The PARKS specifically deny that Plaintiffs have expended and will continue to

23  expend monies to investigate, test and clean up the contamination on and underlying the Property

24  and nearby areas; that any of the alleged expenditures of monies to investigate, test and clean up

25  said contamination is the direct and proximate result of the PARKS; that Plaintiffs have incurred

26  other significant damages. To the extent Paragraph 138 contains any factual allegations, the

27  PARKS lack knowledge or information sufficient to form a belief as to the truth of the

28  allegations contained in Paragraph 138 and on that basis, they are denied.

1    139. Paragraph 139 constitutes a statement and conclusion of law to which no response is

2 required. To the extent Paragraph 139 contains any factual allegations, the PARKS lack

3 knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4 Paragraph 139, and on that basis, they are denied.

5    140. Paragraph 140 constitutes a statement and conclusion of law to which no response is

6 required. The PARKS specifically deny that the PARKS are liable to Plaintiffs for contamination

7 of the Property; that Plaintiffs are entitled to contribution pursuant to California Civil Code §

8 1432 or indemnification under state or federal law from the PARKS. To the extent Paragraph 140

9 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

10 belief as to the truth of the allegations contained in Paragraph 140 and on that basis, they are

11 denied.

12    141. Paragraph 141 constitutes a statement and conclusion of law to which no response

13 is required. The PARKS specifically deny that Plaintiffs are entitled to indemnification from the

14 PARKS for any expenditures in connection with remedying the contamination on, underlying and

15 near the Property, and for all other damages incurred by Plaintiffs. To the extent Paragraph 141

16 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

17 belief as to the truth of the allegations contained in Paragraph 141 and on that basis, they are

18 denied.

19    142. The PARKS incorporate their answers to Paragraphs 1 through 141 as through fully

20 set forth herein.

21    143. Paragraph 143 constitutes a statement and conclusion of law to which no response is

22 required. The PARKS specifically deny that the PARKS are responsible for the contamination

23 on, under, adjacent to and downgradient from the Property and the surrounding areas based on

24 their acts and/or omissions at the Property; that the PARKS are responsible for monies expended

25 and to be expended to clean up the contamination at and surrounding the Property. To the extent

26 Paragraph 143 contains any factual allegations, the PARKS lack knowledge or information

27 sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and on that

28 basis, they are denied.

144. Paragraph 144 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 144 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and on that basis, they are denied.

145. Paragraph 145 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 145 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and on that basis, they are denied.

146. Paragraph 146 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 146 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and on that basis, they are denied.

## AFFIRMATIVE DEFENSES

The PARKS allege the following affirmative defenses against the allegations contained in Plaintiffs' complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief May be Granted)

One or more of the Plaintiffs' claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

One or more of the Plaintiffs' claims are barred by the statute of limitations, including but not limited to, 42 U.S.C § 9613(g) and California Code of Civil Procedure § § 337, 338, 338.1, 339, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

One or more of the Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

1   (Due Care)

2   At all times relevant hereto, the PARKS acted with due care, complied with all statutory,

3   regulatory, and common law requirements, and otherwise conducted themselves as responsible

4   persons under the circumstances.

5   FIFTH AFFIRMATIVE DEFENSE

6   (Third Party Fault)

7   The release or threatened release of hazardous substances alleged in the Complaint, and

8   any costs or damages resulting therefrom, were caused solely by the acts or omissions of third

9   parties other than employees or agents of the PARKS and/or other than persons whose acts or

10  omissions occurred in connection with a contractual relationship existing, directly or indirectly,

11  with the PARKS.

12  SIXTH AFFIRMATIVE DEFENSE

13  (Failure to Mitigate)

14  Any recovery to which Plaintiffs are entitled should be limited because Plaintiffs failed to

15  mitigate their damages.

16  SEVENTH AFFIRMATIVE DEFENSE

17  (Proportionate Share)

18  In the event the PARKS are held responsible for any of the harm or endangerment alleged

19  in the Complaint and affirmative relief is granted against the PARKS, then the PARKS' liability

20  should be proportionate to their contribution to the alleged harm or endangerment, if any, and the

21  contribution of Plaintiffs and their employees and agents, co-defendants, and other persons and

22  entities who sent material to the subject site, or who otherwise contributed to the alleged harm or

23  endangerment, under the provisions of California Civil Code § 1431.2.

24  EIGHTH AFFIRMATIVE DEFENSE

25  (Fifth Amendment)

26  The PARKS cannot be held responsible for their innocent, reasonable, and legal

27  activities, or for such activities performed by the PARKS's employees or agents, because to do

28  so would violate the PARKS's rights under the Fifth Amendment of the Constitution of the

1  United States of America.

2  <u>NINTH AFFIRMATIVE DEFENSE</u>

3  (Estoppel)

4  As a result of the acts, conduct, and/or omissions of Plaintiffs, the complaint, and each

5  claim therein, is barred by the doctrine of estoppel.

