1  **GREBEN & ASSOCIATES**
   1332 ANACAPA STREET, SUITE 110
2  SANTA BARBARA, CA 93101
   TELEPHONE: (805) 963-9090
3  FACSIMILE: (805) 963-9098

4  Jan A. Greben, State Bar No. 103464

5  Attorneys for Defendants and Counterclaimants
   NAM SUN PARK and SEUNG HEE PARK
6

7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

10

| 11 | BRUCE A. BURROWS and JAMES A. ROESSLER, | **Case No. 3:07-cv-05354-MHP** |
|---|---|---|
| 12 | | COMPLAINT FILED: 10/19/07 |
| 13 | Plaintiffs, | TRIAL DATE: None Set |
| 14 | vs. | |
| 15 | DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK, | **NAM SUN PARK and SEUNG HEE PARK'S COUNTERCLAIMS AGAINST PLAINTIFFS** |
| 16 | | |
| 17 | Defendants. | |
| 18 | | |
| 19 | | |
| 20 | NAM SUN PARK and SEUNG HEE PARK, | **DEMAND FOR JURY TRIAL** |
| 21 | Counterclaimants, | |
| 22 | vs. | |
| 23 | BRUCE A. BURROWS and JAMES A. ROESSLER, | |
| 24 | Counterdefendants. | |

25

26

27

28



                                    1
────────────────────────────────────────────────
NAM SUN PARK and SEUNG HEE PARK'S COUNTERCLAIMS - 3:07-cv-05354-MHP

1

## COUNTERCLAIMS AGAINST PLAINTIFFS

2       Pursuant to Rule 13 of the Federal Rules of Civil Procedure, NAM SUN PARK and

3  SEUNG HEE PARK (collectively "the PARKS") hereby assert their counterclaims against

4  Plaintiffs and Counterdefendants Bruce A. Burrows and James A. Roessler (collectively hereafter

5  referred to as "Plaintiffs") as follows:

6                    ### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7       1.    The PARKS' counterclaims arise out of the environmental contamination at 7272

8  San Ramon Road, later renumbered 7242 San Ramon Road, in Dublin, California ("Property")

9  alleged in the Complaint of the Plaintiffs.

10      2.    This Court has jurisdiction over the subject matter of these counterclaims under the

11  provisions of 42 U.S.C. § 9613(b); 42 U.S.C. 6972(a) and 28 U.S.C. § 1367(a).  Venue is proper

12  under the provisions of 42 U.S.C. §§ 9613, 6972(a) because the claims stated herein arose in this

13  district.  Intradistrict assignment is proper in this Court under the local rules as the property that

14  is the subject matter of this action and a substantial portion of the events or omissions giving rise

15  to these claims occurred in this judicial district, in Alameda County.

16                                  ### THE PARTIES

17      3.   Plaintiff Bruce A. Burrows is a natural person, and at all times relevant herein

18  operates and has his principal place of business in the City of Orinda, County of Contra Costa,

19  State of California.

20      4.   Plaintiff James A. Roessler is a natural person, and at all times relevant herein

21  operates and has his principal place of business in the City and County of San Francisco, State of

22  California.

23      5.   Counterclaimant Nam Sun Park is a natural person residing in the City of Dublin,

24  County of Alameda, State of California.

25      6.   Counterclaimant Seung Hee Park is a natural person residing in the City of Dublin,

26  County of Alameda, State of California.

27                              ### GENERAL ALLEGATIONS

28      7.    Plaintiffs, and each of them, at all times relevant to these counterclaims, are and

---

2

1   were real estate brokers involved with the sale and purchase of the Property, as well as the

2   investigation and remediation of contamination at the Property.

3       8.   The PARKS are informed and believe and on that basis allege that the CHIU

4   FAMILY TRUST is the current owner of the Property and became owner of the Property on or

5   about March 2005.

6       9.   The PARKS have operated a dry cleaner at the Property since on or about December

7   1999.

8       10.   By the Assignment Agreement dated October 10, 2007, Plaintiffs assumed the

9   liabilities of CHIU Family Trust as owners of the Property.  Attached hereto as Exhibit "A", and

10  incorporated herein by this reference, is a copy of the Assignment Agreement.

11      11.   As a direct and proximate result of Plaintiffs', and each of their, conduct and failure

12  to act and their assumption of the property owner's liabilities, the condition of the Property was

13  such that it resulted in the release of hazardous substances onto the properties, and surrounding

14  properties, soils, and groundwater.

