Thomas M. Downey, CASB# 142096
Derek H. Lim, CASB# 209496
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:    (510) 444-6800
Facsimile:     (510) 835-6666
Email:          tdowney@burnhambrown.com
                    dlim@burnhambrown.com

Attorneys for Defendants and Counterclaimants,
DWIGHT W. PERRY and CARLTON L. PERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>　　　　　Defendants.<br><br>DWIGHT W. PERRY and CARLTON L. PERRY,<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>BRUCE A. BURROWS and JAMES A. ROESSLER,<br><br>　　　　　Counterdefendants. | No. C 07-05354 MHP<br><br>**DEFENDANTS AND COUNTERCLAIMANTS DWIGHT W. PERRY AND CARLTON L. PERRY'S COUNTERCLAIMS AGAINST PLAINTIFFS**<br><br>Complaint Filed:  October 19, 2007<br>Trial Date:  None Set |

///

///

## COUNTERCLAIMS AGAINST PLAINTIFFS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, DWIGHT W. PERRY and CARLTON L. PERRY (collectively "the Perrys") hereby assert their counterclaims against Plaintiffs and Counterdefendants BRUCE A. BURROWS and JAMES A. ROESSLER (collectively "Plaintiffs") as follows:

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1. The Perrys' counterclaims arise out of the alleged environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road, in Dublin, California ("Property") alleged in the Complaint of the Plaintiffs.

2. This Court has jurisdiction over the subject matter of these counterclaims under the provisions of 42 U.S.C. §§ 9613(b); 42 U.S.C. 6972(a) and 28 U.S.C. § 1367(a). Venue is proper under the provisions of 42 U.S.C. §§ 9613; 6972(a) because the claims stated herein arose in this district. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in this judicial district, in Alameda County.

## THE PARTIES

3. Plaintiff Bruce A. Burrows is a natural person, and at all times relevant herein operates and has his principal place of business in the City of Orinda, County of Contra Costa, State of California.

4. Plaintiff James A. Roessler is a natural person, and at all times relevant herein operates and has his principal place of business in the City and County of San Francisco, State of California.

5. Counterclaimant Dwight W. Perry is a natural person residing in the City of Castro Valley, County of Alameda, State of California.

6. Counterclaimant Carlton L. Perry is a natural person residing in the State of Oregon.

///
///

**GENERAL ALLEGATIONS**

7. Plaintiffs, and each of them, at all times relevant to these counterclaims, are and were real estate brokers involved with the sale and purchase of the Property, as well as the alleged investigation and remediation of contamination at the Property.

8. The Perrys are informed and believe and on that basis allege that the CHIU FAMILY TRUST is the current owner of the Property and became owner of the Property on or about March 2005.

9. The Perrys operated a dry cleaner at the Property from approximately the summer of 1985 to the summer of 1994.

10. The Perrys are informed and believe that pursuant to an Assignment Agreement dated October 10, 2007, Plaintiffs assumed the rights and the liabilities of CHIU Family Trust as owners of the Property. In fact, Plaintiffs' Complaint alleges that 1) Plaintiffs are standing in the shoes of the owner of the real property and 2) that the rights as owners of the Property and as Landlords under the applicable leases and assignments have been assigned to the Plaintiffs.

11. As a direct and proximate result of Plaintiffs', and each of their, conduct and failure to act and their assumption of the property owner's rights and liabilities, the condition of the Property was such that it resulted in the release of hazardous substances onto the properties, and surrounding properties, and groundwater.

**FIRST COUNTERCLAIM**

(Contribution Pursuant to CERCLA § 113(f))

12. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 11 as though fully set forth herein.

13. The Property is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

14. Each Plaintiff is a liable or potentially liable person within the meaning of section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

///

15. The Complaint filed by Plaintiffs constitutes a civil action within the meaning of section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

16. The Perrys are entitled to contribution from Plaintiffs as this Court deems appropriate, pursuant to CERCLA 42 § 113(f)(1).

## SECOND COUNTERCLAIM

(Hazardous Substance Statutory Indemnity)

17. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, 25395 (hereinafter the "HSAA") was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is allegedly discharged into the environment for such facility.

19. The Perrys may incur costs arising from the hazardous substance contamination of the soil and groundwater in and around the Property.

20. Plaintiffs, and each of them, are liable persons under the HSAA due to their status as either owners of the property; assignees of the owners of the property or arrangers of the disposal and discharge of hazardous substances on account of said Plaintiffs' actual and direct control of the method of disposal of contaminants on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. The Perrys are entitled to indemnification and contribution from Plaintiffs, in whole or in part, based upon California Health & Safety Code Section 25363(e).

## THIRD COUNTERCLAIM

(Equitable Indemnity)

21. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22.     In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, whose liability is expressly denied, the Perrys allege on information and belief that such liability will arise wholly or partly by reason of the conduct of the Plaintiffs, and/or that Plaintiffs are jointly liable for said liability.  Plaintiffs are therefore, bound and obligated to defend, indemnify and hold harmless the Perrys from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred, or to be incurred, in this action by the Perrys.

### **FOURTH COUNTERCLAIM**

(Declaratory Relief)

23.     The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

24.     A determination of the proportionate degree of liability, if any, of the Perrys, on the one hand, and Plaintiffs, on the other, is necessary to protect the rights of the Perrys.

