1  Thomas M. Downey, CASB# 142096
   Derek H. Lim, CASB# 209496
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4
   1901 Harrison Street, 11th Floor
5  Oakland, California  94612
   Telephone:    (510) 444-6800
6  Facsimile:    (510) 835-6666
   Email:        tdowney@burnhambrown.com
7                dlim@burnhambrown.com

8  Attorneys for Defendants and Cross-claimants,
   DWIGHT W. PERRY and CARLTON L. PERRY
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br><br>Plaintiffs,<br><br>v.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>Defendants.<br><hr>DWIGHT W. PERRY and CARLTON L. PERRY,<br><br>Cross-claimants,<br><br>v.<br><br>NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, KUI JA LEE, AND GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST,<br><br>Cross-defendants. | No. C 07-05354 MHP<br><br>**CROSS-CLAIMS OF DWIGHT W. PERRY AND CARLTON L. PERRY AGAINST CROSS-DEFENDANTS NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, KUI JA LEE, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST**<br><br>Complaint Filed: October 19, 2007<br>Trial Date: None Set |

1
DEFENDANTS/CROSS-CLAIMANTS DWIGHT W. PERRY AND CARLTON L.        No. C 07-05354 MHP
PERRY'S CROSS-CLAIMS

## CROSS-CLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, DWIGHT W. PERRY and CARLTON L. PERRY (collectively "the Perrys") hereby assert the following cross-claims against NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, KUI JA LEE, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST (collectively "Cross-Defendants") as follows:

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1. The Perrys' cross-claims arise out of the alleged environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road, in Dublin, California ("Property") alleged in the Complaint of the Plaintiffs Bruce A. Barnes and James A. Roessler.

2. This Court has jurisdiction over the subject matter of these cross-claims under the provisions of 42 U.S.C. §§ 9613(b); 42 U.S.C. 6972(a) and 28 U.S.C. § 1367(a). Venue is proper under the provisions of 42 U.S.C. §§ 9613; 6972(a) because the claims stated herein arose in this district. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in this judicial district, in Alameda County.

## THE PARTIES

3. Cross-Defendant Nam Sun Park is a natural person, and at all times relevant herein operates and has his principal place of business in Dublin, California.

4. Cross-Defendant Seung Hee Park is a natural person, and at all times relevant herein operates and has his principal place of business in Dublin, California.

5. Cross-Defendant Kwang Suk Lee is a natural person residing in the City of San Leandro, County of Alameda, State of California.

6. Cross-Defendant Kui Ja Lee is a natural person residing in the City of San Leandro, County of Alameda, State of California.

7. Cross-Defendant Gabriel H. Chiu, as trustee of the Chiu Family Trust, is a natural person, who at relevant times was doing business in the County of Alameda, State of California.

8. Cross-claimant Dwight W. Perry is a natural person residing in the City of Castro Valley, County of Alameda, State of California.

9. Cross-claimant Carlton L. Perry is a natural person residing in the State of Oregon.

## GENERAL ALLEGATIONS

10. Cross-Defendants, and each of them, at all times relevant to these cross-claims, are and/or were owners of the Property or operators of businesses at the Property.

11. The Perrys are informed and believe, and thereon allege, that Cross-Defendants Nam Sun Park and Seung Hee Park have operated a dry cleaning business at the Property from December 1999 to present.

12. The Perrys are informed and believe, and thereon allege, that Cross-Defendants Kwang Suk Lee and Kui Ja Lee ("Lees") have operated a dry cleaning business at the Property from August 1994 until December 1999.

13. The Perrys are informed and believe and on that basis allege that the CHIU FAMILY TRUST is the current owner of the Property and became owner of the Property on or about March 2005.

14. The Perrys operated a dry cleaner at the Property from approximately the summer of 1985 to the summer of 1994.

15. The Perrys are informed and believe, and thereon allege, that Cross-Defendants, during their respective ownership and/or occupancy of the Property, caused or permitted the release of perchlorethene ("PCE") and other dry-cleaning chemicals into the environment.

16. As a direct and proximate result of Cross-Defendants' conduct and failure to act and their assumption of the property owner's rights and liabilities, the condition of the Property was such that it resulted in the release of hazardous substances onto the properties, and surrounding properties, and groundwater.

## FIRST CROSS-CLAIM

(Contribution Pursuant to CERCLA § 113(f))

17. The Perrys reallege and incorporate by reference the allegations contained in all

preceding paragraphs as though fully set forth herein.

18. The Property is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19. Each Cross-Defendant is a liable or potentially liable person within the meaning of section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

20. The Complaint filed by Plaintiffs alleges a civil action based on section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

21. The Perrys are entitled to contribution from Cross-Defendants as this Court deems appropriate, pursuant to section 113(f)(1) of CERCLA, 42 § 9613(f)(1).

## SECOND CROSS-CLAIM

(Hazardous Substance Statutory Indemnity)

22. The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

23. The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, 25395 (hereinafter the "HSAA") was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is allegedly discharged into the environment for such facility.

24. The Perrys may incur costs arising from the hazardous substance contamination of the soil and groundwater in and around the Property.

25. Cross-Defendants, and each of them, are liable persons under the HSAA due to their status as either owners of the property; assignees of the owners of the property or arrangers of the disposal and discharge of hazardous substances on account of said Cross-Defendants' actual and direct control of the method of disposal of contaminants on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. The Perrys are entitled to indemnification and contribution from

Cross-Defendants, in whole or in part, based upon California Health & Safety Code Section 25363(e).

