KARL R. MORTHOLE (CA Bar #112565)
Law Offices of Karl R. Morthole
57 Post Street
Suite 801
San Francisco, CA 94104
(415) 986-0227

Attorney for Plaintiffs
BRUCE A. BURROWS and
JAMES A. ROESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br>    Plaintiffs | ) ) ) ) ) | CASE NO. C 07-5354 MHP |
| DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PERRY AND SEUNG HEE PERRY,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) | PLAINTIFFS' RESPONSE TO DWIGHT W. PERRY'S AND CARLETON L. PERRY'S COUNTERCLAIMS |

Plaintiffs Bruce A. Burrows and James A. Roessler, by their attorney of record, hereby

respond to the Counterclaims filed against them by Defendants Dwight W. Perry and Carleton L.

Perry (hereinafter referred to as the "Perrys").

    1. Plaintiffs specifically deny that the Perrys have any cognizable counterclaims arising

against the Plaintiffs in this action. The remaining allegations of Paragraph 1 of the Perrys'

Counterclaims against the Plaintiffs are admitted.

2. The allegations of Paragraph 2 of the Perrys' Counterclaims against the Plaintiffs are admitted.

3. The allegations of Paragraph 3 of the Perrys' Counterclaims against the Plaintiffs are admitted insofar as they relate to Mr. Burrows' status as a natural person and his current place of business. The remainder of the allegations of that Paragraph are specifically denied.

4. The allegations of Paragraph 4 of the Perrys' Counterclaims against the Plaintiffs are admitted.

5. The allegations of Paragraph 5 of the Perrys' Counterclaims against the Plaintiffs are admitted.

6. The allegations of Paragraph 6 of the Perrys' Counterclaims against the Plaintiffs are admitted.

7. The allegations of Paragraph 7 of the Perrys' Counterclaims against the Plaintiffs are admitted insofar as they relate to the time period from late 2004 until the present. The remainder of the allegations of that Paragraph are specifically denied.

8. The allegations of Paragraph 8 of the Perrys' Counterclaims against the Plaintiffs are admitted.

9. The allegations of Paragraph 9 of the Perrys' Counterclaims against the Plaintiffs are admitted.

10. The allegations of Paragraph 10 of the Perrys' Counterclaims against the Plaintiffs are specifically denied, and it is further alleged that the Assignment Agreement speaks for itself and the allegations of the Plaintiffs' Complaint speak for themselves.

11. The allegations of Paragraph 11 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

2

12. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 11, in response to Paragraph 12 of the Perrys' Counterclaims.

13. The allegations of Paragraph 13 of the Perrys' Counterclaims against the Plaintiffs are admitted.

14. The allegations of Paragraph 14 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

15. The allegations of Paragraph 15 of the Perrys' Counterclaims against the Plaintiffs are admitted.

16. The allegations of Paragraph 16 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

17. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 16, in response to Paragraph 17 of the Perrys' Counterclaims.

18. Paragraph 18 constitutes statements on the existence of and conclusions about purpose and meaning of statute and no response is required beyond the fact that the law speaks for itself.

19. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis they are denied.

20. The allegations of Paragraph 20 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

21. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 20, in response to Paragraph 21 of the Perrys'

3

Counterclaims.

22.  The allegations of Paragraph 22 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

23.  The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 22 (mistakenly 24 in the Perrys'Counterclaims), in response to Paragraph 23 of the Perrys' Counterclaims.

24.  The allegations of Paragraph 24 of the Perrys' Counterclaims against the Plaintiffs are specifically denied insofar as they state the Plaintiffs have any liability.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis they are denied.

25.  The allegations of Paragraph 25 of the Perrys' Counterclaims against the Plaintiffs are admitted insofar as they state that there is an existing controversy between the parties. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25, and on that basis they are denied.

26.  The allegations of Paragraph 28 of the Perrys' Counterclaims against the Plaintiffs are admitted insofar as they state the need for declaratory relief.  Plaintiffs specifically deny that they bear any responsibility for damages claimed by the Perrys and that they are obligated in any way to indemnify the Perrys.  The Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and on that basis they are denied.

27.  The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 26 (mistakenly 28 in the Perrys'Counterclaims), in response to Paragraph 27 of the Perrys' Counterclaims.

28. Paragraph 28, in the first sentence, constitutes statements on the existence of and conclusions about purpose and meaning of statute and no response is required beyond the fact that the law speaks for itself. The allegations of the remainder of Paragraph 28 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

29. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 28 (mistakenly 30 in the Perrys' Counterclaims), in response to Paragraph 29 of the Perrys' Counterclaims.

30. The Perrys' allegations and claims under RCRA are not within the jurisdiction of this court because the prior notice required by statute to be given by the Perrys has not been given and should therefore be summarily dismissed. Beyond this, Plaintiffs specifically deny each and every allegation of Paragraph 30 of the Perrys' Counterclaims against the Plaintiffs.

31. The allegations of Paragraph 31 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

32. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 31 (mistakenly 33 in the Perrys' Counterclaims), in response to Paragraph 32 of the Perrys' Counterclaims.

