KARL R. MORTHOLE (CA Bar #112565)
Law Offices of Karl R. Morthole
57 Post Street
Suite 801
San Francisco, CA 94104
(415) 986-0227

Attorney for Plaintiffs
BRUCE A. BURROWS and
JAMES A. ROESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER, <br>     Plaintiffs <br><br><br> DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK, <br><br>     Defendants. | CASE NO. C 07-5354 MHP <br><br><br> PLAINTIFFS' RESPONSE TO NAM SUN PARK'S AND SEUNG HEE PARK'S COUNTERCLAIMS |

Plaintiffs Bruce A. Burrows and James A. Roessler, by their attorney of record, hereby respond to the Counterclaims filed against them by Defendants Nam Sun Park and Seung Hee Park (hereinafter referred to as the "Parks").

1. Plaintiffs specifically deny that the Parks have any cognizable counterclaims arising against the Plaintiffs in this action. The remaining allegations of Paragraph 1 of the Parks' Counterclaims against the Plaintiffs are admitted.

2.  The allegations of Paragraph 2 of the Parks' Counterclaims against the Plaintiffs are admitted.

3.  The allegations of Paragraph 3 of the Parks' Counterclaims against the Plaintiffs are admitted insofar as they relate to Mr. Burrows' status as a natural person and his current place of business.  The remainder of the allegations of that Paragraph are specifically denied.

4.  The allegations of Paragraph 4 of the Parks' Counterclaims against the Plaintiffs are admitted.

5.  The allegations of Paragraph 5 of the Parks' Counterclaims against the Plaintiffs are admitted.

6.  The allegations of Paragraph 6 of the Parks' Counterclaims against the Plaintiffs are admitted.

7.  The allegations of Paragraph 7 of the Parks' Counterclaims against the Plaintiffs are admitted insofar as they relate to the time period from late 2004 until the present.  The remainder of the allegations of that Paragraph are specifically denied.

8.  The allegations of Paragraph 8 of the Parks' Counterclaims against the Plaintiffs are admitted.

9.  The allegations of Paragraph 9 of the Parks' Counterclaims against the Plaintiffs are admitted.

10.  The allegations of Paragraph 10 of the Parks' Counterclaims against the Plaintiffs are specifically denied, and it is further alleged that the Assignment Agreement speaks for itself.

11.  The allegations of Paragraph 11 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

12.  The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 11, in response to Paragraph 12 of the Parks' Counterclaims.

13.  The allegations of Paragraph 13 of the Parks' Counterclaims against the Plaintiffs are admitted.

14.  The allegations of Paragraph 14 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

15.  The allegations of Paragraph 15 of the Parks' Counterclaims against the Plaintiffs are admitted.

16.  The allegations of Paragraph 16 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

17.  The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 16, in response to Paragraph 17 of the Parks' Counterclaims.

18.  Paragraph 18 constitutes statements on the existence of and conclusions about purpose and meaning of statute and no response is required beyond the fact that the law speaks for itself.

19.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis they are denied.

20.  The allegations of Paragraph 20 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

21.  The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 20, in response to Paragraph 21 of the Parks'

PLAINTIFFS' RESPONSE TO PARKS' COUNTERCLAIMS
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

Counterclaims.

22. The allegations of Paragraph 22 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

23. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis they are denied.

24 Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis they are denied.

25. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 24, in response to Paragraph 25 of the Parks' Counterclaims.

26. The allegations of Paragraph 26 of the Parks' Counterclaims against the Plaintiffs are specifically denied insofar as they state the Plaintiffs have any liability. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis they are denied.

27. The allegations of Paragraph 27 of the Parks' Counterclaims against the Plaintiffs are admitted insofar as they state that there is an existing controversy between the parties. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that basis they are denied.

28. The allegations of Paragraph 28 of the Parks' Counterclaims against the Plaintiffs are admitted insofar as they state the need for declaratory relief. Plaintiffs specifically deny that they bear any responsibility for damages claimed by the Parks and that they are obligated in any way to indemnify the Parks. The Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and on that basis they are denied.

