

KARL R. MORTHOLE (CA Bar #112565)
Law Offices of Karl R. Morthole
57 Post Street
Suite 801
San Francisco, CA 94104
(415) 986-0227

Attorney for Plaintiffs
BRUCE A. BURROWS and
JAMES A. ROESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br>　　　Plaintiffs | CASE NO. C 07-5354 MHP |
| DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>　　　Defendants. | JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER<br><br>DATE:  February 4, 2008<br><br>TIME:  4:00 p.m. |

　　　　Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Statement and Proposed Order.  Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civ. L.R. 16-4.

　　　　The parties make the following representations and recommendations:

1

## A. JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION

1.    Plaintiff Bruce A. Burrows ("Burrows") is a natural person, and at all times relevant herein, has been in the business of real estate brokerage and related investment activities. Mr. Burrows operates and has his principal place of business in the City of Orinda, County of Contra Costa, State of California.

2.    Plaintiff James A. Roessler ("Roessler") is a natural person, and at all times relevant herein, has been in the business of real estate brokerage and related investment activities. Mr. Roessler operates and has his principal place of business in the City and County of San Francisco, State of California.

3.    Defendant Dwight W. Perry ("D. Perry") is a natural person and, from approximately April, 1985, until approximately August, 1994, operated a dry cleaning business at the Property. D. Perry resides in the City of Castro Valley, County of Alameda, State of California.

4.    Defendant Carlton L. Perry ("C. Perry") is a natural person and, from approximately April, 1985, until approximately August, 1994, operated a dry cleaning business at the Property. C. Perry resides in the State of Oregon.

5.    Defendant Nam Sun Park ("N. Park") is a natural person and, from approximately December, 1999, until the present, operated and continues to operate a dry cleaning business at the Property. Defendant N. Park resides in the City of Dublin, County of Alameda, State of California.

6.    Defendant Seung Hee Park ("S. Park") is a natural person and, from approximately December, 1999, until the present, operated and continues to operate a dry cleaning business at the Property. Defendant S. Park resides in the City of Dublin, County of Alameda, State of California.

7.    The Property is located in Dublin, Alameda County.

JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER
Burrows and Roessler v. Perry, et al.
Case No. 3:07-cv-05354-MHP

8.    In 1985, the Property was leased to the Perrys under a Shopping Center Lease Agreement (1985 Lease) dated April 3, 1985, and an addendum including an option to extend for five years, and their leasehold continued until 1994, when it was assigned by the Perrys to the Lees, under an "Assignment" on August 8, 1994, which was consented to by the then-lessor, Dublin Town and Country Associates.

9.    The Plaintiffs have restated in their Complaint the "Use of Leased Premises" section in the 1985 Lease.

10.   The Perrys operated the dry cleaners as general partners from approximately August, 1985, until approximately July, 1984, until their assignment of the leasehold to the Lees, and used PCE as a dry-cleaning chemical during their period of operation and the Property.

11.   In 1999, the leasehold at the Property was assigned by the Lees to the Parks under the terms of the 1985 Lease.

12.   The Parks operated the dry cleaners from approximately December, 1999, until the present, and they currently operate a dry cleaners at the Property.

13.   The Parks briefly used PCE as a dry-cleaning chemical.  In approximately March, 2000, the Parks changed their dry-cleaning operations so that PCE was no longer used, and it has not been used since that time.

14.   The Plaintiffs have made and the Defendants have received correspondence and other communications about alleged environmental issues at the property.

15.   An actual controversy has arisen and now exists between the Plaintiffs and the Perrys and Parks Defendants, and each of them, concerning Defendants' respective liabilities for the investigation, testing, and cleanup of the contamination on, under, adjacent to and underlying the Property and the surrounding areas and the costs and expenses therefor.

JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

16.    A judicial determination is necessary and appropriate at this time between the Plaintiffs and the Perrys and Parks Defendants.

## B. PRINCIPAL ISSUES

1. The principal factual issues that the parties dispute are:

a    The costs of response at the Property, and the extent to which they are reasonable, necessary and incurred consistently with the National Contingency Plan.

b    The scope and effect of the assignment of rights by the current owner of the Property to the Plaintiffs alleged in paragraph 10 of the Complaint.

c    Who may be appropriate parties, if any, in the action.

d    The extent of discharges of contamination, if any, by each of the Defendants.

e    The nature and extent of contamination at the Property.

f.    The existence of facts supporting Plaintiffs' claims and defenses against counterclaims and Defendants counterclaims, cross-claims and defenses.

g.    (More currently under discussion)

2. The principal legal issues that the parties dispute are:

a    Costs of response, if any, recoverable under CERCLA and other law.

b.    Costs, expenses, attorneys fees, if any, recoverable under the 1985 Lease, as amended and assigned.

c.    Whether there were breaches of the lease, and by whom, if any.

d.    Whether there were occurrences that were negligent, continuing negligence, equitable indemnity, etc.

e.    (More currently under discussion)

3. The following issues as to service of process, personal jurisdiction, subject matter

1    jurisdiction or venue remain unresolved:

2        a  None between the Plaintiffs and the Perrys and Parks Defendants.

