1

**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110

2
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090

3
FACSIMILE: (805) 963-9098

4
Jan A. Greben, State Bar No. 103464
Jenna L. Motola, State Bar No. 246738

5

6
**LAW OFFICES OF MARTIN DEUTSCH**
440 NORTH FIRST STREET, SUITE 200

7
SAN JOSE, CA 95112
TELEPHONE: (408) 947-1760

8
FACSIMILE: (408) 947-0349

9
Martin Deutsch, State Bar No. 111409

10
Attorneys for Defendants and Cross-defendants
NAM SUN PARK and SEUNG HEE PARK

11

12
UNITED STATES DISTRICT COURT

13
NORTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER, | **Case No. 3:07-cv-05354-MHP** |
| Plaintiffs, | COMPLAINT FILED:        10/19/07<br>TRIAL DATE:            None Set |
| vs. | |
| DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK, | **NAM SUN PARK AND SEUNG HEE PARK'S ANSWER TO DWIGHT W. PERRY AND CARLTON L. PERRY'S CROSS-CLAIMS** |
| Defendants. | |
| And Related Cross-actions. | **DEMAND FOR JURY TRIAL** |

16

17

18

19

20

21

22

23

24

25

26

27
        Cross-defendants NAM SUN PARK and SEUNG HEE PARK (collectively "the

28
PARKS"), by their attorneys of record, hereby file this answer to the Cross-claims of DWIGHT

1

1    W. PERRY and CARLTON L. PERRY (collectively "PERRYS") in this action as follows:

2      1. Paragraph 1 constitutes a statement and conclusion of law to which no response is

3 required. To the extent Paragraph 1 contains any factual allegations, the PARKS lack knowledge

4 or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

5 1, and on that basis, they are denied.

6      2. Paragraph 2 constitutes a statement and conclusion of law to which no response is

7 required. To the extent Paragraph 2 contains any factual allegations, the PARKS lack knowledge

8 or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

9 2, and on that basis, they are denied.

10      3. To the extent Paragraph 3 alleges that Nam Sun Park is a natural person, with a

11 principal place of business in Dublin, California, such allegation is admitted. All other

12 allegations contained in Paragraph 3 are denied.

13      4. To the extent Paragraph 4 alleges that Seung Hee Park is a natural person, with a

14 principal place of business in Dublin, California, such allegation is admitted. All other

15 allegations contained in Paragraph 4 are denied.

16      5. The PARKS lack knowledge or information sufficient to form a belief as to the truth

17 of the allegations contained in Paragraph 5.

18      6. The PARKS lack knowledge or information sufficient to form a belief as to the truth

19 of the allegations contained in Paragraph 6.

20      7. The PARKS lack knowledge or information sufficient to form a belief as to the truth of

21 the allegations contained in Paragraph 7.

22      8. The PARKS lack knowledge or information sufficient to form a belief as to the truth

23 of the allegations contained in Paragraph 8.

24      9. The PARKS lack knowledge or information sufficient to form a belief as to the truth

25 of the allegations contained in Paragraph 9.

26      10. Paragraph 10 constitutes a statement and conclusion of law to which no response is

27 required. To the extent Paragraph 10 alleges that the PARKS are and/or were owners of the real

28 property known as 7272 San Ramon Road, later renumbered 7242 San Ramon Road, in Dublin,

1   California ("Property"), such allegation is denied. To the extent Paragraph 10 alleges that the

2   PARKS are and/or were operators of a dry cleaning business at the Property from December

3   1999 to the present, such allegation is admitted. To the extent Paragraph 10 contains any other

4   factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to

5   the truth of the allegations contained in Paragraph 10, and on that basis, they are denied.

6       11. Paragraph 11 constitutes a statement and conclusion of law to which no response is

7   required. To the extent Paragraph 11 alleges that the PARKS have operated a dry cleaning

8   business at the Property from December, 1999 to the present, such allegation is admitted. All

9   other allegations contained in Paragraph 11 are denied.

10      12. The PARKS lack knowledge or information sufficient to form a belief as to the truth

11   of the allegations contained in Paragraph 12.

