EDWARD W. POLSON, State Bar No. 062423
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
Tel: (925) 225-9600
Fax: (925) 463-3110
Email: epolson@sbcglobal.net

Attorney for Cross-Defendant Gabriel H. Chiu,
as Trustee of the Chiu Family Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER<br><br>Plaintiffs,<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK<br><br>Defendants.<br><hr>NAM SUN PARK and SEUNG HEE PARK<br><br>Cross-claimants<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN, an individual, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST,<br><br>Cross-defendants.<br><hr>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | CASE NO.: 3:07-cv-05354 MHP<br><br>COMPLAINT FILED: 10/19/07<br>TRIAL DATE: None Set<br><br>RESPONSE OF GABRIEL H. CHIU, AS TRUSTEE OF THE CHIU FAMILY TRUST TO THE CROSSCLAIMS OF NAM SUN PARK AND SEUNG HEE PARK<br><br>DEMAND FOR JURY TRIAL |

Cross-defendant Gabriel H. Chiu (hereinafter Chiu ), through his attorney of record, responds to the crossclaims of Nam Sun Park and Seung Hee Park as follows:

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1. Chiu admits the allegations of Paragraph 1 with the exception any environmental contamination is merely alleged and is subject to proof at trial.

2. Chiu admits the allegations of Paragraph 2.

### THE PARTIES

3. Chiu admits the allegation of Paragraph 3 that Dwight W. Perry is a natural person but denies his place of residence due to lack of information or belief.

4. Chiu admits the allegation of Paragraph 4 that Carlton L. Perry is a natural person but denies his place of residence due to lack of information or belief.

5. Chiu admits the allegation of Paragraph 5 that Kwang Suk Lee is a natural person but denies the place of residence due to lack of information or belief.

6. Chiu admits the allegation of Paragraph 6 that Kui Ja Lee is a natural person but denies the place of residence due to lack of information or belief.

7. Chiu admits the allegations of Paragraph 7.

8. Chiu admits the allegations of Paragraph 8 that William F. Kartozian is a natural person and acted as general partner of Dublin Town & Country Associates at or about March 2005. Chiu denies the remaining allegations of Paragraph 8 due to lack of information or belief.

9. Chiu admits the allegations of Paragraph 9.

10. Chiu admits the allegations of Paragraph 10.

11. Chiu admits the allegations of Paragraph 11.

### GENERAL ALLEGATIONS

12. Chiu admits the allegations of Paragraph 12 on the basis of information and belief.

13. Chiu admits the allegations of Paragraph 13 on the basis of information and belief.

14. Chiu admits the allegations of Paragraph 14 that Dublin Town & Country Associates with William F. Kartozian acting as general partner sold the Property to Chiu in or about March 2005. Chiu admits the remaining allegations of Paragraph 14 on the basis of information and

belief.

15. Chiu admits the allegations of Paragraph 15.

16. Chiu admits the allegations of Paragraph 16 on the basis of information and belief.

17. Chiu denies the allegations of Paragraph 17 to the extent it is alleged that Chiu caused or permitted the release of tetrachlorethylene ( PCE ) and other dry cleaning chemicals into the environment. Chiu denies the remaining allegations of Paragraph 17 due to lack of information or belief.

18. Chiu denies the allegations of Paragraph 18 to the extent such allegations are directed to the alleged acts or omissions of Chiu.

## FIRST CROSSCLAIM

(Contribution Pursuant to CERCLA § 113(f))

19. Chiu refers to his responses to Paragraphs 1 through 18, inclusive, and incorporates them herein by reference.

20. Chiu admits the allegations of Paragraph 20.

21. Chiu admits the allegations of Paragraph 21 that Chiu is a potentially liable person but denies actual liability.

22. Chiu admits the allegations of Paragraph 22.

23. Chiu denies the allegations of Paragraph 23.

## SECOND CROSSCLAIM

(Hazardous Substance Statutory Indemnity)

24. Chiu refers to his responses to Paragraphs 1 through 23, inclusive, and incorporates them herein by reference.

25. Paragraph 25 constitutes statements on the existence of and conclusions about the purpose and meaning of statute and no response is required beyond the fact the law speaks for itself.

