1  EDWARD W. POLSON, State Bar No. 062423
   5000 Hopyard Road, Suite 400
2  Pleasanton, CA 94588
   Tel: (925) 225-9600
3  Fax: (925) 463-3110
   Email: epolson@sbcglobal.net
4
   Attorney for Cross-Defendant Gabriel H. Chiu,
5  as Trustee of the Chiu Family Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER ) ) ) | CASE NO.: 3:07-cv-05354 MHP |
| Plaintiffs, ) ) | COMPLAINT FILED:  10/19/07<br>TRIAL DATE  None Set |
| vs. ) ) | |
| DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK ) ) ) ) ) | COUNTERCLAIM OF GABRIEL H. CHIU, AS TRUSTEE OF THE CHIU FAMILY TRUST |
| Defendants. ) | |
| GABRIEL H. CHIU, Trustee of the CHIU FAMILY TRUST, ) ) ) | DEMAND FOR JURY TRIAL |
| Cross-Claimant, ) ) | |
| vs. ) ) | |
| DWIGHT W. PERRY, CARLTON L. PERRY, NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, KUI JA LEE, DUBLIN TOWN & COUNTRY ASSOCIATES, a partnership, and WILLIAM F. KARTOZIAN, ) ) ) ) ) ) ) | |
| Counter-Defendants. ) | |
| AND RELATED COUNTERCLAIMS AND CROSSCLAIMS ) ) ) | |

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, GABRIEL H. CHIU, Trustee of the CHIU FAMILY TRUST ( Chiu ) hereby asserts the following counterclaims against DWIGHT W. PERRY, CARLTON L. PERRY, NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, KUI JA LEE, DUBLIN TOWN & COUNTRY ASSOCIATES, a general partnership, and WILLIAM F. KARTOZIAN (collectively  Counter-Defendants ) as follows:

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1. Chiu s counterclaims arise out of the alleged environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road in Dublin, California ( Property ) alleged in the Complaint of the Plaintiffs Bruce A. Burrows and James A. Roessler.

2. This Court has jurisdiction over the subject matter of these counter-claims under the provisions of 42 U.S.C. §§ 9613(b) and 28 U.S.C. § 1367(a).  Venue is proper under the provisions of 42 U.S.C. §§ 9613 because the claims stated herein arose in this district. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in the judicial district of Alameda County.

### THE PARTIES

3. Counter-Defendant Nam Sun Park is a natural person, and at all relevant times herein operates a dry cleaners with the principal place of business at the Property.

4. Counter-Defendant Seung Hee Park is a natural person, and at all relevant times herein operates a dry cleaners with the principal place of business at the Property.

5. Counter-Defendant Kwang Suk Lee is a natural person whose residence is unknown.

6. Counter-Defendant Kui Ja Lee is a natural person whose residence is unknown.

7. Counter-Defendant Dwight W. Perry is a natural person whose residence is unknown.

8. Counter-Defendant Carlton L. Perry is a natural person whose residence is unknown.

9. Chiu alleges on information and belief that Counter-Defendant Dublin Town & Country Associates ( DTCA ) is a general partnership which owned the Property from 1984

1  until on or about March, 2005 when the Property was sold to Chiu.

2  10. Chiu alleges on information and belief that Counter-Defendant William F. Kartozian
3  was at all relevant times a general partner of DTCA.

4  11. Counter-Claimant Gabriel H. Chiu is the Trustee of the Chiu Family Trust doing
5  business in Alameda County, California.

## GENERAL ALLEGATIONS

7  12. Counter-Defendants, and each of them, at all relevant times to these counterclaim are
8  or were owners of the Property or operators of businesses at the Property.

9  13. Chiu alleges on information and belief that Counter-Defendants Nam Sun Park and
10 Kui Ja Park ( Parks ) have operated a dry cleaning business at the Property since September
11 1999 to the present.

