1  EDWARD W. POLSON, State Bar No. 062423
   5000 Hopyard Road, Suite 400
2  Pleasanton, CA 94588
   Tel: (925) 225-9600
3  Fax: (925) 463-3110
   Email: epolson@sbcglobal.net
4
   Attorney for Cross-Defendant Gabriel H. Chiu,
5  as Trustee of the Chiu Family Trust

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | BRUCE A. BURROWS and CARRIE A. ROESSLER | CASE NO. C07-05354 MHP |
   |---|---|
12 | | COMPLAINT FILED: 10/19/07 |
   | Plaintiffs, | TRIAL DATE None Set |
13 | | |
   | vs. | |
14 | | |
   | DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK | RESPONSE OF GABRIEL H. CHIU, AS TRUSTEE OF THE CHIU FAMILY TRUST TO THE CROSSCLAIMS OF DWIGHT W. PERRY AND CARLTON L. PERRY |
15 | | |
16 | | |
17 | Defendants. | |
18 | DWIGHT W. PERRY, | |
19 | Cross-claimants | DEMAND FOR JURY TRIAL |
20 | vs. | |
21 | NAM SUN PARK, SEUNG HEE PARK, KWANG SUK LEE, GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST, | |
22 | | |
23 | | |
   | Cross-defendants. | |
24 | AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | |

25

26     Cross-defendant Gabriel H. Chiu (hereinafter "Chiu"), through his attorney of record,

27 responds to the crossclaims of Dwight W. Perry and Carlton L. Perry as follows:

28 //

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

1. Chiu admits the allegations of Paragraph 1 with the exception any environmental contamination is merely alleged and is subject to proof at trial.

2. Chiu admits the allegations of Paragraph 2.

**THE PARTIES**

3. Chiu admits the allegation of Paragraph 3.

4. Chiu admits the allegation of Paragraph 4.

5. Chiu admits the allegation of Paragraph 5 that Kwang Suk Lee is a natural person but denies the place of residence due to lack of information or belief.

6. Chiu admits the allegation of Paragraph 6 that Kui Ja Lee is a natural person but denies the place of residence due to lack of information or belief.

7. Chiu admits the allegation of Paragraph 7.

8. Chiu admits the allegation of Paragraph 8 that Dwight W. Perry is a natural person but denies his place of residence due to lack of information or belief.

9. Chiu admits the allegation of Paragraph 9 that Carlton L. Perry is a natural person but denies his place of residence due to lack of information or belief.

**GENERAL ALLEGATIONS**

10. Chiu admits the allegations of Paragraph 10 on the basis of information and belief.

11. Chiu admits the allegations of Paragraph 11 on the basis of information and belief.

12. Chiu admits the allegations of Paragraph 12 on the basis of information and belief.

13. Chiu admits the allegations of Paragraph 13.

14. Chiu admits the allegations of Paragraph 14 on the basis of information and belief.

15. Chiu denies the allegations of Paragraph 15 to the extent it is alleged that Chiu caused or permitted the release of perchlorethene ( PCE ) and other dry cleaning chemicals into the environment. Chiu denies the remaining allegations of Paragraph 15 due to lack of information or belief.

16. Chiu denies the allegations of Paragraph 16 to the extent such allegations are directed to the alleged acts or omissions of Chiu.

**FIRST CROSSCLAIM**

(Contribution Pursuant to CERCLA § 113(f))

17. Chiu refers to his responses to Paragraphs 1 through 16, inclusive, and incorporates them herein by reference.

18. Chiu admits the allegations of Paragraph 18.

19. Chiu admits the allegations of Paragraph 19 that Chiu is a potentially liable person but denies actual liability.

20. Chiu admits the allegations of Paragraph 20.

21. Chiu denies the allegations of Paragraph 21 to the extent Perrys seek contribution from Chiu..

**SECOND CROSSCLAIM**

(Hazardous Substance Statutory Indemnity)

22. Chiu refers to his responses to Paragraphs 1 through 21, inclusive, and incorporates them herein by reference.

23. Paragraph 23 contains statements on the existence of and conclusions about the purpose and meaning of statute and no response is required beyond the fact the law speaks for itself.

