1  **GREBEN & ASSOCIATES**
   1332 ANACAPA STREET, SUITE 110
2  SANTA BARBARA, CA 93101
   TELEPHONE: (805) 963-9090
3  FACSIMILE: (805) 963-9098

4  Jan A. Greben, State Bar No. 103464
   Jenna L. Motola, State Bar No. 246738
5

6  **LAW OFFICES OF MARTIN DEUTSCH**
   440 NORTH FIRST STREET, SUITE 200
7  SAN JOSE, CA 95112
   TELEPHONE: (408) 947-1760
8  FACSIMILE: (408) 947-0349

9  Martin Deutsch, State Bar No. 111409

10 Attorneys for Defendants and Cross-defendants
   NAM SUN PARK and SEUNG HEE PARK
11

12                   UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 BRUCE A. BURROWS and JAMES A.          | **Case No. 3:07-cv-05354-MHP**
   ROESSLER,
16                                        | COMPLAINT FILED:        10/19/07
                              Plaintiffs, | TRIAL DATE:            None Set
17
18                   vs.
19 DWIGHT W. PERRY, CARLTON L.            | **NAM SUN PARK AND SEUNG HEE
   PERRY, KWANG SUK LEE, KUI JA LEE,     | PARK'S ANSWER TO GABRIEL H.
20 NAM SUN PARK, and SEUNG HEE PARK,     | CHIU, AS TRUSTEE OF THE CHIU
                                         | FAMILY TRUST'S COUNTERCLAIM**
                             Defendants.
21
22                                        | **DEMAND FOR JURY TRIAL**
23
24 And Related Cross-actions.
25
26
27     Cross-defendants NAM SUN PARK and SEUNG HEE PARK (collectively "the

28 PARKS"), by their attorneys of record, hereby file this answer to the Counterclaim of Gabriel H.

                                       1

Chiu, as Trustee of the Chiu Family Trust (collectively "CHIU") in this action as follows:

1. Paragraph 1 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 1 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis, they are denied.

2. Paragraph 2 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 2 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, they are denied.

3. To the extent Paragraph 3 alleges that Nam Sun Park is a natural person, such allegation is admitted. The PARKS specifically deny that the PARKS operated a dry cleaners at any time other than from on or about December 1999 to the present. All other allegations contained in Paragraph 3 are denied.

4. To the extent Paragraph 4 alleges that Seung Hee Park is a natural person, such allegation is admitted. The PARKS specifically deny that the PARKS operated a dry cleaners at any time other than from on or about December 1999 to the present. All other allegations contained in Paragraph 4 are denied.

5. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. The PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. The PARKS lack knowledge or information sufficient to form a belief as to the truth

1   of the allegations contained in Paragraph 10.

2        11.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

3   of the allegations contained in Paragraph 11.

4        12.  Paragraph 12 constitutes a statement and conclusion of law to which no response is

5   required. The PARKS specifically deny: that the PARKS owned the Property; that the PARKS

6   operated a dry cleaning business at the Property any time prior to on or about December 1999.

7   To the extent Paragraph 12 contains any other factual allegations, the PARKS lack knowledge or

8   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12,

9   and on that basis, they are denied.

10        13.  Paragraph 13 constitutes a statement and conclusion of law to which no response is

11   required. The PARKS specifically deny that the PARKS operated a dry cleaning business at the

12   Property prior to on or about December 1999. To the extent Paragraph 13 contains any factual

13   allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

14   of the allegations contained in Paragraph 13, and on that basis, they are denied.

15        14.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

16   of the allegations contained in Paragraph 14.

17        15.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

18   of the allegations contained in Paragraph 15.

19        16.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

20   of the allegations contained in Paragraph 16.

21        17.  The PARKS lack knowledge or information sufficient to form a belief as to the truth

22   of the allegations contained in Paragraph 17.

23        18.  Paragraph 18 constitutes a statement and conclusion of law to which no response is

24   required.  The PARKS specifically deny that the PARKS owned the Property; that the PARKS

25   caused or permitted the release of Perchloroethylene ("PCE") or other dry cleaning chemicals

26   into the environment.  To the extent Paragraph 18 contains any factual allegations, the PARKS

27   lack knowledge or information sufficient to form a belief as to the truth of the allegations

28   contained in Paragraph 18 and on that basis, they are denied.