6  <u>TENTH AFFIRMATIVE DEFENSE</u>

7  (Waiver)

8  As a result of the acts, conduct, and/or omissions of Plaintiffs, the complaint, and each

9  claim therein, has been waived.

10  <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

11  (Act of God, War, or Omissions)

12  The release or threatened release of hazardous substances which is alleged in Plaintiffs'

13  complaint was caused solely by one or more acts of God, an act of war, or by the acts or

14  omissions of a third party or parties other than an employee or agent of the PARKS and with

15  whom the PARKS had no contractual relationship, and in connection therewith the PARKS

16  exercised due care and took adequate precautions against foreseeable acts and omissions by any

17  such third parties pursuant to 42 U.S.C. § 9607(b).

18  <u>TWELFTH AFFIRMATIVE DEFENSE</u>

19  (State of Knowledge)

20  Any conduct of the PARKS relating to matters alleged in the Complaint conformed to

21  statutes, government regulations, and industry standards based upon the state of knowledge

22  existing at the times alleged in the Complaint.

23  <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

24  (Failure to Name All Necessary Parties)

25  Plaintiffs have failed to join indispensable parties necessary for the just and complete

26  adjudication of the matters raised in the complaint.

27

28  <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

24

1    (Offset)

2    Plaintiffs' recovery, if any, against the PARKS must be offset by any amount Plaintiffs

3    must pay as a responsible party.

4    FIFTEENTH AFFIRMATIVE DEFENSE

5    (Apportionment of Harm)

6    The harm alleged by Plaintiffs to have been caused by the actual or threatened releases of

7    hazardous substances alleged against the PARKS in the Complaint is distinct from and/or can

8    rationally be apportioned from the harm allege to have been caused by the actual or threatened

9    releases of hazardous substances by other third parties not in the control of the PARKS.  As a

10    result, Plaintiffs are not entitled to the imposition of joint and several liability against the

11    PARKS.

12    SIXTEENTH AFFIRMATIVE DEFENSE

13    (Assumption of Risk)

14    One or more of the Plaintiffs' claims are barred by the doctrine of assumption of risk.

15    SEVENTEENTH AFFIRMATIVE DEFENSE

16    (Unclean Hands)

17    One or more of the Plaintiffs' claims are barred by the doctrine of unclean hands.

18    EIGHTEENTH AFFIRMATIVE DEFENSE

19    (Contributory Negligence)

20    At all times and places referred to in Plaintiffs' Complaint on file herein, and the alleged

21    claims for relief therein contained, Plaintiffs were themselves negligent in and about those

22    matters alleged in the Complaint, and the negligence of said Plaintiffs directly and proximately

23    contributed to the happening of the matters referred to in Plaintiffs' Complaint on file herein and

24    the alleged claims for relief therein contained, and to the damages, if any, and to the injuries, if

25    any, sustained by Plaintiffs; and should any award be given to them, it should be reduced by an

26    amount commensurate with their own negligence.

27

28    NINETEENTH AFFIRMATIVE DEFENSE

1    (Standing)

2    Plaintiffs lack standing to sue for one or more claims for relief alleged in the Complaint.

3    TWENTIETH AFFIRMATIVE DEFENSE

4    (Good Faith)

5    At all times herein mentioned, the PARKS acted in good faith.

6    TWENTY-FIRST AFFIRMATIVE DEFENSE

7    (Reasonableness)

8    At all times herein mentioned, the actions and/or failure to act of the PARKS were

9    reasonable.

10    TWENTY-SECOND AFFIRMATIVE DEFENSE

11    (Frivolous Action)

12    Plaintiffs' Complaint is frivolous and the PARKS should be entitled to reasonable costs

13    and attorney's fees pursuant to California Code of Civil Procedure § 1038.

14    TWENTY-THIRD AFFIRMATIVE DEFENSE

15    (No Release)

16    There has been no release or threatened release of hazardous substances by the PARKS

17    within the meaning of CERCLA, 42 U.S.C. § 9607(a).

18    TWENTY-FOURTH AFFIRMATIVE DEFENSE

19    (No Action for Contribution)

20    CERCLA § 107 does not provide for a cause of action for contribution. Therefore,

21    Plaintiffs' claims for contribution under CERCLA § 107 are barred and Plaintiffs are not entitled

22    to an award of such costs from the PARKS.

23    TWENTY-FIFTH AFFIRMATIVE DEFENSE

24    (No Violation of Health & Safety Code)

25    The PARKS alleges that no conduct or condition attributable to the PARKS constitutes a

26    violation of California Health and Safety Sections 25300 et seq.