15  **FIRST COUNTERCLAIM**

16  (Contribution Pursuant to CERCLA § 113(f))

17      12.   The PARKS reallege and incorporate by reference the allegations contained in

18  Paragraphs 1 through 11 as though fully set forth herein.

19      13.   The Property is a "facility" within the meaning of section 101(9) of CERCLA, 42

20  U.S.C. § 9601(9).

21      14.   Each Plaintiff is a liable or potentially liable person within the meaning of section

22  107(a) of CERCLA, 42 U.S.C. § 9607(a).

23      15.   The Complaint filed by Plaintiffs constitutes a civil action within the meaning of

24  section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

25      16.   The PARKS are entitled to one hundred percent contribution from Plaintiffs or

26  contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA §

27  113(f)(1).

28

1
## SECOND COUNTERCLAIM

2
(Hazardous Substance Statutory Indemnity)

3      17.   The PARKS reallege and incorporate by reference the allegations contained in

4 Paragraphs 1 through 16 as though fully set forth herein.

5      18.   The Carpenter-Presley-Tanner Hazardous Substance Account Act, California

6 Health & Safety Code Sections 25300, 25395 (hereinafter the "HSAA") was enacted to

7 encourage expedient clean-up of contaminated properties. To provide such encouragement, the

8 legislature included the statutory right of indemnification for those parties who incur response

9 costs and those parties who are responsible for the contamination. The responsible parties

10 include owners and operators of the facilities at the time the alleged hazardous substance is

11 allegedly discharged into the environment for such facility.

12      19.   The PARKS may incur costs arising from the hazardous substance contamination

13 of the soil and groundwater in and around the Property.

14      20.   Plaintiffs, and each of them, are liable persons under the HSAA due to their status

15 as either owners of the property, assignees of the owners of the property or arrangers of the

16 disposal and discharge of hazardous substances on account of said Plaintiffs' actual and direct

17 control of the method of disposal of PCE on the Property, and such liability has not previously

18 been discharged pursuant to any state apportionment proceeding. The PARKS are entitled to

19 indemnification and contribution from Plaintiffs, in whole or in part, based upon California

20 Health & Safety Code Section 25363(e).

21
## THIRD COUNTERCLAIM

22
(Equitable Indemnity)

23      21.   The PARKS reallege and incorporate by reference the allegations contained in

24 Paragraphs 1 through 20 as though fully set forth herein.

25      22.   In the event liability should be established in this action or in any administrative or

26 regulatory action based on the contamination alleged in this action, whose liability is expressly

27 denied, the PARKS allege on information and belief that such liability will arise wholly or partly

28 by reason of the conduct of the Plaintiffs, and/or that Plaintiffs are jointly liable for said liability.

1   Plaintiffs are therefore, bound and obligated to defend, indemnify and hold harmless the PARKS

2   from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement

3   expenses incurred, or to be incurred, in this action by the PARKS.

4       23.    The PARKS intend this counterclaim to be notification to Plaintiffs that the

5   PARKS hereby tender to them the obligation to defend the PARKS.

6       24.    The PARKS have necessarily retained legal counsel at the PARKS' sole cost and

7   expense and to prepare, file and prosecute a complaint as set forth herein. The PARKS have

8   incurred, and will continue to incur, liability for attorneys' fees and defense costs and, in the

9   prosecution of this counterclaim and related cross-claims, a sum which is presently not

10  ascertained but will be proven at trial.

11                          **FOURTH COUNTERCLAIM**

12                              (Declaratory Relief)

13      25.    The PARKS reallege and incorporate by reference the allegations contained in

14  Paragraphs 1 through 24 as though fully set forth herein.

15      26.    A determination of the proportionate degree of liability, if any, of the PARKS, on

16  the one hand, and Plaintiffs, on the other, is necessary to protect the rights of the PARKS.

17      27.    An actual controversy has arisen and now exists relating to the legal rights and

18  duties of the PARKS and Plaintiffs, and each of them, for which the PARKS desire a declaration

19  of their rights and indemnification, in which the PARKS contends, and the PARKS are informed

20  and believe, that Plaintiffs deny, the following:

21      A.     That as between these parties, the responsibility, if any, for the damages claimed

22             by the PARKS rests entirely on Plaintiffs;

23      B.     That as a result, Plaintiffs are obligated to partially indemnify or fully indemnify

24             the PARKS for sums that the PARKS may be held to pay as a result of any

25             damages, judgments, settlement or other awards recovered against the PARKS by

26             the federal or state government or private party as a result of the toxic chemical

27             contamination of the Property, properties near and adjacent properties including,

28             but not limited to, surface and subsurface soil and water; and

1      C.      The PARKS are informed and believe that Plaintiffs deny any such liability.

2      28.     The PARKS are entitled to, and hereby requests, a judicial determination of the

3   PARKS' rights, indemnification and contribution, any declaration that Plaintiffs and/or others,

4   and not the PARKS, are liable for all of the costs incurred, and to be incurred to remove, clean-

5   up and remediate the alleged hazardous substance contamination of the soil and groundwater in

6   and around the Property.