25.     An actual controversy has arisen and now exists relating to the legal rights and duties of the Perrys and Plaintiffs, and each of them, for which the Perrys desire a declaration of their rights and indemnification, in which the Perrys contend, and the Perrys are informed and believe, that Plaintiffs deny, the following:

   A.     That as between these parties, the responsibility, if any, for the damages claimed by the Perrys rests entirely on Plaintiffs;

   B.     That as a result, Plaintiffs are obligated to partially indemnify or fully indemnify the Perrys for sums that the Perrys may be held to pay as a result of any damages, judgments, settlement or other awards recovered against the Perrys by the federal or state government or private party as a result of the toxic chemical contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil and water; and

   C.     The Perrys are informed and believe that Plaintiffs deny any such liability.

26.     The Perrys are entitled to, and hereby request, a judicial determination of the Perrys' rights, indemnification and contribution, any declaration that Plaintiffs and/or others,

and not the Perrys, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Property.

## FIFTH COUNTERCLAIM

(Porter-Cologne Statutory Contribution)

27. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

28. The Porter-Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater. To the extent the Perrys incur costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Property, the Perrys are statutorily entitled to contribution pursuant to Water Code Section 13350(j) and hereby request contribution and indemnification pursuant to that section as against the Plaintiffs.

## SIXTH COUNTERCLAIM

(Violation of RCRA-42 U.S.C. § 6972(a)(1)(B))

29. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

30. The Perrys bring this action under the Resources Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq. (hereinafter "RCRA"). Plaintiffs, and each of them, and as assignees of the owners of the property, have and are contributing to the past and present handling, storage, treatment, transportation and disposal of hazardous waste, which may present an imminent and substantial endangerment to health or the environment.

31. The actions of Plaintiffs constitute violations of applicable law regarding the handling, storage, treatment, transportation and disposal of hazardous waste, including 42 U.S.C. §§ 6921 et seq.; 6924.

///

///

## SEVENTH COUNTERCLAIM

(Negligence)

32. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

33. The Perrys are informed and believe, and thereon allege, that during the Chiu Family Trust's ownership, for which Plaintiffs have assumed liability, sudden and accidental releases of contaminants and/or hazardous substances may have occurred, resulting in contamination at the Property. Some of the sudden and accidental releases are attributable to Plaintiffs' negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the release of hazardous substances into the environment.

34. Plaintiffs, and each of them, breached their duty by negligently causing, permitting and/or contributing to contamination at the Property, surrounding properties, soils and groundwater.

35. As a proximate result of Plaintiffs' negligence, the Perrys have suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property, and related properties. Such costs also include attorneys' fees and consultants' fees incurred as a direct and proximate result of said negligence.

## EIGHTH COUNTERCLAIM

(Breach of Lease)

36. The Perrys reallege and incorporate by reference the allegations contained in Paragraphs 1 through 41 as though fully set forth herein.

37. The Perrys entered a Lease for the property on or about April 1985.

38. The Perrys are informed and believe and thereon allege that Plaintiffs accepted assignment of the lease for the Property in or about October 2007 from the Chiu Family Trust, the owner of the Property, which accepted assignment of the Lease form the prior owners, Dublin Town & Country Associates.

///

39. As assignees of the lease, Plaintiffs, and each of them, assumed the liability of the Chiu Family Trust as property owner and therefore, breached said leases by, maintaining the Property, or failing to maintain the Property, including but not limited to the commonly used areas and facilities of the Property over which the Perrys had no control or duty, in such a manner as to cause hazardous substances to be released from the Property's, and into the soil and groundwater.

40. Said conduct by Plaintiffs is a breach of the lease, including but not limited to the general covenants of good faith and fair dealing and quiet enjoyment, but also including, but not limited to, Plaintiffs' obligations under the lease to operate, maintain, and repair the Property, including commonly used areas, common facilities, utilities, and accommodation areas, as defined in the lease, over which the Perrys had no control or duty, in such a manner as to not cause hazardous substance contamination.

41. Pursuant to the 1985 Lease, the Perrys are entitled to attorneys' fees and costs incurred herein.

42. As a direct and proximate result and cause of Plaintiffs' breaches of the lease, the Perrys have been injured and damaged, including incurring attorneys' fees and costs, in an amount to be proven at trial, but in excess of the jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, the Perrys pray to this Court for the following relief:

1. For recovery and contribution from Plaintiffs, and each of them, of all response costs incurred, and to be incurred by the Perrys, in response to the alleged release of hazardous substances in and around the Property according to proof at trial;

2. For damages against Plaintiffs, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination in an amount according to proof at trial;

3. For compensatory damages according to proof including;

4. For incidental and consequential damages according to proof;

1    5.    For prejudgment interest at the legal rate;

2    6.    For attorneys' fees and costs;

3    7.    For such other and further relief as this Court deems just and proper.

DATED: January 7, 2008					BURNHAM BROWN


						By_____
						     DEREK H. LIM
						     Attorneys for Defendants and Counterclaimants
						     DWIGHT W. PERRY and CARLTON L.
						     PERRY

840651