### THIRD CROSS-CLAIM

(Equitable Indemnity)

26. The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

27. In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, whose liability is expressly denied, the Perrys allege on information and belief that such liability will arise wholly or partly by reason of the conduct of the Cross-Defendants, and/or that Cross-Defendants are jointly liable for said liability. Cross-Defendants are therefore, bound and obligated to defend, indemnify and hold harmless the Perrys from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred, or to be incurred, in this action by the Perrys.

### FOURTH CROSS-CLAIM

(Declaratory Relief)

28. The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

29. A determination of the proportionate degree of liability, if any, of the Perrys, on the one hand, and Plaintiffs, on the other, is necessary to protect the rights of the Perrys.

30. An actual controversy has arisen and now exists relating to the legal rights and duties of the Perrys and all Cross-Defendants, and each of them, for which the Perrys desire a declaration of their rights and indemnification, in which the Perrys contend, and the Perrys are informed and believe, that Cross-Defendants deny, the following:

    A. That as between these parties, the responsibility, if any, for the damages claimed by the Perrys rests entirely on Cross-Defendants;

    B. That as a result, Cross-Defendants are obligated to partially indemnify or fully indemnify the Perrys for sums that the Perrys may be held to pay as a result of

any damages, judgments, settlement or other awards recovered against the Perrys by the federal or state government or private party as a result of the toxic chemical contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil and water; and

C. The Perrys are informed and believe that Cross-Defendants deny any such liability.

31. The Perrys are entitled to, and hereby request, a judicial determination of the Perrys' rights, indemnification and contribution, and a declaration that Cross-Defendants and/or others, and not the Perrys, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Property.

## FIFTH CROSS-CLAIM

(Porter-Cologne Statutory Contribution)

32. The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

33. The Porter-Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater. To the extent the Perrys incur costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Property, the Perrys are statutorily entitled to contribution pursuant to Water Code Section 13350(j) and hereby request contribution and indemnification pursuant to that section as against the Plaintiffs.

## SIXTH CROSS-CLAIM

(Violation of RCRA-42 U.S.C. § 6972(a)(1)(B))

34. The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

35. The Perrys bring this action under the Resources Conservation and Recovery

Act, 42 U.S.C. §§ 6901 et seq. (hereinafter "RCRA"). Cross-Defendants, and each of them, and as assignees of the owners of the property, have and are contributing to the past and present handling, storage, treatment, transportation and disposal of hazardous waste, which may present an imminent and substantial endangerment to health or the environment.

36.  The actions of Cross-Defendants constitute violations of applicable law regarding the handling, storage, treatment, transportation and disposal of hazardous waste, including 42 U.S.C. §§ 6921 et seq.; 6924.

### SEVENTH CROSS-CLAIM

(Negligence)

37.  The Perrys reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

38.  The Perrys are informed and believe, and thereon allege, that during Cross-Defendants' respective periods of ownership and/or operations at the Property, sudden and accidental releases of contaminants and/or hazardous substances may have occurred, resulting in contamination at the Property. Some of the sudden and accidental releases are attributable to Cross-Defendants' negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the release of hazardous substances into the environment.

39.  Cross-Defendants, and each of them, breached their duty by negligently causing, permitting and/or contributing to contamination at the Property, surrounding properties, soils and groundwater.

40.  As a proximate result of Cross-Defendants' negligence, the Perrys have suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property, and related properties. Such costs also include attorneys' fees and consultants' fees incurred as a direct and proximate result of said negligence.

///

///

///

## EIGHTH CROSS-CLAIM

(Equitable Contribution)

41. The Perrys re-allege and incorporate by reference each and every allegation contained in all preceding paragraphs as though set forth at length herein.

42. The Perrys deny that it was in any way primarily or actively negligent and its liability, if any, to Plaintiffs would be solely vicarious and would be based upon passive and secondary conduct, or would arise as a matter of law. The damages to Plaintiffs, if any, were the result of active and affirmative negligence of Cross-Defendants. Said active negligence of Cross-Defendants was a legal cause of the damages which Plaintiffs complain.

43. The Perrys further contend that if it is held liable to Plaintiffs for damages under the Complaint, the Perrys are entitled to contribution for the payment of any judgment in favor of Plaintiffs and against Cross-Defendants, or any settlement in part in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and created by Cross-Defendants, for the matters alleged in the Complaint, and Cross-Defendants should indemnify the Perrys and hold it harmless for any and all claims by Plaintiffs and reimburse for any monies paid in satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment, for all attorney fees in defending said action and the cost of investigation of the matters alleged in the Complaint.

44. By reason of the foregoing, the Perrys contend that if it is held liable to Plaintiffs for damages set forth in the Complaint, that under the doctrine of indemnity for comparative contribution, the Perrys are entitled to contribution and/or indemnification on the basis that Cross-Defendants, and each of them, should be required to share liability with the Perrys pro rata on the basis of relative fault that each bears for the total damage award suffered or received, if any, by Plaintiffs in the form of any judgment, settlement or compromise. The Perrys further contend that it is entitled to be reimbursed for attorney fees in defending said action and for the investigation of the matters alleged in the Complaint.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Parks demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, the Perrys pray to this Court for the following relief:

1. For recovery and contribution from Cross-Defendants, and each of them, of all response costs incurred, and to be incurred by the Perrys, in response to the alleged release of hazardous substances in and around the Property according to proof at trial;

2. For damages against Cross-Defendants, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination in an amount according to proof at trial;

3. For compensatory damages according to proof;

4. For incidental and consequential damages according to proof;

5. For prejudgment interest at the legal rate;

6. For attorneys' fees and costs;

7. For such other and further relief as this Court deems just and proper.

DATED: January 16, 2008            BURNHAM BROWN

By: _____
DEREK H. LIM
Attorneys for Defendants and Cross-Claimants
DWIGHT W. PERRY and CARLTON L. PERRY

842227