33. The allegations of Paragraph 33 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

34. The allegations of Paragraph 34 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

35. The allegations of Paragraph 35 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

36. The Plaintiffs fully and specifically reallege and incorporate by reference their

responses to those paragraphs 1 through 35 (mistakenly 41 in the Perrys'Counterclaims), in response to Paragraph 36 of the Perrys' Counterclaims.

37. The allegations of Paragraph 37 of the Perrys' Counterclaims against the Plaintiffs are admitted.

38. Plaintiffs admit they entered into an assignment agreement with the Chiu Family Trust, the owner of the property, in or about October 2007, which assignment agreement speaks for itself. The remaining allegations of Paragraph 38 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

39. The allegations of Paragraph 39 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

40. The allegations of Paragraph 40 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

41. The allegations of Paragraph 41 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

42. The allegations of Paragraph 42 of the Perrys' Counterclaims against the Plaintiffs are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

The Perrys' Counterclaims and each and every cause of action therein fail to state facts sufficient to constitute a claim for which relief may be granted against Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

#### Statutes of Limitations

6

One or more of the Perrys' Counterclaims and each and every cause of action therein is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338.

### THIRD AFFIRMATIVE DEFENSE

#### Waiver and Estoppel

The Perrys' Counterclaims and each and every cause of action applicable to Plaintiffs therein is barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of the Perrys and their agents and employees.

### FOURTH AFFIRMATIVE DEFENSE

#### Compliance with Statutes

All conduct and activities, if any, of Plaintiffs, as alleged in the Perrys' Counterclaims, conformed to statutes, rules and regulations existing at all relevant times alleged in the Perrys' Counterclaims.

### FIFTH AFFIRMATIVE DEFENSE

#### Due Care and Diligence

Plaintiffs exercised due care and diligence in all of the matters alleged in the Perrys' Counterclaims, and no act or omission by Plaintiffs was the proximate cause of any damage, injury or loss to the Perrys.

### SIXTH AFFIRMATIVE DEFENSE

#### Equitable Contribution and/or Indemnity

There may be persons and entities, both named and unnamed in the Perrys' Counterclaims who either are or may be legally and proximately responsible for the Perrys' alleged injuries and damages, if any, and Plaintiffs respectfully request that this court determine the nature and extent of said fault by other parties and determine a proper allocation of the same between defendants for

7

**PLAINTIFFS' RESPONSE TO PERRYS' COUNTERCLAIMS**
Burrows and Roessler v. Perry, et al.
Case No. 3:07-cv-05354-MHP

the purpose of permitting equitable contribution and/or indemnity among defendants toward any

judgment recovered by the Perrys, pursuant to, without limitation, the rule of <u>American</u>

<u>Motorcycle Assn. v. Superior Court</u> (1978) 20 Cal.3d 578, 146 Cal.Rptr. 182, and for the purpose

of reducing the share of Plaintiffs, if any, by a fair and equitable amount.

SEVENTH AFFIRMATIVE DEFENSE

<u>Notice of Spills, Releases or Discharges</u>

The Perrys' Counterclaims are barred, in whole or in part, based on Plaintiffs' actual or

constructive notice of reported spills or releases, if any, from publicly available records.

EIGHTH AFFIRMATIVE DEFENSE

<u>Failure to Mitigate</u>

Any recovery to which the Perrys are entitled should be limited because the Perrys failed to

mitigate their damages.

NINTH AFFIRMATIVE DEFENSE

<u>Frivolous Action</u>

The Perrys Counterclaims is frivolous, and the Plaintiffs should be entitled to reasonable

costs and attorneys fees pursuant to California Code of Civil Procedure § 1038.

TENTH AFFIRMATIVE DEFENSE

<u>No Response Costs Incurred</u>

Under CERCLA, the Perrys have incurred no response costs cognizable under the law.

WHEREFORE, Plaintiffs pray as follows:

a. That the Perrys take nothing by reason of the Perrys' Counterclaims, and that judgment be

rendered in favor of Plaintiffs;

b. That Plaintiffs be awarded their costs of suit incurred in defense of this action;

8

PLAINTIFFS' RESPONSE TO PERRYS' COUNTERCLAIMS
Burrows and Roessler v. Perry, et al.
Case No. 3:07-cv-05354-MHP

1     c. That, where authorized by statute or other law, if any, Plaintiffs be awarded their

2     attorneys fees; and

3

4     d. For such other and further relief as the Court deems just and proper.

          **WHEREFORE**, Plaintiffs request entry of judgment dismissing the Perrys'

5

6 Counterclaims with prejudice and awarding Plaintiffs its relief as requested in the Complaint.

7

8 Date:   January 28, 2008        Respectfully submitted,

9

10                      LAW OFFICES OF KARL R. MORTHOLE

11                      By

12                       Karl R. Morthole
                      Lead Trial Attorney for Plaintiffs

13                      Law Offices of Karl R. Morthole
                     57 Post Street

14                      Suite 801
                     San Francisco, CA 94104

15                      (415) 986-0227

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' RESPONSE TO PERRYS' COUNTERCLAIMS**
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*