4

PLAINTIFFS' RESPONSE TO PARKS' COUNTERCLAIMS
Burrows and Roessler v. Perry, et al.
Case No. 3:07-cv-05354-MHP

29. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 28, in response to Paragraph 29 of the Parks' Counterclaims.

30. Paragraph 30, in the first sentence, constitutes statements on the existence of and conclusions about purpose and meaning of statute and no response is required beyond the fact that the law speaks for itself. The allegations of the remainder of Paragraph 30 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

31. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 30, in response to Paragraph 31 of the Parks' Counterclaims.

32. The Parks' allegations and claims under RCRA are not within the jurisdiction of this court because the prior notice required by statute to be given by the Parks has not been given and should therefore be summarily dismissed. Beyond this, Plaintiffs specifically deny each and every allegation of Paragraph 32 of the Parks' Counterclaims against the Plaintiffs.

33. The allegations of Paragraph 33 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

34. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 33, in response to Paragraph 34 of the Parks' Counterclaims.

35. The allegations of Paragraph 35 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

36. The allegations of the first sentence of Paragraph 36 of the Parks' Counterclaims against the Plaintiffs are admitted. The allegations of the second sentence of Paragraph 36 of the

Parks' Counterclaims against the Plaintiffs are specifically denied.

37. The allegations of Paragraph 37 of the Parks' Counterclaims against the Plaintiffs are admitted.

38. The allegations of Paragraph 38 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

39. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 38, in response to Paragraph 39 of the Parks' Counterclaims.

40. The allegations of Paragraph 40 of the Parks' Counterclaims against the Plaintiffs are admitted.

41. The allegations of Paragraph 41 of the Parks' Counterclaims against the Plaintiffs are admitted.

42. The allegations of Paragraph 42 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

43. The allegations of Paragraph 43 of the Parks' Counterclaims against the Plaintiffs that the Parks have been sued by the Plaintiffs are admitted. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43, and on that basis they are denied.

44. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 43, in response to Paragraph 44 of the Parks' Counterclaims.

45. The allegations of Paragraph 45 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

46. The allegations of Paragraph 46 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

47. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 46, in response to Paragraph 47 of the Parks' Counterclaims.

48. The allegations of Paragraph 48 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

49. The allegations of Paragraph 49 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

50. The allegations of Paragraph 50 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

51. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 50, in response to Paragraph 51 of the Parks' Counterclaims.

52. The allegations of Paragraph 52 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

53. The allegations of Paragraph 53 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

54. The Plaintiffs fully and specifically reallege and incorporate by reference their responses to those paragraphs 1 through 53, in response to Paragraph 54 of the Parks' Counterclaims.

55. The allegations of Paragraph 55 of the Parks' Counterclaims against the Plaintiffs are admitted.

1      56. Plaintiffs admit they entered into an assignment agreement with the Chiu Family

2 Trust, the owner of the property, in or about October 2007, which assignment agreement speaks

3 for itself. The remaining allegations of Paragraph 56 of the Parks' Counterclaims against the

4 Plaintiffs are specifically denied.

5      57. The allegations of Paragraph 57 of the Parks' Counterclaims against the Plaintiffs are

6 specifically denied.

7      58. The allegations of Paragraph 58 of the Parks' Counterclaims against the Plaintiffs are

8 specifically denied.

9      59. The allegations of Paragraph 59 of the Parks' Counterclaims against the Plaintiffs are

10 specifically denied.

11      60. The allegations of Paragraph 60 of the Parks' Counterclaims against the Plaintiffs are

12 specifically denied.

13      61. The Plaintiffs fully and specifically reallege and incorporate by reference their

14 responses to those paragraphs 1 through 60, in response to Paragraph 61 of the Parks'

15 Counterclaims.

16      62. The allegations of Paragraph 62 of the Parks' Counterclaims against the Plaintiffs are

17 admitted.

18      63. The allegations of Paragraph 63 of the Parks' Counterclaims against the Plaintiffs are

19 specifically denied.