3        b  These issues exist between the Plaintiffs and the Lees Defendants, who have not yet

4
5    been located, despite exercise of reasonable due diligence.

6        c  Such issues may exist between the Perrys Defendants and new parties they have added

7    to the case and between the Parks Defendants and new parties they have added to the case.

8    4.  The following parties have not yet been served:

9        a  The Lees Defendants.  Plaintiffs respectfully request an extension of time to

10
11   accomplish service, if necessary by publication.

        b  Parties added by the Perrys Defendants and the Parks Defendants.
12
13   5. Any additional parties that a party intends to join are listed below:

14       NONE.

15   6. Any additional claims that a party intends to add are listed below:

16       NONE.

17
18   **C. ALTERNATIVE DISPUTE RESOLUTION  (Choose one of the following three options.)**

19   ☐    This case already has been assigned or the parties have agreed to use the following court

20   sponsored or other ADR procedure (please list the provider if other than the court):

21           **Court, non-binding mediation.**

22       Date by which ADR session to be commenced:  __**March 15, 2008**__

23       Date by which ADR session to be completed:  __**April 15, 2008 (suggested by Plaintiffs);**__

24
25   __**May 30, 2008 (suggested by both the Parks Defendants and the Perrys Defendants)**__

26   ☐    The parties have been unable to agree on an ADR procedure.  The parties listed below

27   believe that the case is appropriate for the ADR procedure indicated:

28                                          5

**Plaintiffs – Court (Magistrate Judge), non-binding mediation.**

**Defendants -- Court (Magistrate Judge), non-binding mediation.**

Date by which ADR session to be commenced: __**March 15, 2007**__

Date by which ADR session to be completed: __**April 15, 2008 (suggested by Plaintiffs);**__ __**May 30, 2008 (suggested by both the Parks Defendants and the Perrys Defendants)**__

☐       All parties share the view that no ADR procedure should be used in this case. The specific basis for that view is set forth below:

**NA.**

The parties make the following additional suggestions concerning settlement:

**The parties have been engaged in settlement negotiations. Those negotiations are continuing. Furthermore, additional parties are currently in the process of being added. As a result, they have not made initial disclosures under Fed. R. Civ. P. Rule 26(a)(1) and Local Rule 16-5. To allow the parties to continue focusing on settlement, they propose to defer making initial disclosures until the earlier of 45 days after the case management conference or 15 days after the settlement conference to be held before a Magistrate Judge. They propose to defer additional discovery, and pre-trial and trial until date(s) to be set at the next Case Management Conference. As to motions, the Plaintiffs believe there may be one or more claims upon which a dispositive motion could be made but propose that motions also be deferred until date(s) to be set at the next Case Management Conference. The Parks Defendants believe that there are significant challenges to the standing of Plaintiffs, and are considering filing motions in this regard. The Perrys Defendants also anticipate filing a dispositive motion on certain causes of action.**

/ / /

JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

The Court hereby orders:

_____

_____

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Parties consent to a jury or court trial presided over by a magistrate judge    ☐yes

☒**no**

**E. DISCLOSURES**

The parties certify that they have made the following disclosures:

1.  Persons disclosed pursuant to Civ. L.R. 16-5: **(Note statement above in Section C.)**

    a.  Disclosed by    Plaintiffs

(1)  Bruce Burrows

(2)  Jim Roessler

(3)  [Others]

(4)

    b.  Disclosed by    Perrys Defendants

(1)  Dwight Perry

(2)  Carleton Perry

(3)  [Others]

(4)

    c.  Disclosed by    Parks Defendants

(1)  Nam Sun Park

(2)  Seung Hee Park

(3)  [Others]

JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

(4)

2.   Categories of documents disclosed pursuant to Civ. L.R. 16-5 or produced through formal

discovery: **(Note statement above in Section C.)**

    a.   Categories of documents disclosed by    <u>Plaintiffs</u>

(1)   Assignment Agreement.

(2)   List of costs.