12      13. The PARKS lack knowledge or information sufficient to form a belief as to the truth

13   of the allegations contained in Paragraph 13.

14      14. The PARKS lack knowledge or information sufficient to form a belief as to the truth

15   of the allegations contained in Paragraph 14.

16      15. Paragraph 15 constitutes a statement and conclusion of law to which no response is

17   required. The PARKS specifically deny that the PARKS, during their occupancy of the

18   Property, caused or permitted the release of perchlorethene ("PCE") or other dry-cleaning

19   chemicals into the environment. To the extent Paragraph 15 contains any other factual

20   allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

21   of the allegations contained in Paragraph 15 and on that basis, they are denied.

22      16. Paragraph 16 constitutes a statement and conclusion of law to which no response is

23   required. The PARKS specifically deny that the PARKS' conduct or failure to act was the direct

24   and proximate cause of the release of hazardous substances onto the properties, or surrounding

25   properties, or groundwater. The PARKS specifically deny that the PARKS assumed any of the

26   property owner's liabilities. To the extent Paragraph 16 contains any factual allegations, the

27   PARKS lack knowledge or information sufficient to form a belief as to the truth of the

28   allegations contained in Paragraph 16 and on that basis, they are denied.

1    17.  The PARKS incorporate their answers to Paragraphs 1 through 16 as through fully

2    set forth herein.

3    18.  Paragraph 18 constitutes a statement and conclusion of law to which no response is

4    required.  The PARKS specifically deny that the Property is a "facility" within the meaning of

5    section 101(9) of CERCLA, 42 U.S.C. § 9601(9). To the extent Paragraph 18 contains any

6    factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to

7    the truth of the allegations contained in Paragraph 18 and on that basis, they are denied.

8    19. Paragraph 19 constitutes a statement and conclusion of law to which no response is

9    required.  The PARKS specifically deny that the PARKS are liable or potentially liable persons

10   within the meaning of section 107(a) of CERCLA, 42 U.S.C. § 9607(a). To the extent Paragraph

11   19 contains any factual allegations, the PARKS lack knowledge or information sufficient to form

12   a belief as to the truth of the allegations contained in Paragraph 19 and on that basis, they are

13   denied.

14   20. Paragraph 20 constitutes a statement and conclusion of law to which no response is

15   required. To the extent Paragraph 20 contains any factual allegations, the PARKS lack

16   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

17   Paragraph 20, and on that basis, they are denied.

18   21. Paragraph 21 constitutes a statement and conclusion of law to which no response is

19   required. The PARKS specifically deny that the PERRYS are entitled to contribution from the

20   PARKS pursuant to section 113(f)(1) of CERCLA, 42 § 9613(f)(1). To the extent Paragraph 21

21   contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

22   belief as to the truth of the allegations contained in Paragraph 21, and on that basis, they are

23   denied.

24   22. The PARKS incorporate their answers to Paragraphs 1 through 21 as through fully set

25   forth herein.

26   23. Paragraph 23 constitutes a statement and conclusion of law to which no response is

27   required.  To the extent Paragraph 23 contains any factual allegations, the PARKS lack

28   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

1    Paragraph 23 and on that basis, they are denied.

2        24. Paragraph 24 constitutes a statement and conclusion of law to which no response is

3    required. The PARKS specifically deny that the PERRYS may incur costs arising from the

4    hazardous substance contamination of the soil and groundwater in and around the Property. To

5    the extent Paragraph 24 contains any factual allegations, the PARKS lack knowledge or

6    information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24

7    and on that basis, they are denied.

8        25. Paragraph 25 constitutes a statement and conclusion of law to which no response is

9    required. The PARKS specifically deny that the PARKS are liable persons under the HSAA; that

10   the PERRYS are entitled to indemnification and contribution from the PARKS, in whole or in

11   part, based upon California Health & Safety Code Section 25363(e). To the extent Paragraph 25

12   contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

13   belief as to the truth of the allegations contained in Paragraph 25, and on that basis, they are

14   denied.

15       26. The PARKS incorporate their answers to Paragraphs 1 through 25 as through fully

16   set forth herein.