26. Chiu denies the allegations of Paragraph 26 due to lack of information or belief.

27. Chiu admits the allegations of Paragraph 27 that Chiu is the current owner of the Property and denies the remaining allegations due to lack of information or belief.

### THIRD CROSSCLAIM

(Equitable Indemnity)

28. Chiu refers to his responses to Paragraphs 1 through 27, inclusive, and incorporates them herein by reference.

29. Chiu denies the allegations of Paragraph 29 as they pertain to Chiu.

30. Chiu denies the allegations of Paragraph 30 due to lack of information or belief.

31. Chiu denies the allegations of Paragraph 31 due to lack of information or belief.

### FOURTH CROSSCLAIM

(Declaratory Relief)

32. Chiu refers to his responses to Paragraphs 1 through 31, inclusive, and incorporates them herein by reference.

33. Chiu denies the allegations of Paragraph 33 due to lack of information or belief.

34. Chiu admits the allegations of Paragraph 34 that there is an existing controversy among the parties. Chiu denies the remaining allegations of Paragraph 34 due to lack of information or belief.

35. Chiu admits the allegation of Paragraph 35 regarding the need for declaratory relief. Chiu specifically denies that Chiu bears any responsibility for damages claimed by the Parks and that Chiu is in any way obligated to indemnify the Parks. Chiu denies the remaining allegations of Paragraph 35 due to lack of information or belief.

### FIFTH CROSSCLAIM

(Porter-Cologne Statutory Contribution)

36. Chiu refers to his responses to Paragraphs 1 through 35, inclusive, and incorporates them herein by reference.

37. The first sentence of Paragraph 37 contains statements on the existence of and conclusions about the purpose and meaning of statute and no response is required beyond the fact the law speaks for itself. Chiu denies the remaining allegations of Paragraph 37 due to lack of information or belief.

//

## SIXTH CROSSCLAIM

(Violation of RCRA-42 U.S.C. § 6972(a)(1)(B))

38. Chiu refers to his responses to Paragraphs 1 through 37, inclusive, and incorporates them herein by reference.

39. The Parks allegations and claims under RCRA are not within the jurisdiction of this Court because the prior notice required by statute to be given by the Parks has not been given and this crossclaim should therefore be summarily dismissed. Chiu otherwise denies the allegations of Paragraph 39.

40. Chiu denies the allegations of Paragraph 40.

## SEVENTH CROSSCLAIM

(Continuing Private Nuisance)

41. Chiu refers to his responses to Paragraphs 1 through 40, inclusive, and incorporates them herein by reference.

42. Chiu denies the allegations of Paragraph 42 to the extent it is alleged Chiu caused or permitted contamination in the manner alleged or in any manner whatsoever.

43. Chiu denies the first sentence of Paragraph 43 due to lack of information or belief. Chiu denies the second sentence of Paragraph 43 to the extent such allegation is directed to Chiu.

44. Chiu denies the allegation of Paragraph 44 due to lack of information or belief.

45. Chiu denies the allegations of Paragraph 45.

## EIGHTH CROSSCLAIM

(Public Nuisance)

46. Chiu refers to his responses to Paragraphs 1 through 45, inclusive, and incorporates them herein by reference.

47. Chiu denies the allegations of Paragraph 47 due to lack of information or belief.

48. Chiu denies the allegations of Paragraph 48 due to lack of information or belief.

49. Chiu denies the allegations of Paragraph 49 due to lack of information or belief.

50. Chiu denies the allegations of Paragraph 50 due to lack of information or belief.

//

## NINTH CROSSCLAIM

(Public Nuisance Per Se)

51. Chiu refers to his responses to Paragraphs 1 through 50, inclusive, and incorporates them herein by reference.

52. Chiu denies the allegations of Paragraph 52 to the extent the allegations are directed to Chiu.

53. Chiu denies the allegations of Paragraph 53.

## TENTH CROSSCLAIM

(Negligence)