12 14. Chiu alleges on information and belief that Counter-Defendants Kwang Suk Lee and
13 Kui Ja Lee ( Lees ) operated a dry cleaning business at the Property from August 1994 until
14 September 1999.

15 15. Chiu alleges on information and belief that DTCA was the owner of the Property
16 from approximately 1984 until March 2005.

17 16. The Chiu Family Trust is the current owner of the Property and became the owner of
18 the Property on or about March 2005 by purchase of the Property from DTCA.

19 17. Chiu alleges on information and belief that Dwight W. Perry and Carlton L. Perry
20 ( Perrys ) operated a dry cleaner at the Property from approximately the summer of 1985 to the
21 summer of 1994.

22 18. Chiu alleges on information and belief that Counter-Defendants during their
23 respective ownership or occupancy of the Property caused or permitted the release of
24 Perchlorethylene ( PCE ) and other dry cleaning chemicals into the environment.

25 19. Chiu alleges on information and belief that as a direct and proximate result of
26 Counter-Defendants conduct and failure to act and their assumption of liabilities as the owners
27 or occupants of the Property, the condition of the Property was such it resulted in the release of
28 hazardous substances onto the Property, air, surrounding properties and groundwater.

## FIRST COUNTERCLAIM

(Contribution Pursuant to CERCLA § 113(f)

20. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

21. The Property is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. Each Counter-Defendant is a liable or potentially liable person within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

23. The Complaint filed by Plaintiff herein alleges a civil action based on Section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

24. Chui is entitled to contributions from Counter-Defendants as this Court deems appropriate pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## SECOND COUNTERCLAIM

(Hazardous Substance Statutory Indemnity)

25. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

26. Chiu alleges on information and belief that the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, 25395 (hereinafter the HSAA ) was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is or was allegedly discharged into the environment for such facility.

27. Chiu may incur costs arising from the hazardous substance contamination of the soil, air and groundwater in and around the Property.

28. Counter-Defendants, and each of them, are liable persons under the HSAA due to their status as either owners of the property, assignees of the owners of the property or arrangers of the disposal and discharge of hazardous substances on account of said Counter-Defendants

actual and direct control of the method of disposal of contaminants on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. Chiu is entitled to indemnification and contribution from Counter-Defendants, in whole or in part, based upon California Health & Safety Code Section 25363(e).

### THIRD COUNTERCLAIM

(Equitable Indemnity)

29. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

30  In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, whose liability is expressly denied, Chiu alleges on information and belief that such liability will arise wholly or partly by reason of the conduct of the Counter-Defendants, or that Counter-Defendants are jointly liable for said liability.  Counter-Defendants are therefore, bound and obligated to defend, indemnify and hold harmless Chiu from and against any and all claims, losses, damages, attorney s fees, judgments and settlement expenses incurred, or to be incurred, in this action by Chiu.

### FOURTH COUNTERCLAIM

(Declaratory Relief)

31. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

32. A determination of the proportionate degree of liability, if any, of Chiu, on the one hand, and Counter-Defendants, on the other, is necessary to protect the rights of Chiu.

33. An actual controversy has arisen and now exists relating to the legal rights and duties of Chiu and all Counter-Defendants, and each of them, for which Chiu desires a declaration of their rights and indemnification, in which Chiu contends, and Chiu is informed and believes, that Counter-Defendants deny, the following:

    A.    That as between these parties, the responsibility, if any, for the damages claimed by Plaintiffs and Cross-Claimants rests entirely on Counter-Defendants.

  B. That as a result, Counter-Defendants are obligated to partially indemnify or fully indemnify Chiu for sums that Chiu may be held to pay as a result of any damages, judgments, settlement or other awards recovered against Chiu by the federal or state government or private party as a result of the toxic chemical contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil, air and water; and

  C. Chiu alleges on information and belief that Counter-Defendants deny any such liability.

34. Chiu is entitled to, and hereby requests, a judicial determination of Chiu s rights to indemnification and contribution, and a declaration that Counter-Defendants or others, and not Chiu, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil, air and groundwater in and around the Property.