24. Chiu denies the allegations of Paragraph 24 due to lack of information or belief.

25. Chiu admits the allegations of Paragraph 25 that Chiu is the current owner of the Property and denies the remaining allegations due to lack of information or belief.

**THIRD CROSSCLAIM**

(Equitable Indemnity)

26. Chiu refers to his responses to Paragraphs 1 through 25, inclusive, and incorporates them herein by reference.

27. Chiu denies the allegations of Paragraph 27 to the extent such allegations are directed to Chiu.

//

//

## FOURTH CROSSCLAIM

(Declaratory Relief)

28. Chiu refers to his responses to Paragraphs 1 through 27, inclusive, and incorporates them herein by reference.

29. Chiu denies the allegations of Paragraph 29 due to lack of information or belief.

30. Chiu admits the allegations of Paragraph 30 that there is an existing controversy among the parties. Chiu denies the remaining allegations of Paragraph 30 due to lack of information or belief.

31. Chiu admits the allegation of Paragraph 31 regarding the need for declaratory relief. Chiu specifically denies that Chiu bears any responsibility for damages claimed by the Perrys and that Chiu is in any way obligated to indemnify the Perrys. Chiu denies the remaining allegations of Paragraph 31 due to lack of information or belief.

## FIFTH CROSSCLAIM

(Porter-Cologne Statutory Contribution)

32. Chiu refers to his responses to Paragraphs 1 through 31, inclusive, and incorporates them herein by reference.

33. The first sentence of Paragraph 33 contains statements on the existence of and conclusions about the purpose and meaning of statute and no response is required beyond the fact the law speaks for itself. Chiu denies the remaining allegations of Paragraph 33 due to lack of information or belief.

## SIXTH CROSSCLAIM

(Violation of RCRA-42 U.S.C. § 6972(a)(1)(B))

34. Chiu refers to his responses to Paragraphs 1 through 33, inclusive, and incorporates them herein by reference.

35. The Perrys allegations and claims under RCRA are not within the jurisdiction of this Court because the prior notice required by statute to be given by the Perrys has not been given and this crossclaim should therefore be summarily dismissed. Chiu otherwise denies the allegations of Paragraph 35.

36. Chiu denies the allegations of Paragraph 36.

## SEVENTH CROSSCLAIM

(Negligence)

37. Chiu refers to his responses to Paragraphs 1 through 36, inclusive, and incorporates them herein by reference.

38. Chiu denies the allegations of Paragraph 38 to the extent the allegations are directed to Chiu.

39. Chiu denies the allegations of Paragraph 39 to the extent the allegations are directed to Chiu.

40. Chiu denies the allegations of Paragraph 40.

## EIGHTH CROSSCLAIM

(Equitable Contribution)

41. Chiu refers to his responses to Paragraphs 1 through 40, inclusive, and incorporates them herein by reference.

42. Chiu denies the allegations of Paragraph 42 due to lack of information or belief.

43. Chiu denies the allegations of Paragraph 43 to the extent the allegations are directed to Chiu.

44. Chiu denies the allegations of Paragraph 44 to the extent the allegations are directed to Chiu.

## AFFIRMATIVE DEFENSES

1. The crossclaim and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Chiu.

2. Chiu alleges on information and belief that the crossclaim and relief sought therein are barred by the doctrine of unclean hands.

3. Chiu alleges on information and belief the one or more of Perrys claims may be barred by the statutes of limitation including, but not limited to, 42 U.S.C. § 9613.(g) and California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340 and 343.

//

1    4. Perrys crossclaims and each cause of action applicable to Chiu are barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of Perrys and their agents and employees.

5. All conduct and activities, if any, of Chiu as alleged in Perrys crossclaims conform to statutes, rules and regulations existing at all relevant times alleged in Perrys crossclaims.

6. Chiu exercised due care and diligence in all of the matters alleged in Perrys crossclaims and no act or omission by Chiu was the proximate cause of any damage, injury or loss to Perrys.

7. Chiu alleges on information and belief that Perrys recovery, if any, must be reduced in direct proportion to Perrys failure to mitigate damages.