1    19. Paragraph 19 constitutes a statement and conclusion of law to which no response is

2  required. The PARKS specifically deny: that the PARKS owned the Property; that the PARK's

3  conduct or alleged failure to act and/or the PARK's assumption of liabilities as occupants of the

4  Property, the condition of the Property was such it resulted in the release of hazardous substances

5  onto the Property, air, surrounding properties or groundwater; that any alleged release of

6  hazardous substances onto the Property, air, surrounding properties or groundwater is a direct

7  and proximate result of the PARKS. To the extent Paragraph 19 contains any other factual

8  allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

9  of the allegations contained in Paragraph 19 and on that basis, they are denied.

10    20. The PARKS incorporate their answers to Paragraphs 1 through 19 as through fully set

11  forth herein.

12    21. Paragraph 21 constitutes a statement and conclusion of law to which no response is

13  required. To the extent Paragraph 21 contains any factual allegations, the PARKS lack

14  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

15  Paragraph 21, and on that basis, they are denied.

16    22. Paragraph 22 constitutes a statement and conclusion of law to which no response is

17  required. The PARKS specifically deny that the PARKS are liable or potentially liable persons

18  within the meaning of Section 107(a) of CERCLA, 42 U.S.C. §9607(a). To the extent Paragraph

19  22 contains any factual allegations, the PARKS lack knowledge or information sufficient to form

20  a belief as to the truth of the allegations contained in Paragraph 22, and on that basis, they are

21  denied.

22    23. Paragraph 23 constitutes a statement and conclusion of law to which no response is

23  required. To the extent Paragraph 23 contains any factual allegations, the PARKS lack

24  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

25  Paragraph 23 and on that basis, they are denied.

26    24. Paragraph 24 constitutes a statement and conclusion of law to which no response is

27  required. The PARKS specifically deny that CHIU is entitled to contribution from the PARKS

28  pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1). To the extent Paragraph 24

1   contains any factual allegations, the PARKS lack knowledge or information sufficient to form a

2   belief as to the truth of the allegations contained in Paragraph 24 and on that basis, they are

3   denied.

4       25. The PARKS incorporate their answers to Paragraphs 1 through 24 as through fully set

5   forth herein.

6       26. Paragraph 26 constitutes a statement and conclusion of law to which no response is

7   required.  To the extent Paragraph 26 contains any factual allegations, the PARKS lack

8   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

9   Paragraph 26 and on that basis, they are denied.

10      27.  Paragraph 27 constitutes a statement and conclusion of law to which no response is

11  required.  The PARKS specifically deny that CHIU may incur costs arising from the hazardous

12  substance contamination of the soil, air and groundwater in and around the Property. To the

13  extent Paragraph 27 contains any factual allegations, the PARKS lack knowledge or information

14  sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and on that

15  basis, they are denied.

16      28.  Paragraph 28 constitutes a statement and conclusion of law to which no response is

17  required.  The PARKS specifically deny: that the PARKS are liable person under the Carpenter-

18  Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections

19  25300, 25395 ("HSAA"); that the PARKS owned the Property; that the PARKS are liable under

20  HSAA on account of the PARKS' actual and direct control of the method of disposal of

21  contaminants on the Property; and that CHIU is entitled to indemnification and contribution in

22  whole or in part, from the PARKS. To the extent Paragraph 28 contains any other factual

23  allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth

24  of the allegations contained in Paragraph 28 and on that basis, they are denied.

25      29.  The PARKS incorporate their answers to Paragraphs 1 through 28 as through fully

26  set forth herein.

27      30.  Paragraph 30 constitutes a statement and conclusion of law to which no response is

28  required. The PARKS specifically deny: that in the event liability should be established in this

1    action or in any administrative or regulatory action based on the contamination alleged in this

2    action, whose liability is expressly denied, such liability is wholly or partly by reason of the

3    PARKS; that the PARKS are jointly liable for said liability; that the PARKS are bound and

4    obligated to defend, indemnify and hold harmless CHIU from and against any claims, losses,

5    damages, attorney's fees, judgments and settlement expenses incurred, or to be incurred in this

6    action by CHIU; that CHIU has or will incur expenses. To the extent Paragraph 30 contains any

7    factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to

8    the truth of the allegations contained in Paragraph 30, and on that basis, they are denied.

9        31. The PARKS incorporate their answers to Paragraphs 1 through 30 as through fully

10   set forth herein.