27

28    TWENTY-SIXTH AFFIRMATIVE DEFENSE

1     (Permitted Release)

2     The PARKS alleges that Plaintiffs' claims under CERCLA are barred because any

3   alleged release or threatened release upon which such claims are based was a federally and/or

4   state permitted release.

5                    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6                    (Costs Inconsistent with Nation Contingency Plan)

7     Plaintiffs are not entitled to relief under CERCLA § § 9601, et seq. because Plaintiffs

8   have taken actions and incurred costs that are not necessary costs of response consistent with the

9   National Contingency Plan, are not cost effective and involve unreasonable cost.

10                   TWENTY-EIGHTH AFFIRMATIVE DEFENSE

11                   (No Response Costs Incurred)

12    Under CERCLA, Plaintiffs are not entitled to relief because if there was a release from

13  any facility, the release did not cause Plaintiffs or other parties to incur response costs.

14                   TWENTY-NINTH AFFIRMATIVE DEFENSE

15                   (Impossibility of Performance Under Contract)

16    One or more of Plaintiffs' claims are barred as performance under any alleged contract

17  was impossible.

18                   THIRTIETH AFFIRMATIVE DEFENSE

19                   (Release)

20  One or more of Plaintiffs' claims are barred by the doctrine of release.

21                   THIRTY-FIRST AFFIRMATIVE DEFENSE

22                   (No Contract existed between Plaintiffs and the Parks)

23    One or more of Plaintiffs' claims are barred as no contract ever existed between Plaintiffs

24  and the PARKS.

25                   THIRTY-SECOND AFFIRMATIVE DEFENSE

26                   (Invalid Assignment)

27    Plaintiff lacks standing to maintain this action because any assignment of rights was

28  invalid.

NAM SUN PARK AND SEUNG HEE PARK'S ANSWER TO THE COMPLAINT - 3:07-cv-05354-MHP

1   <u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

2   (Failure of Consideration)

3   One or more of Plaintiffs' claims are barred by the doctrine of failure of consideration.

4   <u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

5   (Statute of Frauds)

6   One or more of Plaintiffs' claims are barred by the Statute of Frauds.

7   <u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

8   (Acquiescence)

9   One or more of Plaintiffs' claims are barred by the doctrine of acquiescence.

10  <u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

11  (No Injury to Plaintiffs)

12  One or more of Plaintiffs' claims are barred because Plaintiffs have not suffered an injury

13  in fact.

14  <u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

15  (*De Minimis* Release)

16  To the extent that there was a release at the site during any activity or operation at the

17  subject property by the PARKS, such release was *de minimis*.

18  <u>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</u>

19  (Damages Speculative and Not Legally Cognizable)

20  The damages requested in the Complaint are not available because they are not legally

21  cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to

22  be recoverable by law.

23  <u>THIRTY-NINTH AFFIRMATIVE DEFENSE</u>

24  (Unrecoverable Costs)

25  The PARKS contend that Plaintiffs bear the burden to demonstrate that they incurred

26  recoverable response costs. To the extent that the PARKS may have any burden in this regard,

27  the PARKS contend that Plaintiffs have not incurred recoverable costs within the meaning of

28  Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. Sections 9601(23) and 9601(24), or within

1    the meaning of Sections 25322, 25323 and 25363 of the Health and Safety Code; or if response

2    costs have been incurred, these costs were not "necessary costs of response" or were inconsistent

3    with the National Contingency Plan as set forth at 40 C.F.R. Part 300.

4                              FORTIETH AFFIRMATIVE DEFENSE

5                         (Reservation of Additional Affirmative Defenses)

6          Because the Complaint is conclusory in nature, the PARKS cannot fully anticipate all

7    affirmative defenses that may be applicable to the action.  Accordingly, the PARKS hereby

8    reserves their right to assert additional affirmative defenses if and to the extent that such

9    affirmative defenses apply.

10                                       **PRAYER**

11         WHEREFORE, the PARKS pray:

12         1.     That Plaintiffs take nothing by reason of their Complaint.

13         2.      That judgment be rendered in favor of the PARKS

14         3.     That this action be dismissed against the PARKS;

15         4.     For attorneys' fees and costs;

16         5.     That the PARKS be awarded their costs of suit incurred in defense of this action;

17                and

18         6.     For such other relief as the Court deems proper.

19                              **DEMAND FOR JURY TRIAL**

20         Under Rule 38 of the Federal Rules of Civil Procedure, the PARKS demand a trial by

21    jury on all issues so triable in the Complaint.

22

23    Dated: January 7, 2008                    GREBEN & ASSOCIATES

24

25                                             _____

26                                             JAN A. GREBEN
                                               Attorneys for Defendant
27                                             NAM SUN PARK and SEUNG HEE PARK

28

                                        29