7                              **FIFTH COUNTERCLAIM**

8                          (Porter-Cologne Statutory Contribution)

9      29.     The PARKS reallege and incorporate by reference the allegations contained in

10  Paragraphs 1 through 28 as though fully set forth herein.

11     30.     The Porter-Cologne Act provides for statutory contribution to those persons who

12  become liable for the investigation, clean-up and remediation of hazardous substance

13  contamination to groundwater.  To the extent the PARKS incur costs and expenses in response to

14  the alleged hazardous substance contamination of the soil and groundwater in and around the

15  Property, the PARKS are statutorily entitled to contribution pursuant to Water Code Section

16  13350(j) and hereby request contribution and indemnification pursuant to that section as against

17  the Plaintiffs.

18                             **SIXTH COUNTERCLAIM**

19                      (Violation of RCRA- 42 U.S.C. § 6972(a)(1)(B))

20     31.     The PARKS reallege and incorporate by reference the allegations contained in

21  Paragraphs 1 through 30 as though fully set forth herein.

22     32.     The PARKS bring this action under the Resources Conservation and Recovery Act,

23  42 U.S.C. §§ 6901 et seq. (hereinafter "RCRA").  Plaintiffs, and each of them, and as assignees

24  of the owners of the property, have and are contributing to the past and present handling, storage,

25  treatment, transportation and disposal of hazardous waste, which may present an imminent and

26  substantial endangerment to health or the environment.

27     33.    The actions of Plaintiffs constitute violations of applicable law regarding the

28  handling, storage, treatment, transportation and disposal of hazardous waste, including 42 U.S.C.

1   §§ 6921 et. seq.; 6924.

2   **SEVENTH COUNTERCLAIM**

3   (Continuing Private Nuisance)

4       34.    The PARKS reallege and incorporate by reference the allegations contained in

5   Paragraphs 1 through 33, as though fully set forth herein.

6       35.    Plaintiffs caused or permitted the contamination alleged in this action by their

7   negligence, intentional or otherwise, actionable acts and/or omissions, as described herein.

8       36.    The contamination constitutes a nuisance within the meaning of Section 3479 of

9   California Civil Code. Plaintiffs, and each of them, have interfered with the PARKS' right to

10  quiet enjoyment of the Property.

11      37.    The PARKS are informed and believe, and on that basis allege, that the

12  contamination is continuing and abatable.

13      38.    As a proximate result of the nuisance, the PARKS have been and will be damaged

14  by incurring costs to respond to the alleged hazardous substance contamination in and around the

15  Property in an amount to be established at trial. The PARKS have been and will be damaged by

16  loss of use and constructive eviction of and from the Property.

17  **EIGHTH COUNTERCLAIM**

18  (Public Nuisance)

19      39.    The PARKS reallege and incorporate by reference the allegations contained in

20  Paragraphs 1 through 38 as though fully set forth herein.

21      40.    The contamination on and about the Property constitutes a public nuisance within

22  the meaning of California Water Code Section 13050(m), and California Civil Code Sections

23  3479 and 3480.

24      41.    The PARKS are informed and believe, and on that basis alleges, that the

25  contamination is continuing and abatable.

26      42.    As a proximate result of the nuisance, the PARKS have been, and will be, damaged

27  by incurring costs to respond to the alleged hazardous substance contamination in and around the

28  Property in an amount to be established at trial.

7

43.    The PARKS have suffered, and will continue to suffer, harm that is different from the type of harm suffered by the general public as a result of the public nuisance, as alleged herein, because the PARKS have been sued by Plaintiffs and the contamination has interfered with the PARKS' right to quiet enjoyment of the Property.