20      64. The allegations of Paragraph 64 of the Parks' Counterclaims against the Plaintiffs are

21 specifically denied.

22      65. The Plaintiffs fully and specifically reallege and incorporate by reference their

23 responses to those paragraphs 1 through 64, in response to Paragraph 65 of the Parks'

8

Counterclaims.

66.  The allegations of Paragraph 66 of the Parks' Counterclaims against the Plaintiffs are admitted.

67.  The allegations of Paragraph 67 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

68.  The allegations of Paragraph 68 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

69.  The allegations of Paragraph 69 of the Parks' Counterclaims against the Plaintiffs are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

The Parks' Counterclaims and each and every cause of action therein fail to state facts sufficient to constitute a claim for which relief may be granted against Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

#### Statutes of Limitations

One or more of the Parks' Counterclaims and each and every cause of action therein is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338.

### THIRD AFFIRMATIVE DEFENSE

#### Waiver and Estoppel

PLAINTIFFS' RESPONSE TO PARKS' COUNTERCLAIMS
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

The Parks' Counterclaims and each and every cause of action applicable to Plaintiffs therein is barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of the Parks and their agents and employees.

## FOURTH AFFIRMATIVE DEFENSE

### Compliance with Statutes

All conduct and activities, if any, of Plaintiffs, as alleged in the Parks' Counterclaims, conformed to statutes, rules and regulations existing at all relevant times alleged in the Parks' Counterclaims.

## FIFTH AFFIRMATIVE DEFENSE

### Due Care and Diligence

Plaintiffs exercised due care and diligence in all of the matters alleged in the Parks' Counterclaims, and no act or omission by Plaintiffs was the proximate cause of any damage, injury or loss to the Parks.

## SIXTH AFFIRMATIVE DEFENSE

### Equitable Contribution and/or Indemnity

There may be persons and entities, both named and unnamed in the Parks' Counterclaims who either are or may be legally and proximately responsible for the Parks' alleged injuries and damages, if any, and Plaintiffs respectfully request that this court determine the nature and extent of said fault by other parties and determine a proper allocation of the same between defendants for the purpose of permitting equitable contribution and/or indemnity among defendants toward any judgment recovered by the Parks, pursuant to, without limitation, the rule of American Motorcycle Assn. v. Superior Court (1978) 20 Cal.3d 578, 146 Cal.Rptr. 182, and for the purpose of reducing the share of Plaintiffs, if any, by a fair and equitable amount.

## SEVENTH AFFIRMATIVE DEFENSE

### Notice of Spills, Releases or Discharges

The Parks' Counterclaims are barred, in whole or in part, based on Plaintiffs' actual or constructive notice of reported spills or releases, if any, from publicly available records.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Any recovery to which the Parks are entitled should be limited because the Parks failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

### Frivolous Action

The Parks Counterclaims is frivolous, and the Plaintiffs should be entitled to reasonable costs and attorneys fees pursuant to California Code of Civil Procedure § 1038.

## TENTH AFFIRMATIVE DEFENSE

### No Response Costs Incurred

Under CERCLA, the Parks have incurred no response costs cognizable under the law.

WHEREFORE, Plaintiffs pray as follows:

a. That the Parks take nothing by reason of the Parks' Counterclaims, and that judgment be rendered in favor of Plaintiffs;

b. That Plaintiffs be awarded their costs of suit incurred in defense of this action;

c. That, where authorized by statute or other law, if any, Plaintiffs be awarded their attorneys fees; and

d. For such other and further relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs request entry of judgment dismissing the Parks'

11

1   Counterclaims with prejudice and awarding Plaintiffs its relief as requested in the Complaint.

2

3   Date:   January 28, 2008        Respectfully submitted,

4

5                               LAW OFFICES OF KARL R. MORTHOLE

6                               By _Karl R. Morthole_____

7                                  Karl R. Morthole

                                  Lead Trial Attorney for Plaintiffs

8                                   Law Offices of Karl R. Morthole

                                  57 Post Street

9                                   Suite 801

                                  San Francisco, CA 94104

10                               (415) 986-0227

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28