(3)   [Others]

(4)

    b.   Categories of documents disclosed by    <u>Perrys Defendants</u>

(1)   [To be named]

(2)

(3)

(4)

    c.   Categories of documents disclosed by    <u>Parks Defendants</u>

(1)   [To be named]

(2)

(3)

3.   Each party who claims an entitlement to damages or an offset sets forth the following

preliminary computation of the damages or of the offset:

Plaintiffs:

Subject to further computation.

| DATE | DESCRIPTION | INVOICE # | AMOUNT |
|------|-------------|-----------|--------|
| 7-29-05 | Alameda County Health | Letter Invoice | $ 6,000 |
| 2-15-06 | AEI Consultants | 110794 | 2,942 |

8

| | | | |
|---|---|---|---:|
| 2-15-06 | AEI Consultants | 110795 | 13,748 |
| 5-02-06 | AEI Consultants | 111514 | 2,979 |
| 1-09-07 | AEI Consultants | 2062837 | 3,100 |
| 2-05-07 | AEI Consultants | 1-2064153 | 8,880 |
| 2-22-07 | AEI Consultants | 1-2070877 | 3,130 |
| 8-22-07 | Floors By Larry | 27-00 | 525 |
| 9-04-07 | AEI Consultants | 1-2073728 | 1,710 |
| 9-04-07 | Karl Morthole, Attorney | 5922 | 1,645 |
| 9-11-07 | Karl Morthole, Attorney | 5938 | 455 |
| 10-18-07 | Karl Morthole, Attorney | 5956 | 3,955 |
| 10-30-07 | AEI Consultants | 1-2076626 | 1,665 |
| 11-17-07 | Alameda County Health | Letter Invoice | 6,000 |
| 12-10-07 | BioMax Environmental | 1168 | 1,520 |
| 12-10-07 | Karl Morthole, Attorney | 5976 | 4,350 |
| 12-10-07 | Karl Morthole, Attorney | 5997 | 4,795 |

Total Paid as of 12-13-07                          $69,959

Perrys Defendants:  (Yet to be stated.)

Parks Defendants:  (Yet to be stated.)

4.  All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:

| Party | Type of Policy and Policy No. | Policy Limits |
|---|---|---|
| Plaintiffs | None | NA |

**(Note statement above in Section C.)**

5.  The parties will disclose the following additional information by the date listed:

| Party | Disclosure | Deadline |
|---|---|---|
| Plaintiffs | Reports, Communications, Evidence | March 10, 2008 |
| | Of Costs, [Other] | |

Perrys Defendants:  (Yet to be stated.)

Parks Defendants:  (Yet to be stated.)

**(Note statement above in Section C.)**

JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*

6. Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the following

intervals:          As additional items are identified, within 30 days.

## F. EARLY FILING OF MOTIONS

The following motions expected to have a significant effect either on the scope of

discovery or other aspects of the litigation shall be heard by the date specified below:

**(Note statement above in Section C.)**

| Moving Party | Nature of Motion | Hearing Date |
|---|---|---|
| TBD | TBD | TBD |

## G. DISCOVERY

**(Note statement above in Section C.)**

## H. PRETRIAL AND TRIAL SCHEDULE

**(Note statement above in Section C.)**

**I. Date of next case management conference:**   __Approximately 90 Days from February 5__ .

## J. OTHER MATTERS

**(Note statement above in Section C.)**

## K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL

Identify by name, address and phone number lead trial counsel for each party.

Date:   January **23**, 2008

Respectfully submitted,

10

1  LAW OFFICES OF KARL R. MORTHOLE

2  By_____

3  Karl R. Morthole
   Lead Trial Counsel for Plaintiffs

4  Law Offices of Karl R. Morthole
   57 Post Street

5  Suite 801

6  San Francisco, CA 94104
   (415) 986-0227

7  Karl R. Morthole hereby attests that concurrence in this Joint Case Management Conference
   Statement was obtained from Lead Trial Counsel for the Defendants listed immediately below.

8

9  Jan A. Greben, 1332 Anacapa Street, Suite 110, Santa Barbara, CA 93101, 805-963-9090
   [Parks Defendants Lead Trial Counsel]

10

11 Thomas M. Downey, 1901 Harrison Street, 11th Floor, Oakland, CA 94612, 510-444-6800
   [Perrys Defendants Lead Trial Counsel]

12

13                                    **ORDER**

14

15      The court finds that each party was represented by lead trial counsel responsible for trial

16 of this matter and was given an opportunity to be heard as to all matters encompassed by this Case

17 Management Statement and Proposed Order filed prior to this conference.  The court adopts this

18 statement as modified and enters it as the Order of this court pursuant to Civ. L.R. 16-8(b).

19      The foregoing joint statement as amended is adopted by this court as the Case

20 Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local

21 Rules, and shall govern all further proceedings in this action.

22      IT IS SO ORDERED.

23

24

25 Date: _____    _____

26                                       Marilyn Hall Patel,
                                         United States District Judge

27

28
                                         11