17       27. Paragraph 27 constitutes a statement and conclusion of law to which no response is

18   required. The PARKS specifically deny that any liability will arise wholly or partly by reason of

19   the conduct of the PARKS; that the PARKS are jointly liable for said liability; that the PERRYS

20   have suffered, incurred and/or will incur losses, damages, attorneys' fees, judgments and

21   settlement expenses in this action; that the PARKS are bound and obligated to defend, indemnify

22   and hold harmless the PERRYS from and against any and all claims, losses, damages, attorneys'

23   fees, judgments and settlement expenses incurred, or to be incurred, in this action by the

24   PERRYS. To the extent Paragraph 27 contains any factual allegations, the PARKS lack

25   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

26   Paragraph 27, and on that basis, they are denied.

27       28. The PARKS incorporate their answers to Paragraphs 1 through 27 as through fully

28   set forth herein.

1  29.  Paragraph 29 constitutes a statement and conclusion of law to which no response is
2  required. To the extent Paragraph 29 contains any factual allegations, the PARKS lack
3  knowledge or information sufficient to form a belief as to the truth of the allegations contained in
4  Paragraph 29, and on that basis, they are denied.

5  30.  Paragraph 30 constitutes a statement and conclusion of law to which no response is
6  required. The PARKS specifically deny that any responsibility for damages claimed by the
7  PERRYS rests on the PARKS. To the extent Paragraph 30 contains any factual allegations, the
8  PARKS lack knowledge or information sufficient to form a belief as to the truth of the
9  allegations contained in Paragraph 30, and on that basis, they are denied.

10  31.  Paragraph 31 constitutes a statement and conclusion of law to which no response is
11  required. The PARKS specifically deny that the PERRYS are entitled to a judicial determination
12  of the PERRYS' rights, indemnification and contribution; that the PARKS are liable for all of
13  the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous
14  substance contamination of the soil and groundwater in and around the Property; that the
15  PERRYS are entitled to a declaration that the PARKS, and not the PERRYS, are liable for all of
16  the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous
17  substance contamination of the soil and groundwater in and around the Property. To the extent
18  Paragraph 31 contains any factual allegations, the PARKS lack knowledge or information
19  sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that
20  basis, they are denied.

21  32.  The PARKS incorporate their answers to Paragraphs 1 through 31 as through fully
22  set forth herein.

23  33.  Paragraph 33 constitutes a statement and conclusion of law to which no response is
24  required. The PARKS specifically deny that the PERRYS have or will incur costs and/or
25  expenses in response to the alleged hazardous substance contamination of the soil and
26  groundwater in and around the Property; that the PERRYS are statutorily entitled to contribution
27  and/or indemnification from the PARKS pursuant to Water Code Section 13350(j). To the extent
28  Paragraph 33 contains any factual allegations, the PARKS lack knowledge or information

1   sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that

2   basis, they are denied.

3       34.  The PARKS incorporate their answers to Paragraphs 1 through 33 as through fully

4   set forth herein.

5       35. Paragraph 35 constitutes a statement and conclusion of law to which no response is

6   required. The PARKS specifically deny that the PARKS are assignees of the owners of the

7   Property; that the PARKS have or are contributing to the past and present handling, storage,

8   treatment, transportation and disposal of hazardous waste; that said alleged contribution may

9   present an imminent and substantial endangerment to health or the environment. To the extent

10  Paragraph 35 contains any factual allegations, the PARKS lack knowledge or information

11  sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that

12  basis, they are denied.

13      36.  Paragraph 36 constitutes a statement and conclusion of law to which no response is

14  required. The PARKS specifically deny that the actions of the PARKS constitute violations of

15  applicable law regarding the handling, storage, treatment, transportation and disposal of

16  hazardous waste, including 42 U.S.C. §§ 6921 et seq.; 6924. To the extent Paragraph 36 contains

17  any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as

18  to the truth of the allegations contained in Paragraph 36, and on that basis, they are denied.

19      37.  The PARKS incorporate their answers to Paragraphs 1 through 36 as through fully

20  set forth herein.