54. Chiu refers to his responses to Paragraphs 1 through 53, inclusive, and incorporates them herein by reference.

55. Chiu denies the allegations of Paragraph 55 to the extent the allegations are directed to Chiu.

56. Chiu denies the allegations of Paragraph 56 to the extent the allegations are directed to Chiu.

57. Chiu denies the allegations of Paragraph 57.

## ELEVENTH CROSSCLAIM

(Negligence Per Se)

58. Chiu refers to his responses to Paragraphs 1 through 57, inclusive, and incorporates them herein by reference.

59. Chiu denies the allegations of Paragraph 59 due to lack of information or belief.

60. Chiu denies the allegations of Paragraph 60 to the extent the allegations are directed to Chiu.

## TWELFTH CROSSCLAIM

(Breach of Lease - Against DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST)

61. Chiu refers to his responses to Paragraphs 1 through 60, inclusive, and incorporates them herein by reference.

62. Chiu admits the allegations of Paragraph 62 on the basis of information and belief.

63. Chiu admits on information and belief that Dublin Town & Country Associates was the owner and lessor of the Property pursuant to the 1985 lease.

64. Chiu admits the allegation of Paragraph 64 that Chiu purchased the Property in or about March 2005. Chiu denies the remaining allegations of Paragraph 64 due to lack of information or belief.

65. Chiu denies the allegations of Paragraph 65 to the extent the allegations are directed to Chiu.

66. Chiu denies the allegations of Paragraph 66 to the extent the allegations are directed to Chiu.

67. Chiu denies the allegations of Paragraph 67.

68. Chiu denies the allegations of Paragraph 68.

## THIRTEENTH CROSSCLAIM

(Waste - Against DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST)

69. Chiu refers to his responses to Paragraphs 1 through 68, inclusive, and incorporates them herein by reference.

70. Chiu admits the allegations of Paragraph 70.

71. Chiu denies the allegations of Paragraph 71 to the extent the allegations are directed to Chiu.

72. Chiu denies the allegations of Paragraph 72.

## FOURTEENTH CROSSCLAIM

(Attorneys Fees Pursuant to CCP § 1021.5)

73. Chiu refers to his responses to Paragraphs 1 through 72, inclusive, and incorporates them herein by reference.

74. Chiu denies the allegations of Paragraph 74 due to lack of information or belief.

75. Chiu denies the allegations of Paragraph 75.

76. Chiu denies the allegations of Paragraph 76.

77. Chiu denies the allegations of Paragraph 77.

## FIFTEENTH CROSSCLAIM

(Breach of Contract/Sales Agreement - Against KWANG SUK LEE and KUI JA LEE)

78-85. This crossclaim and its allegations are not directed to Chiu so a response from Chiu is not appropriate or required.

## SIXTEENTH CROSSCLAIM

(Express Contractual Indemnity - Against KWANG SUK LEE and KUI JA LEE)

86-91. This crossclaim and its allegations are not directed to Chiu so a response from Chiu is not appropriate or required.

## AFFIRMATIVE DEFENSES

1. The crossclaim and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Chiu.

2. Chiu alleges on information and belief that the crossclaim and relief sought therein are barred by the doctrine of unclean hands.

3. Chiu alleges on information and belief the one or more of Parks claims may be barred by the statutes of limitation including, but not limited to, 42 U.S.C. § 9613.(g) and California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340 and 343.

4. Parks crossclaims and each cause of action applicable to Chiu are barred by the equitable doctrines of waiver and estoppel because of the acts, conducts and omissions of Parks and their agents and employees.

5. All conduct and activities, if any, of Chiu as alleged in Parks crossclaims conform to statutes, rules and regulations existing at all relevant times alleged in Parks crossclaims.

6. Chiu exercised due care and diligence in all of the matters alleged in Parks crossclaims and no act or omission by Chiu was the proximate cause of any damage, injury or loss to Parks.