### FIFTH COUNTERCLAIM

(Porter-Cologne Statutory Contribution)

35. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

36. Chiu alleges on information and belief that the Porter-Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater. To the extent Chiu incurs costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Property, Chiu is statutorily entitled to contribution pursuant to Water Code Section 13350(j) and hereby requests contribution and indemnification pursuant to that section as against Counter-Defendants.

### SIXTH COUNTERCLAIM

(Negligence)

37. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

38. Chiu alleges on information and belief that during Counter-Defendants respective periods of ownership or operations at the Property, sudden and accidental releases of contaminants or hazardous substances may have occurred, resulting in contamination at the Property. Some of the sudden and accidental releases are attributable to Counter-Defendants negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the release of hazardous substances into the environment.

39. Chiu alleges on information and belief that Counter-Defendants, and each of them, breached their duty by negligently causing, permitting or contributing to contamination at the Property, surrounding properties, soils, air and groundwater.

40. Chiu alleges on information and belief that as a proximate result of Counter-Defendants negligence, Chiu has suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property and related properties. Such costs also include attorneys fees and consultants fees incurred as a direct and proximate result of said negligence.,

## SEVENTH COUNTERCLAIM

(Equitable Contribution)

41. Chiu realleges and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

42. Chiu denies he was in any way primarily or actively negligent and his liability, if any, to Plaintiffs and Cross-Claimants would be solely vicarious and would be based upon passive and secondary conduct, or would arise as a matter of law. The damages to Plaintiffs and Cross-Claimants, if any, were the result of active and affirmative negligence of Counter-Defendants. Said active negligence of Counter-Defendants was a legal cause of the damages of which Plaintiffs and Cross-Claimants complain.

43. Chiu further contends that if he is held liable to Plaintiff and Cross-Claimants for damages, Chiu is entitled to contribution for the payment of any judgment in favor of Plaintiffs or Cross-Claimants and against Counter-Defendants, or any settlement in part in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and

created by Counter-Defendants, for the matters alleged in the Complaint and Cross-Claims, and Counter-Defendants should indemnify Chiu and hold him harmless from any and all claims by Plaintiffs and Cross-Claimants and reimburse Chiu for any monies paid in satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment, for all attorney s fees in defending said action and the cost of investigation of the matters alleged in the Complaint.

44. By reason of the foregoing, Chiu contends that if he is held liable to Plaintiffs or Cross-Claimants for damages set forth in the Complaint or Cross-Claims, that under the doctrine of indemnity for comparative contribution, Chiu is entitled to contribution or indemnification on the basis that Counter-Defendants, and each of them, should be required to share liability with Chiu pro rata on the basis of relative fault that each bears for the total damage award suffered or received, if any, by Plaintiffs or Cross-Claimants in the form of any judgment, settlement or compromise. Chiu further contends that he is entitled to be reimbursed for attorney s fees in defending said action and for the investigation of the matters alleged in the Complaint and Cross-Claims.

## PRAYER FOR RELIEF

WHEREFORE, Chiu prays judgment as follows:

1. For recovery and contribution from Counter-Defendants, and each of them, of all response costs incurred, and to be incurred by Chiu, in response to the alleged release of hazardous substances in and around the Property according to proof at trial;

2. For damages against Counter-Defendants, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination in an amount according to proof at trial;

3. For compensatory damages according to proof;

4. For incidental and consequential damages according to proof;

5. For prejudgment interest at the legal rate;

6. For attorney s fees and costs as allowed by statute, contract or equity; and

7. For such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Chiu demands a trial by jury on all issues so triable.

Dated: February 19, 2008

_____
EDWARD W. POLSON
Attorney for Gabriel H. Chiu, Trustee of the
CHIU FAMILY TRUST