8. Perrys have not incurred any response costs for which recovery is permitted under CERCLA.

9. Chiu alleges on information and belief that if Perrys sustained damages as alleged in their crossclaims, that damage was proximately caused and contributed to by persons, entities or parties other than Chiu by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Chiu should only be liable for the amount of non-economic damages allocated to and in direct proportion to his percentage of fault pursuant to Civil Code § 1431.2 and other applicable law.

10. The harm alleged by Perrys to have been caused by the actual or threatened releases of hazardous substances alleged against Chiu in the crossclaim is sustained from or can be rationally apportioned from the harm alleged to have been caused by the actual or threatened release of hazardous substances by other third parties not in control of Chiu. As a result, Perrys are not entitled to the imposition of joint and several liability against Chiu.

11. OneOne One orOne or One or moreOne or more One or more ofOne or more of One or more of Perrys

12. Chiu alleges on information and belief that if it is found that Chiu is in any manner legally responsible for damages, if any, sustained by Perrys, which claim is not admitted but merely stated for the purposes of this defense, that any such damage found to have been incurred or suffered by Perrys in this action was proximately caused or contributed to by other defendants

1  or cross-defendants in this case, whether served or not served, or by other persons not party to
2  this action; and it is necessary that the proportionate degree of negligence or fault of each said
3  persons, whether parties to this action or not, be determined and prorated; that any judgment that
4  might be rendered against Chiu be reduced not only by that degree of comparative negligence or
5  assumption of risk found to exist as to Perrys but also the total of that degree of negligence or
6  fault found to exist as to other persons; and if Chiu is required to pay any amount in excess of
7  Chiu s proportionate degree of comparative fault, if any, than Chiu is entitled to recover from
8  other defendants and cross-defendants, and each of them, the amount of said excess paid.

9        13. Chiu alleges on information and belief there has not been any release or threatened
10 release of hazardous substances by Chiu within the meaning of CERCLA, 42 U.S.C. § 9607(a).

11       14. Chiu alleges on information and belief that no conduct or condition attributable to
12 Chiu constitutes a violation of California Health and Safety Code §§ 25300 *et seq*.

13       15. If there was any release at the site during any activity or operation at the subject
14 property by Chiu, such release was *de minimis*.

15       16. Perrys crossclaim fails to state facts sufficient to support a claim for attorney s fees
16 whether such claims be based on contract, on statute or in equity.

17       17. Chiu alleges on information and belief that the alleged conduct of Chiu was justified
18 and privileged.

19       18. Chiu alleges on information and belief that any equitable relief sought by Perrys is
20 barred because Perrys have an adequate remedy at law.

21       19. Chiu alleges on information and belief that any equitable relief sought by Perrys is
22 barred because of the doctrine of changed circumstances.

23       20. Chiu alleges on information and belief that at all times mentioned in the crossclaim
24 Chiu acted in good faith with reasonable and probable cause for Chiu s actions.

25       21. Chiu alleges on information and belief that Perrys are not entitled to any form of
26 indemnity or contribution to the extent the damages suffered, if any, resulted from the intentional
27 or reckless conduct of Perrys.
28 //

22. Chiu alleges on information and belief that the conduct of Perrys was primary and active whereas the conduct, if any, of Chiu was secondary and passive thereby denying Perrys any entitlement to indemnity or contribution.

23. Chiu alleges Chiu presently has insufficient knowledge and information to form a belief as to whether Chiu may have additional, as yet unstated, defenses available. Chiu reserves the right to insert such additional defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Chiu prays judgment as follows:

1. Perrys take nothing by reason of the their crossclaim;
2. Judgment be rendered in favor of Chiu;
3. This action be dismissed against Chiu;
4. For attorney s fees as permitted by contract, equity or statute;
5. Chiu be awarded his costs of suit incurred herein; and
6. For such other relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Chiu hereby demands a trial by jury on all issues so triable in this action.

Dated: February __, 2008

                                                EDWARD W. POLSON
Attorney for Gabriel H. Chiu, Trustee of the
CHIU FAMILY TRUST