11       32. Paragraph 32 constitutes a statement and conclusion of law to which no response is

12   required.  To the extent Paragraph 32 contains any factual allegations, the PARKS lack

13   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

14   Paragraph 32 and on that basis, they are denied.

15       33.  Paragraph 33 constitutes a statement and conclusion of law to which no response is

16   required.  To the extent Paragraph 33 contains any factual allegations, the PARKS lack

17   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

18   Paragraph 33, and on that basis, they are denied.

19       34.  Paragraph 34 constitutes a statement and conclusion of law to which no response is

20   required.  The PARKS specifically deny: that the PARKS, and not CHIU, are liable for any costs

21   incurred or to be incurred to remove, clean-up and remediate the alleged hazardous substance

22   contamination of the soil, air and groundwater in and around the Property; that CHIU is entitled

23   to a judicial determination of CHIU's rights to indemnification and contribution from the

24   PARKS.  To the extent Paragraph 34 contains any factual allegations, the PARKS lack

25   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

26   Paragraph 34 and on that basis, they are denied.

27       35. The PARKS incorporate their answers to Paragraphs 1 through 34 as through fully set

28   forth herein.

36. Paragraph 36 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny that CHIU is statutorily entitled to contribution pursuant to Water Code Section 13350(j). To the extent Paragraph 36 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis, they are denied.

37. The PARKS incorporate their answers to Paragraphs 1 through 36 as through fully set forth herein.

38. Paragraph 38 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny: that during the PARKS' operations at the Property, sudden and accidental releases of contaminants and/or hazardous substances may have occurred, resulting in contamination at the Property; that the PARKS have acted negligent and failed to properly operate, maintain, repair, and manage the Property; that any sudden and accidental releases are attributable to the PARKS' alleged negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the release of hazardous substances into the environment. To the extent Paragraph 38 contains any other factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis, they are denied.

39. Paragraph 39 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny: that the PARKS had any duty to CHIU; that the PARKS breached any duty; that the PARKS negligently caused, permitted and/or contributed to contamination at the Property, surrounding properties, soils and groundwater. To the extent Paragraph 39 contains any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis, they are denied.

40. Paragraph 40 constitutes a statement and conclusion of law to which no response is required. The PARKS specifically deny: that CHIU has suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property and related properties;

1    that such costs also include attorneys' fees and consultants' fees incurred; that said costs incurred
2    or to be incurred by CHIU are a direct and proximate of the PARKS' alleged negligence; that any
3    action or omission by the PARKS constituted negligence. To the extent Paragraph 40 contains
4    any factual allegations, the PARKS lack knowledge or information sufficient to form a belief as
5    to the truth of the allegations contained in Paragraph 40, and on that basis, they are denied.

6        41.  The PARKS incorporate their answers to Paragraphs 1 through 40 as through fully
7    set forth herein.

8        42.  Paragraph 42 constitutes a statement and conclusion of law to which no response is
9    required. The PARKS specifically deny: that CHIU was not in any way primarily or actively
10   negligent and his liability to the Plaintiffs and Cross-Claimants would be solely vicarious and
11   would be based upon passive and secondary conduct, or would arise as a matter of law; that the
12   damages to Plaintiffs, if any, are the result of active and affirmative negligence of the PARKS;
13   that said alleged active negligence of the PARKS was a legal cause of the damages which
14   Plaintiffs complain. To the extent Paragraph 42 contains any factual allegations, the PARKS lack
15   knowledge or information sufficient to form a belief as to the truth of the allegations contained in
16   Paragraph 42, and on that basis, they are denied.

17       43. Paragraph 43 constitutes a statement and conclusion of law to which no response is
18   required. The PARKS specifically deny: that if CHIU is held liable to Plaintiffs and Cross-
19   Claimants for damages, CHIU is entitled to contribution for the payment of any judgment in
20   favor of Plaintiffs, Cross-Claimants, and against the PARKS, or any settlement in part in
21   anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and
22   negligence allegedly caused and created by the PARKS, for matters alleged in the Complaint and
23   Cross-Claims; that the PARKS should indemnify CHIU and hold him harmless for any claims by
24   Plaintiffs and Cross-Claimants; that the PARKS should reimburse CHIU for any monies paid in
25   satisfaction of any judgment or any monies paid as settlement in anticipation of and judgment, or
26   for any attorney fees in defending said action and the cost of investigation of the matters alleged
27   in the Complaint. To the extent Paragraph 43 contains any factual allegations, the PARKS lack
28   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