## NINTH COUNTERCLAIM

### (Public Nuisance Per Se)

44.    The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45.    The PARKS allege that the conduct of Plaintiffs, and each of them, which has resulted in contamination of soil and groundwater on and about the Property, and surrounding properties, and constitutes a public nuisance, is a violation of California Water Code Sections 13050(m), 13304, 13350, and 13387, and California Health & Safety Code sections 5411, 5411.5, and 117555, the purposes of which are to set a standard of care or conduct to protect the PARKS, and all persons and property of the general public at large, as well as the environment, from the type of conduct engaged in by Plaintiffs, and each of them. Therefore, such improper activities and violations constitute a public nuisance *per se*.

46.    Plaintiffs, and each of them, have failed to comply with the state law as detailed above. The PARKS have sustained special injury as a result of this public nuisance, as the contamination has interfered with the PARKS' right to quiet enjoyment of the Property, as described herein. As a further direct and proximate cause of the public nuisance *per se* created by Plaintiffs, and each of them, the PARKS have suffered damages as previously described herein, including other consequential, incidental, and general damages to be proven at trial. The PARKS seek abatement of the public nuisance, and all other legally available costs and damages.

## TENTH COUNTERCLAIM

### (Negligence)

47.    The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 46 as though fully set forth herein.

48.    The PARKS are informed and believe, and thereon alleges, that during Chiu

8

1  Family Trust ownership, for which Plaintiffs' have assumed liability, sudden and accidental

2  releases of PCE have occurred, resulting in contamination at the Property. Some of the sudden

3  and accidental releases are attributable to Plaintiffs' negligence in failing to properly operate,

4  maintain, repair, and manage the Property to avoid the release of hazardous substances into the

5  environment.

6       49.    Plaintiffs, and each of them, breached their duty by negligently causing, permitting

7  and/or contributing to contamination at the Property, surrounding properties, soils and

8  groundwater.

9       50.    As a proximate result of Plaintiffs' negligence, the PARKS have suffered damages

10  including, but not limited to, response costs incurred and to be incurred in the future to properly

11  respond to the alleged hazardous substance contamination in and around the Property, and related

12  properties. Such costs also include attorneys' fees and consultants' fees incurred as a direct and

13  proximate result of said negligence.

14                              **ELEVENTH COUNTERCLAIM**

15                                   (Negligence Per Se)

16       51.    The PARKS reallege and incorporate by reference the allegations contained in

17  Paragraphs 1 through 50 as though fully set forth herein.

18       52.    The foregoing acts and/or omissions attributed to Plaintiffs, and each of them,

19  herein violate California Civil Code Sections 3281-3282; California Health & Safety Code

20  Sections 5411, et seq.; California Water Code Sections 13000, et seq.; and Fish & Game Code

21  Sections 5650, et seq.

22       53.    Plaintiffs, and each of them, have failed to comply with the state law as detailed

23  above. The PARKS have sustained injury as a result of the Plaintiffs' negligent conduct,

24  including investigative costs, attorneys' fees, and other costs, as described herein. As a further

25  direct and proximate cause of the negligence per se by Plaintiffs, and each of them, the PARKS

26  have suffered damages as previously described herein, including other consequential, incidental,

27  and general damages to be proven at trial.

28

## TWELFTH COUNTERCLAIM

(Breach of Lease)

54.     The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 53 as though fully set forth herein.

55.   The PARKS accepted assignment of a lease for the Property in or about December 1999 from Kwang Suk Lee and Kui Ja Lee, previous lessees of the Property.

56.   The PARKS are informed and believe and thereon allege that Plaintiffs accepted assignment of the lease for the Property in or about October 2007 from the Chiu Family Trust, the owner of the Property.

57.     As assignees of the lease, Plaintiffs, and each of them, assumed the liability of the Chiu Family Trust as property owner and therefore, breached said leases by, maintaining the Property, or failing to maintain the Property, including but not limited to the commonly used areas and facilities of the Property over which the PARKS had no control or duty, in such a manner as to cause hazardous substances to be released from the Property's, and into the soil and groundwater.

58.     Said conduct by Plaintiffs is a breach of the lease, including but not limited to the general covenants of good faith and fair dealing and quiet enjoyment, but also including, but not limited to, Plaintiffs' obligations under the lease to operate, maintain, and repair the Property, including commonly used areas, common facilities, utilities, and accommodation areas, as defined in the lease, over which the PARKS had no control or duty, in such a manner as to not cause hazardous substance contamination.

59.   Pursuant to the 1985 Lease, the PARKS are entitled to attorneys' fees and costs incurred herein.

60.     As a direct and proximate result and cause of Plaintiffs' breaches of the lease, the PARKS have been injured and damaged, including incurring attorneys fees and costs,  in an amount to be proven at trial, but in excess of the jurisdictional limits of this court.