21      38.  Paragraph 38 constitutes a statement and conclusion of law to which no response is

22  required. The PARKS specifically deny that during the PARKS' ownership and/or operations at

23  the Property, sudden and accidental releases of contaminants and/or hazardous substances may

24  have occurred, resulting in contamination at the Property; that the PARKS have acted negligent

25  and failed to properly operate, maintain, repair, and manage the Property; that any sudden and

26  accidental releases are attributable to the PARKS' alleged negligence in failing to properly

27  operate, maintain, repair, and manage the Property to avoid the release of hazardous substances

28  into the environment. To the extent Paragraph 38 contains any factual allegations, the PARKS

1   lack knowledge or information sufficient to form a belief as to the truth of the allegations

2   contained in Paragraph 38, and on that basis, they are denied.

3       39.  Paragraph 39 constitutes a statement and conclusion of law to which no response is

4   required. The PARKS specifically deny that the PARKS had any duty to the PERRYS; that the

5   PARKS negligently caused, permitted and/or contributed to contamination at the Property,

6   surrounding properties, soils and groundwater. To the extent Paragraph 39 contains any factual

7   allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

8   of the allegations contained in Paragraph 39, and on that basis, they are denied.

9       40.  Paragraph 40 constitutes a statement and conclusion of law to which no response is

10  required. The PARKS specifically deny that the PERRYS have suffered damages including, but

11  not limited to, response costs incurred and to be incurred in the future to properly respond to the

12  alleged hazardous substance contamination in and around the Property, and related properties;

13  that such costs also include attorneys' fees and consultants' fees incurred; that said costs

14  incurred or to be incurred by the PERRYS are a direct and proximate of the PARKS' alleged

15  negligence; that any action or omission by the PARKS constituted negligence. To the extent

16  Paragraph 40 contains any factual allegations, the PARKS lack knowledge or information

17  sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that

18  basis, they are denied.

19      41.  The PARKS incorporate their answers to Paragraphs 1 through 40 as through fully

20  set forth herein.

21      42.  Paragraph 42 constitutes a statement and conclusion of law to which no response is

22  required. The PARKS specifically deny that the damages to Plaintiffs, if any, are the result of

23  active and affirmative negligence of the PARKS; that said alleged active negligence of the

24  PARKS was a legal cause of the damages which Plaintiffs complain. To the extent Paragraph 42

25  contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

26  belief as to the truth of the allegations contained in Paragraph 42, and on that basis, they are

27  denied.

28      43. Paragraph 43 constitutes a statement and conclusion of law to which no response is

PARKS' ANSWER TO THE PERRYS' CROSS-CLAIMS - 3:07-cv-05354-MHP

1   required. The PARKS specifically deny that if the PERRYS are held liable to Plaintiffs for
2   damages under the Complaint, the PERRYS are entitled to contribution for the payment of any
3   judgment in favor of Plaintiffs and against the PARKS, or any settlement in part in anticipation
4   of a judgment, in proportion to the actual culpability, fault, responsibility and negligence
5   allegedly caused and created by the PARKS; that the PARKS should indemnify the PERRYS
6   and hold them harmless for any and all claims by Plaintiffs; that the PARKS should reimburse
7   the PERRYS for any monies paid in satisfaction of any judgment or any monies paid as
8   settlement in anticipation of and judgment, or for all attorney fees in defending said action and
9   the cost of investigation of the matters alleged in the Complaint. To the extent Paragraph 43
10  contains any factual allegations, the PARKS lack knowledge or information sufficient to form a
11  belief as to the truth of the allegations contained in Paragraph 43, and on that basis, they are
12  denied.

13      44.  Paragraph 44 constitutes a statement and conclusion of law to which no response is
14  required. The PARKS specifically deny that if the PERRYS are held liable to Plaintiffs for
15  damages set fourth in the Complaint, that under the doctrine of indemnity for comparative
16  contribution, the PERRYS are entitled to contribution and/or indemnification from the PARKS;
17  that the PARKS should be required to share liability with the PERRYS pro rata on the basis of
18  relative fault that each bears for the total damage award suffered or received, if any, by Plaintiffs
19  in the form of any judgment, settlement or compromise; that the PERRYS are entitled from the
20  PARKS to be reimbursed for attorney fees in defending said action and for the investigation of
21  the matters alleged in the Complaint. To the extent Paragraph 44 contains any factual allegations,
22  the PARKS lack knowledge or information sufficient to form a belief as to the truth of the
23  allegations contained in Paragraph 44, and on that basis, they are denied.