7. Chiu alleges on information and belief that Parks recovery, if any, must be reduced in direct proportion to Parks failure to mitigate damages.

//

8. Parks have not incurred any response costs for which recovery is permitted under CERCLA.

9. Chiu alleges on information and belief that if Parks sustained damages as alleged in their crossclaims, that damage was proximately caused and contributed to by persons, entities or parties other than Chiu by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Chiu should only be liable for the amount of non-economic damages allocated to and in direct proportion to his percentage of fault pursuant to Civil Code § 1431.2 and other applicable law.

10. The harm alleged by Parks to have been caused by the actual or threatened releases of hazardous substances alleged against Chiu in the crossclaim is sustained from or can be rationally apportioned from the harm alleged to have been caused by the actual or threatened release of hazardous substances by other third parties not in control of Chiu. As a result, Parks are not entitled to the imposition of joint and several liability against Chiu.

11. OneOne One orOne or One or moreOne or more One or more ofOne or more of One or more of Parks C

12. Chiu alleges on information and belief that if it is found that Chiu is in any manner legally responsible for damages, if any, sustained by Parks, which claim is not admitted but merely stated for the purposes of this defense, that any such damage found to have been incurred or suffered by Parks in this action was proximately caused or contributed to by other defendants or cross-defendants in this case, whether served or not served, or by other persons not party to this action; and it is necessary that the proportionate degree of negligence or fault of each said persons, whether parties to this action or not, be determined and prorated; that any judgment that might be rendered against Chiu be reduced not only by that degree of comparative negligence or assumption of risk found to exist as to Parks but also the total of that degree of negligence or fault found to exist as to other persons; and if Chiu is required to pay any amount in excess of Chiu s proportionate degree of comparative fault, if any, than Chiu is entitled to recover from other defendants and cross-defendants, and each of them, the amount of said excess paid.

13. Chiu alleges on information and belief there has not been any release or threatened release of hazardous substances by Chiu within the meaning of CERCLA, 42 U.S.C. § 9607(a).

14. Chiu alleges on information and belief that no conduct or condition attributable to Chiu constitutes a violation of California Health and Safety Code §§ 25300 *et seq*.

15. If there was any release at the site during any activity or operation at the subject property by Chiu, such release was *de minimis*.

16. Parks crossclaim fails to state facts sufficient to support a claim for attorney s fees whether such claims be based on contract, on statute or in equity.

17. Chiu alleges on information and belief that the alleged conduct of Chiu was justified and privileged.

18. Chiu alleges on information and belief that any equitable relief sought by Parks is barred because Parks have an adequate remedy at law.

19. Chiu alleges on information and belief that any equitable relief sought by Parks is barred because of the doctrine of changed circumstances.

20. Chiu alleges on information and belief that at all times mentioned in the crossclaim Chiu acted in good faith with reasonable and probable cause for Chiu s actions.

21. Chiu alleges on information and belief that Parks are not entitled to any form of indemnity or contribution to the extent the damages suffered, if any, resulted from the intentional or reckless conduct of Parks.

22. Chiu alleges on information and belief that the conduct of Parks was primary and active whereas the conduct, if any, of Chiu was secondary and passive thereby denying Parks any entitlement to indemnity or contribution.

23. Chiu alleges Chiu presently has insufficient knowledge and information to form a belief as to whether Chiu may have additional, as yet unstated, defenses available. Chiu reserves the right to insert such additional defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Chiu prays judgment as follows:

1. Parks take nothing by reason of the their crossclaim;

2. Judgment be rendered in favor of Chiu;

3. This action be dismissed against Chiu;

4. For attorney s fees as permitted by contract, equity or statute;

5. Chiu be awarded his costs of suit incurred herein; and

6. For such other relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Chiu hereby demands a trial by jury on all issues so triable in this action.

Dated: February __, 2008

EDWARD W. POLSON  
Attorney for Gabriel H. Chiu, Trustee of the  
CHIU FAMILY TRUST