1   Paragraph 43, and on that basis, they are denied.

2   44. Paragraph 44 constitutes a statement and conclusion of law to which no response is

3   required. The PARKS specifically deny: that if CHUI is held liable to Plaintiffs or Cross-

4   Claimants for damages set fourth in the Complaint or Cross-Claims, that under the doctrine of

5   indemnity for comparative contribution, CHIU is entitled to contribution or indemnification from

6   the PARKS; that the PARKS should be required to share liability with CHIU pro rata on the

7   basis of relative fault that each bears for the total damage award suffered or received, if any, by

8   Plaintiffs or Cross-Claimants in the form of any judgment, settlement or compromise; that CHIU

9   is entitled from the PARKS to be reimbursed for attorney fees in defending said action and for

10  the investigation of the matters alleged in the Complaint and Cross-Claims. To the extent

11  Paragraph 44 contains any factual allegations, the PARKS lack knowledge or information

12  sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and on that

13  basis, they are denied.

14  **AFFIRMATIVE DEFENSES**

15  The PARKS allege the following affirmative defenses against the allegations contained in

16  CHIU's Counterclaim:

17  FIRST AFFIRMATIVE DEFENSE

18  (Failure to State a Claim Upon Which Relief May be Granted)

19  One or more of CHIU's claims fail to state a claim upon which relief may be granted.

20  SECOND AFFIRMATIVE DEFENSE

21  (Statute of Limitations)

22  One or more of CHIU's claims are barred by the statute of limitations, including but not

23  limited to, 42 U.S.C § 9613(g) and California Code of Civil Procedure § § 337, 338, 338.1, 339,

24  340, and 343.

25  THIRD AFFIRMATIVE DEFENSE

26  (Laches)

27  One or more of CHIU's claims are barred by the doctrine of laches.

28  FOURTH AFFIRMATIVE DEFENSE

1    (Due Care)

2    At all times relevant hereto, the PARKS acted with due care, complied with all statutory,

3    regulatory, and common law requirements, and otherwise conducted themselves as responsible

4    persons under the circumstances.

5    FIFTH AFFIRMATIVE DEFENSE

6    (Third Party Fault)

7    The release or threatened release of hazardous substances alleged in the Counterclaim,

8    and any costs or damages resulting therefrom, were caused solely by the acts or omissions of

9    third parties other than employees or agents of the PARKS and/or other than persons whose acts

10   or omissions occurred in connection with a contractual relationship existing, directly or

11   indirectly, with the PARKS.

12   SIXTH AFFIRMATIVE DEFENSE

13   (Failure to Mitigate)

14   Any recovery to which CHIU is entitled should be limited because CHIU failed to

15   mitigate his damages.

16   SEVENTH AFFIRMATIVE DEFENSE

17   (Proportionate Share)

18   In the event the PARKS are held responsible for any of the harm or endangerment alleged

19   in the Counterclaim and affirmative relief is granted against the PARKS, then the PARKS'

20   liability should be proportionate to their contribution to the alleged harm or endangerment, if any,

21   and the contribution of CHIU  and his employees and agents, co-defendants, and other persons

22   and entities who sent material to the subject site, or who otherwise contributed to the alleged

23   harm or endangerment, under the provisions of California Civil Code § 1431.2.

24   EIGHTH AFFIRMATIVE DEFENSE

25   (Fifth Amendment)

26   The PARKS cannot be held responsible for their innocent, reasonable, and legal

27   activities, or for such activities performed by the PARKS's employees or agents, because to do

28   so would violate the PARKS' rights under the Fifth Amendment of the Constitution of the

---

10

1   United States of America.

2                          NINTH AFFIRMATIVE DEFENSE

3                                      (Estoppel)

4          As a result of the acts, conduct, and/or omissions of CHIU, the Counterclaim, and each

5   claim therein, are barred by the doctrine of estoppel.

6                          TENTH AFFIRMATIVE DEFENSE

7                                      (Waiver)

8          As a result of the acts, conduct, and/or omissions of CHIU, the Counterclaim, and each

9   claim therein, has been waived.