1

### THIRTEENTH COUNTERCLAIM

2

(Waste)

3      61.   The PARKS reallege and incorporate by reference the allegations contained in

4   Paragraphs 1 through 60 as though fully set forth herein.

5      62.   The PARKS have an interest in the Property as tenants and present occupants of the

6   Property.

7      63.   During their occupancy and ownership, Plaintiffs have committed waste upon the

8   Property by contaminating the Property with hazardous substances and not remediating the

9   contamination.

10      64.   As a direct and proximate result of said waste, the PARKS have been damaged in an

11   amount to be proven at trial for loss of use of the Property.

12

### FOURTEENTH COUNTERCLAIM

13

(Attorneys' Fees Pursuant to CCP § 1021.5)

14      65.   The PARKS reallege and incorporate by reference the allegations contained in

15   Paragraphs 1 through 64 as though fully set forth herein.

16      66.   This action involves an important right affecting the public interest, namely the

17   remediation of hazardous substances contamination.

18      67.   The PARKS will confer a significant benefit on the general public or a large class

19   of persons by the enforcement of the PARKS' rights in the action.  This benefit includes

20   requiring that property owners and past occupants be required to take responsibility for hazardous

21   substances contamination on the property.

22      68.   Attorneys' fees may properly be awarded to the PARKS because the necessity and

23   financial burden of litigating this action.

24      69.   It is in the interest of justice, that such attorneys' fees should not be paid out of any

25   recovery obtained by the PARKS.

26

27

28

NAM SUN PARK and SEUNG HEE PARK'S COUNTERCLAIMS - 3:07-cv-05354-MHP

1      **PRAYER FOR RELIEF**

2      **WHEREFORE**, the PARKS pray to this Court for the following relief:

3          1.      For recovery and contribution from Plaintiffs, and each of them, of all response

4      costs incurred, and to be incurred by the PARKS, in response to the alleged release of hazardous

5      substances in and around the Property according to proof at trial;

6          2.      For damages against Plaintiffs, jointly and severally, in an amount equal to all

7      response costs and all other costs incurred in investigating, removing, cleaning up and

8      remediating the alleged hazardous substance contamination in an amount according to proof at

9      trial;

10         3.      For compensatory damages according to proof including;

11         4.      For incidental and consequential damages according to proof;

12         5.      For a permanent injunction requiring Plaintiffs to investigate and remediate

13                 contamination on and around the Property;

14         6.      For prejudgment interest at the legal rate;

15         7.      For attorneys' fees and costs pursuant to CCP § 1021.5 and 42 U.S.C. § 6972;

16         8.      For consultants' fees and costs;

17         9.      For a declaration that Plaintiffs, and each of them, are jointly and severally liable

18                 for abating the nuisance on the Property;

19         10.     For such other and further relief as this Court deems just and proper.

20

21                          **DEMAND FOR JURY TRIAL**

22         Under Rule 38 of the Federal Rules of Civil Procedure, the PARKS demand a trial by

23      jury on all issues so triable.

24

25      Dated: January 7, 2008                GREBEN & ASSOCIATES

26

27                                            _____

28                                            JAN A. GREBEN
                                              Attorneys for Defendants and Counterclaimants
                                              NAM SUN PARK and SEUNG HEE PARK

                                              12

EXHIBIT "A"

10/16/2007 TUE 06:57 FAX 415 857 3717 RAPHEL-ROESSLER RET. GRP                    ☑003/005

## ASSIGNMENT AGREEMENT

This Assignment Agreement ("Assignment Agreement"), dated as of October 10, 2007, is entered into by and among the Chiu Family Trust ("Chiu"), Gabriel H. Chiu, Trustee ("Assignor"), and Bruce A. Burrows ("Burrows") and James A. Roessler ("Roessler") (with Burrows and Roessler sometimes referred to hereinafter as "Assignees").