24                          **AFFIRMATIVE DEFENSES**
25      The PARKS allege the following affirmative defenses against the allegations contained in
26  the PERRYS' Cross-claims:

27                      FIRST AFFIRMATIVE DEFENSE
28              (Failure to State a Claim Upon Which Relief May be Granted)

1    One or more of the PERRYS' claims fail to state a claim upon which relief may be

2  granted.

<div align="center">SECOND AFFIRMATIVE DEFENSE</div>

<div align="center">(Statute of Limitations)</div>

5    One or more of the PERRYS' claims are barred by the statute of limitations, including

6  but not limited to, 42 U.S.C § 9613(g) and California Code of Civil Procedure § § 337, 338,

7  338.1, 339, 340, and 343.

<div align="center">THIRD AFFIRMATIVE DEFENSE</div>

<div align="center">(Laches)</div>

10    One or more of the PERRYS' claims are barred by the doctrine of laches.

<div align="center">FOURTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Due Care)</div>

13    At all times relevant hereto, the PARKS acted with due care, complied with all statutory,

14  regulatory, and common law requirements, and otherwise conducted themselves as responsible

15  persons under the circumstances.

<div align="center">FIFTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Third Party Fault)</div>

18    The release or threatened release of hazardous substances alleged in the Cross-claims,

19  and any costs or damages resulting therefrom, were caused solely by the acts or omissions of

20  third parties other than employees or agents of the PARKS and/or other than persons whose acts

21  or omissions occurred in connection with a contractual relationship existing, directly or

22  indirectly, with the PARKS.

<div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Failure to Mitigate)</div>

25    Any recovery to which the PERRYS are entitled should be limited because the PERRYS

26  failed to mitigate their damages.

<div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

<div align="center">(Proportionate Share)</div>

<div align="center">10</div>

1   In the event the PARKS are held responsible for any of the harm or endangerment

2   alleged in the Cross-claims and affirmative relief is granted against the PARKS, then the

3   PARKS' liability should be proportionate to their contribution to the alleged harm or

4   endangerment, if any, and the contribution of the PERRYS and their employees and agents, co-

5   defendants, and other persons and entities who sent material to the subject site, or who otherwise

6   contributed to the alleged harm or endangerment, under the provisions of California Civil Code §

7   1431.2.

8   ### EIGHTH AFFIRMATIVE DEFENSE

9   (Fifth Amendment)

10   The PARKS cannot be held responsible for their innocent, reasonable, and legal

11   activities, or for such activities performed by the PARKS's employees or agents, because to do

12   so would violate the PARKS' rights under the Fifth Amendment of the Constitution of the

13   United States of America.

14   ### NINTH AFFIRMATIVE DEFENSE

15   (Estoppel)

16   As a result of the acts, conduct, and/or omissions of the PERRYS, the Cross-claims, and

17   each claim therein, are barred by the doctrine of estoppel.

18   ### TENTH AFFIRMATIVE DEFENSE

19   (Waiver)

20   As a result of the acts, conduct, and/or omissions of the PERRYS, the Cross-claims, and

21   each claim therein, has been waived.

22   ### ELEVENTH AFFIRMATIVE DEFENSE

23   (Act of God, War, or Omissions)

24   The release or threatened release of hazardous substances which is alleged in the

25   PERRYS' Cross-claims were caused solely by one or more acts of God, an act of war, or by the

26   acts or omissions of a third party or parties other than an employee or agent of the PARKS and

27   with whom the PARKS had no contractual relationship, and in connection therewith the PARKS

28   exercised due care and took adequate precautions against foreseeable acts and omissions by any

11

1  such third parties pursuant to 42 U.S.C. § 9607(b).