10                        ELEVENTH AFFIRMATIVE DEFENSE

11                             (Act of God, War, or Omissions)

12         The release or threatened release of hazardous substances which is alleged in CHIU's

13  Counterclaim were caused solely by one or more acts of God, an act of war, or by the acts or

14  omissions of a third party or parties other than an employee or agent of the PARKS and with

15  whom the PARKS had no contractual relationship, and in connection therewith the PARKS

16  exercised due care and took adequate precautions against foreseeable acts and omissions by any

17  such third parties pursuant to 42 U.S.C. § 9607(b).

18                        TWELFTH AFFIRMATIVE DEFENSE

19                                (State of Knowledge)

20         Any conduct of the PARKS relating to matters alleged in the Counterclaim conformed to

21  statutes, government regulations, and industry standards based upon the state of knowledge

22  existing at the times alleged in the Counterclaim.

23                       THIRTEENTH AFFIRMATIVE DEFENSE

24                         (Failure to Name All Necessary Parties)

25         CHIU has failed to join indispensable parties necessary for the just and complete

26  adjudication of the matters raised in the Counterclaim.

27                      FOURTEENTH AFFIRMATIVE DEFENSE

28                                      (Offset)

                                           11

1    CHIU's recovery, if any, against the PARKS must be offset by any amount CHIU must
2    pay as a responsible party.

3                    FIFTEENTH AFFIRMATIVE DEFENSE

4                        (Apportionment of Harm)

5        The harm alleged by CHIU to have been caused by the actual or threatened releases of
6    hazardous substances alleged against the PARKS in the Counterclaim is distinct from and/or can
7    rationally be apportioned from the harm allege to have been caused by the actual or threatened
8    releases of hazardous substances by other third parties not in the control of the PARKS.  As a
9    result, CHIU is not entitled to the imposition of joint and several liability against the PARKS.

10

11                   SIXTEENTH AFFIRMATIVE DEFENSE

12                       (Assumption of Risk)

13       One or more of CHIU's claims are barred by the doctrine of assumption of risk.

14                   SEVENTEENTH AFFIRMATIVE DEFENSE

15                        (Unclean Hands)

16       One or more of CHIU's claims are barred by the doctrine of unclean hands.

17                   EIGHTEENTH AFFIRMATIVE DEFENSE

18                     (Contributory Negligence)

19       At all times and places referred to in CHIU's Counterclaim on file herein, and the alleged
20   claims for relief therein contained, CHIU himself was negligent in and about those matters
21   alleged in the Counterclaim, and the negligence of CHIU directly and proximately contributed to
22   the happening of the matters referred to in CHIU's Counterclaim on file herein and the alleged
23   claims for relief therein contained, and to the damages, if any, and to the injuries, if any,
24   sustained by CHIU; and should any award be given to them, it should be reduced by an amount
25   commensurate with their own negligence.

26                   NINETEENTH AFFIRMATIVE DEFENSE

27                         (Standing)

28       CHIU lacks standing to sue for one or more claims for relief alleged in the Counterclaim.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Good Faith)

3    At all times herein mentioned, the PARKS acted in good faith.

4

## TWENTY-FIRST AFFIRMATIVE DEFENSE

5

### (Reasonableness)

6    At all times herein mentioned, the actions and/or failure to act of the PARKS were

7    reasonable.

8

## TWENTY-SECOND AFFIRMATIVE DEFENSE

9

### (Frivolous Action)

10    CHIU's Counterclaim is frivolous and the PARKS should be entitled to reasonable costs

11    and attorney's fees pursuant to California Code of Civil Procedure § 1038.

12

## TWENTY-THIRD AFFIRMATIVE DEFENSE

13

### (No Release)

14    There has been no release or threatened release of hazardous substances by the PARKS

15    within the meaning of CERCLA, 42 U.S.C. § 9607(a).

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

### (No Action for Contribution)

18    CERCLA § 107 does not provide for a cause of action for contribution. Therefore,

19    CHIU's claims for contribution under CERCLA § 107 are barred and CHIU is not entitled to an

20    award of such costs from the PARKS.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

### (No Violation of Health & Safety Code)

23    The PARKS allege that no conduct or condition attributable to the PARKS constitutes a

24    violation of California Health and Safety Sections 25300 et seq.

25

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26

### (Permitted Release)

27    The PARKS allege that CHIU's claims under CERCLA are barred because any alleged

28    release or threatened release upon which such claims are based was a federally and/or state

13

1    permitted release.