### RECITALS

On March 25, 2005, Chiu purchased the Lamps Plus Plaza, 7214-7300 San Ramon Road., Dublin, California. Because of their review of two reports prepared prior to the purchase, one dated December 10, 2004 and another dated February 8, 2005, which indicated there was some environmental contamination at a portion of the Property from dry-cleaning chemicals, Chiu and the brokers, Burrows and Roessler, were concerned that, at some point, there possibly might be requirements imposed by one or more government agencies for investigation and remediation of environmental contamination at the Property or at some part of the Property, and they agreed on a method of dealing with that possibility. Pursuant to a letter agreement with Chiu dated February 28, 2005 (the "February 2005 Letter Agreement"), Burrows and Roessler, as brokers, agreed to deposit, for a limited time and otherwise under the terms of the February 2005 Letter Agreement, a total of $200,000.00, being $100,000.00 each from the brokers' commissions of Burrows and Roessler, into an escrow or mutually agreeable impound for the purpose of paying for environmental investigation and remediation, if any, that might be required by governmental agencies, at the Property. The deposit was made a condition of the close of escrow, and Chiu's planned purchase of the Property proceeded when, among other things, that condition was fulfilled by deposit of those funds. One of the provisions of the February 2005 Letter Agreement stated Chiu's commitment to cooperate with the brokers (at no cost or liability to Chiu) should the brokers pursue legal action against the current and past cleaners operating on a portion of the Property (the "dry-cleaning premises"), whose operations were the likely sources of the contamination . The brokers, Burrows and Roessler, have proceeded to comply with requests by the government agency with jurisdiction for investigation and remediation of environmental contamination, and have incurred costs which have been paid out of the deposited amount, but, despite numerous requests, they have received no assistance or recognition of their liability and responsibility from any of the cleaners due to their operations at the dry-cleaning premises. As a result, the brokers, Burrows and Roessler, have requested, and Chiu has agreed to execute, the assignment of rights set forth in this Assignment Agreement.

NOW, THEREFORE, for good and valuable consideration, including without limitation the mutual covenants and agreements set forth herein, the receipt of all of which consideration is hereby acknowledged by all the parties hereto, the Assignor and Assignees agree as follows:

1.    **ASSIGNMENT**

Assignor assigns and transfers to Assignees those and only those of its rights, as lessor of a portion of the Property (hereafter the "Premises") under the "Shopping Center Lease Agreement" dated April 3, 1985, as amended and assigned from its inception up to the present (the "Lease"), to bring claims in legal actions for

breaches of the Lease against each and every one and any or all of Dwight W. Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park and Seung Hee Park as lessees of the Premises (hereafter the "Lessees"), arising from, relating to or occurring in connection with the acts or omissions in operation of their dry-cleaning businesses of each and every one and any or all of the Lessees which caused polluting and contamination of soil and groundwater at and emanating from the Premises. Specifically, but without limiting the generality of the foregoing assignment, Assignor assigns to Assignees Assignor's rights arising from Lease Sections 11, 17, 20, and 32, and under any and all extensions and assignments of the Lease, and the breach of their obligations thereunder by the Lessees or any of them.

2.    BENEFIT OF THE PARTIES

Assignor and Assignees agree that this Assignment Agreement is intended to be for the benefit of all the parties to it. To the extent allowed by law, as to any relief obtained by the Assignees in any legal action against the current and past cleaners operating on a portion of the Property which is beyond costs incurred by the Assignees and beyond return to the Assignees of remaining, unexpended amounts on deposit under the provisions of the February 2005 Letter Agreement, the Assignees shall assign back the benefits of such relief to the Assignor.

3.    EFFECTIVE DATE

This Assignment Agreement shall become effective as of the date first set forth above.

4.    INDEMNIFICATION

Assignees agree to defend and indemnify the Assignor against and hold it harmless from (i) any breach by Assignees of this Assignment Agreement, and (ii) any and all claims and demands whatsoever that may be asserted against Assignor by reason of this Assignment Agreement.

5.    COUNTERPARTS

This Assignment Agreement and all amendments or supplements to it may be executed in counterparts, and all counterparts together shall be construed as one document.

6.    GOVERNING LAW

This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of California.

-2-

10/15/... 3:07... CHIU... ... 03
10/16/2007 TUE 08:57 FAX 415 837 3717 RAPHEL-ROESSLER RET.GRP                @005/005

7.    **AUTHORITY**

Each party hereto represents and warrants to the other parties that (i) the person or persons executing this Assignment Agreement on behalf of such party is duly authorized to execute this Assignment Agreement on behalf of such party, and (ii) such party has the right, power and authority to execute and deliver this document to the other parties and to perform its obligations as set forth herein.

Executed at _____, California, on October _16_, 2007.

ASSIGNOR:                          Chiu Family Trust

                                   by _____(Signed)
                                      Gabriel H. Chiu, Trustee

ASSIGNEES:                         **BRUCE A. BURROWS**

                                   _____(Signed)

                                   **JAMES A. ROESSLER**

                                   _____(Signed)

-3-

10/16/2007 TUE 09:40   [TX/RX NO 8128]  @003