2  <center>TWELFTH AFFIRMATIVE DEFENSE</center>

3  <center>(State of Knowledge)</center>

4      Any conduct of the PARKS relating to matters alleged in the Cross-claims conformed to

5  statutes, government regulations, and industry standards based upon the state of knowledge

6  existing at the times alleged in the Cross-claims.

7  <center>THIRTEENTH AFFIRMATIVE DEFENSE</center>

8  <center>(Failure to Name All Necessary Parties)</center>

9      The PERRYS have failed to join indispensable parties necessary for the just and

10  complete adjudication of the matters raised in the Cross-claims.

11  <center>FOURTEENTH AFFIRMATIVE DEFENSE</center>

12  <center>(Offset)</center>

13      The PERRYS' recovery, if any, against the PARKS must be offset by any amount the

14  PERRYS must pay as a responsible party.

15  <center>FIFTEENTH AFFIRMATIVE DEFENSE</center>

16  <center>(Apportionment of Harm)</center>

17      The harm alleged by the PERRYS to have been caused by the actual or threatened

18  releases of hazardous substances alleged against the PARKS in the Cross-claims is distinct from

19  and/or can rationally be apportioned from the harm allege to have been caused by the actual or

20  threatened releases of hazardous substances by other third parties not in the control of the

21  PARKS.  As a result, Plaintiffs are not entitled to the imposition of joint and several liability

22  against the PARKS.

23  <center>SIXTEENTH AFFIRMATIVE DEFENSE</center>

24  <center>(Assumption of Risk)</center>

25      One or more of the PERRYS' claims are barred by the doctrine of assumption of risk.

26  <center>SEVENTEENTH AFFIRMATIVE DEFENSE</center>

27  <center>(Unclean Hands)</center>

28      One or more of the PERRYS' claims are barred by the doctrine of unclean hands.

<center>12</center>

1

<div align="center">EIGHTEENTH AFFIRMATIVE DEFENSE</div>

2

<div align="center">(Contributory Negligence)</div>

3 At all times and places referred to in the PERRYS' Cross-claims on file herein, and the

4 alleged claims for relief therein contained, the PERRYS' were themselves negligent in and about

5 those matters alleged in the Cross-claims, and the negligence of the PERRYS directly and

6 proximately contributed to the happening of the matters referred to in PERRYS' Cross-claims on

7 file herein and the alleged claims for relief therein contained, and to the damages, if any, and to

8 the injuries, if any, sustained by the PERRYS; and should any award be given to them, it should

9 be reduced by an amount commensurate with their own negligence.

10

<div align="center">NINETEENTH AFFIRMATIVE DEFENSE</div>

11

<div align="center">(Standing)</div>

12 The PERRYS lack standing to sue for one or more claims for relief alleged in the Cross-

13 claims.

14

<div align="center">TWENTIETH AFFIRMATIVE DEFENSE</div>

15

<div align="center">(Good Faith)</div>

16 At all times herein mentioned, the PARKS acted in good faith.

17

<div align="center">TWENTY-FIRST AFFIRMATIVE DEFENSE</div>

18

<div align="center">(Reasonableness)</div>

19 At all times herein mentioned, the actions and/or failure to act of the PARKS were

20 reasonable.

21

<div align="center">TWENTY-SECOND AFFIRMATIVE DEFENSE</div>

22

<div align="center">(Frivolous Action)</div>

23 The PERRYS' Cross-claims are frivolous and the PARKS should be entitled to

24 reasonable costs and attorney's fees pursuant to California Code of Civil Procedure § 1038.

25

<div align="center">TWENTY-THIRD AFFIRMATIVE DEFENSE</div>

26

<div align="center">(No Release)</div>

27 There has been no release or threatened release of hazardous substances by the PARKS

28 within the meaning of CERCLA, 42 U.S.C. § 9607(a).

<div align="center">13</div>

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (No Action for Contribution)

3     CERCLA § 107 does not provide for a cause of action for contribution. Therefore, the

4  PERRYS' claims for contribution under CERCLA § 107 are barred and the PERRYS are not

5  entitled to an award of such costs from the PARKS.