2                    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3                      (Costs Inconsistent with Nation Contingency Plan)

4           CHIU is not entitled to relief under CERCLA § § 9601, et seq. because any actions or

5    costs incurred, if any, by CHIU were not necessary costs of response consistent with the National

6    Contingency Plan, are not cost effective and involve unreasonable cost.

7                     TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8                             (No Response Costs Incurred)

9           Under CERCLA, CHIU is not entitled to relief because if there was a release from any

10   facility, the release did not cause CHIU or other parties to incur response costs.

11                    TWENTY-NINTH AFFIRMATIVE DEFENSE

12                                   (Release)

13          One or more of CHIU's claims are barred by the doctrine of release.

14                      THIRTIETH AFFIRMATIVE DEFENSE

15                                (Acquiescence)

16          One or more of CHIU's claims are barred by the doctrine of acquiescence.

17                    THIRTY-FIRST AFFIRMATIVE DEFENSE

18                             (No Injury to Plaintiffs)

19          One or more of CHIU's claims are barred because CHIU has not suffered an injury in

20   fact.

21                   THIRTY-SECOND AFFIRMATIVE DEFENSE

22                            (*De Minimis* Release)

23          To the extent that there was a release at the site during any activity or operation at the

24   subject property by the PARKS, of which the PARKS specifically deny, such release was *de*

25   *minimis.*

26                    THIRTY-THIRD AFFIRMATIVE DEFENSE

27                   (Damages Speculative and Not Legally Cognizable)

28          The damages requested in the Counterclaim are not available because they are not legally

                                          14

1   cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to

2   be recoverable by law.

3                          THIRTY-FOURTH AFFIRMATIVE DEFENSE

4                                    (Unrecoverable Costs)

5           The PARKS contend that CHIU bears the burden to demonstrate that they incurred

6   recoverable response costs. To the extent that the PARKS may have any burden in this regard,

7   the PARKS contend that CHIU has not incurred recoverable costs within the meaning of

8   Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. Sections 9601(23) and 9601(24), or within

9   the meaning of Sections 25322, 25323 and 25363 of the Health and Safety Code; or if response

10  costs have been incurred, these costs were not "necessary costs of response" or were inconsistent

11  with the National Contingency Plan as set forth at 40 C.F.R. Part 300.

12                          THIRTY-FIFTH AFFIRMATIVE DEFENSE

13                      (Impossibility of Performance Under Contract)

14          One or more of CHIU's claims are barred as performance under any alleged contract was

15  impossible.

16                          THIRTY-SIXTH AFFIRMATIVE DEFENSE

17                                  (Failure of Consideration)

18          One or more of CHIU's claims are barred by the doctrine of failure of consideration.

19                          THIRTY-SEVENTH AFFIRMATIVE DEFENSE

20                                    (Statute of Frauds)

21          One or more of CHIU's claims are barred by the Statute of Frauds.

22                          THIRTY-EIGHTH AFFIRMATIVE DEFENSE

23                  (No Action for Contribution under CERCLA § 113(f))

24          CHIU's First Counterclaim for Contribution pursuant to CERCLA § 113(f) is barred and

25  fails to state a claim upon which relief may be granted as CHIU has not been subject to an action

26  under CERCLA §§ 106 or 107(a).

27                          THIRTY-NINTH AFFIRMATIVE DEFENSE

28                      (Reservation of Additional Affirmative Defenses)

1    Because the Counterclaim is conclusory in nature, the PARKS cannot fully anticipate all

2  affirmative defenses that may be applicable to the action.  Accordingly, the PARKS hereby

3  reserve their right to assert additional affirmative defenses if and to the extent that such

4  affirmative defenses apply.

### PRAYER

6    WHEREFORE, the PARKS pray:

7    1.    That CHIU takes nothing by reason of his Counterclaim.

8    2.     That judgment be rendered in favor of the PARKS

9    3.    That this action be dismissed against the PARKS;

10    4.    For attorneys' fees and costs;

11    5.    That the PARKS be awarded their costs of suit incurred in defense of this action;

12        and

13    6.    For such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

15    Under Rule 38 of the Federal Rules of Civil Procedure, the PARKS demand a trial by

16  jury on all issues so triable in the Counterclaim.

18  Dated: March 1 7, 2008              GREBEN & ASSOCIATES

21                                      JAN A. GREBEN
22                                      JENNA L. MOTOLA
                                        Attorneys for Defendants and Cross-defendants
                                        NAM SUN PARK and SEUNG HEE PARK