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

### (No Violation of Health & Safety Code)

8     The PARKS allege that no conduct or condition attributable to the PARKS constitutes a

9  violation of California Health and Safety Sections 25300 et seq.

10

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

### (Permitted Release)

12     The PARKS allege that the PERRYS' claims under CERCLA are barred because any

13  alleged release or threatened release upon which such claims are based was a federally and/or

14  state permitted release.

15

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (Costs Inconsistent with Nation Contingency Plan)

17     The PERRYS are not entitled to relief under CERCLA § § 9601, et seq. because the

18  PERRYS have taken actions and incurred costs that are not necessary costs of response

19  consistent with the National Contingency Plan, are not cost effective and involve unreasonable

20  cost.

21

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22

### (No Response Costs Incurred)

23     Under CERCLA, the PERRYS are not entitled to relief because if there was a release

24  from any facility, the release did not cause the PERRYS or other parties to incur response costs.

25

## TWENTY-NINTH AFFIRMATIVE DEFENSE

26

### (Release)

27     One or more of the PERRYS' claims are barred by the doctrine of release.

28

## THIRTIETH AFFIRMATIVE DEFENSE

PARKS' ANSWER TO THE PERRYS' CROSS-CLAIMS - 3:07-cv-05354-MHP

1  (Acquiescence)

2  One or more of the PERRYS' claims are barred by the doctrine of acquiescence.

3  THIRTY-FIRST AFFIRMATIVE DEFENSE

4  (No Injury to Plaintiffs)

5  One or more of the PERRYS' claims are barred because the PERRYS have not suffered

6  an injury in fact.

7  THIRTY-SECOND AFFIRMATIVE DEFENSE

8  (*De Minimis* Release)

9  To the extent that there was a release at the site during any activity or operation at the

10  subject property by the PARKS, of which the PARKS specifically deny, such release was *de*

11  *minimis.*

12  THIRTY-THIRD AFFIRMATIVE DEFENSE

13  (Damages Speculative and Not Legally Cognizable)

14  The damages requested in the Cross-claims are not available because they are not legally

15  cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to

16  be recoverable by law.

17  THIRTY-FOURTH AFFIRMATIVE DEFENSE

18  (Unrecoverable Costs)

19  The PARKS contend that the PERRYS bear the burden to demonstrate that they incurred

20  recoverable response costs. To the extent that the PARKS may have any burden in this regard,

21  the PARKS contend that the PERRYS have not incurred recoverable costs within the meaning of

22  Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. Sections 9601(23) and 9601(24), or within

23  the meaning of Sections 25322, 25323 and 25363 of the Health and Safety Code; or if response

24  costs have been incurred, these costs were not "necessary costs of response" or were inconsistent

25  with the National Contingency Plan as set forth at 40 C.F.R. Part 300.

26  THIRTY-FIFTH AFFIRMATIVE DEFENSE

27  (Reservation of Additional Affirmative Defenses)

28  Because the Cross-claims are conclusory in nature, the PARKS cannot fully anticipate all

affirmative defenses that may be applicable to the action.  Accordingly, the PARKS hereby reserve their right to assert additional affirmative defenses if and to the extent that such affirmative defenses apply.

<p style="text-align:center"><strong><u>PRAYER</u></strong></p>

WHEREFORE, the PARKS pray:

1.    That the PERRYS take nothing by reason of their Cross-claims.

2.    That judgment be rendered in favor of the PARKS

3.    That this action be dismissed against the PARKS;

4.    For attorneys' fees and costs;

5.    That the PARKS be awarded their costs of suit incurred in defense of this action; and

6.    For such other relief as the Court deems proper.

<p style="text-align:center"><strong><u>DEMAND FOR JURY TRIAL</u></strong></p>

Under Rule 38 of the Federal Rules of Civil Procedure, the PARKS demand a trial by jury on all issues so triable in the Cross-claims.

Dated: February ___, 2008                    GREBEN & ASSOCIATES


_____
JAN A. GREBEN
JENNA L. MOTOLA
Attorneys for Defendants and Cross-defendants
NAM SUN PARK and SEUNG HEE PARK