# EXHIBIT A

1   Greggory C. Brandt (Bar No. 189487)
    Alexandra L. Foote (Bar No. 225695)
2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3   Oakland, CA 94607-4036
    Telephone: (510) 834-6600
4   Fax: (510) 834-1928

5   Attorneys for Cross-Defendants and
    Counterdefendants William F. Kartozian and Dublin
6   Town & Country Associates

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRUCE A. BURROWS and JAMES A.          Case No. C 07 5354 MHP
    ROESSLER,
12                                         **CROSS-DEFENDANTS WILLIAM F.
                  Plaintiffs,              KARTOZIAN AND DUBLIN TOWN &
13                                         COUNTRY ASSOCIATES ANSWER TO
         vs.                               NAM SUN PARK AND SEUNG HEE
14                                         PARK'S CROSSCLAIMS**
    DWIGHT W. PERRY, CARLTON L.
15  PERRY, KWANG SUK LEE, KUI JA           **DEMAND FOR JURY TRIAL**
    LEE, NAM SUN PARK AND SEUNG
16  HEE PARK,

17                Defendants.

18  ─────────────────────────────────
    AND RELATED CROSS-ACTIONS.
19

20

21          Cross-Defendants Dublin Town & Country Associates and William F. Kartozian ("Cross-

22  Defendants") answer Nam Sun Park and Seung Hee Park's Crossclaims Against Dwight W.

23  Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Dublin Town & Country Associates,

24  William F. Kartozian, and Gabriel H. Chiu, as trustee of the Chiu Family Trust ("Crossclaims")

25  as follows:

26          **1.**     Answering Paragraph 1, Cross-Defendants admit that the crossclaims concern

27  environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road

28  in Dublin California ("Property"). Except as expressly admitted herein, Cross-Defendants lack

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607-4036*

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*
*CROSSCLAIMS - Case No. C 07 5354 MHP*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

2  deny all other allegations in said paragraph.

3      **2.**    Answering Paragraph 2, Cross-Defendants admit that the court has jurisdiction

4  over the subject matter of the crossclaims and that venue is proper.  Except as expressly admitted

5  herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the

6  remaining allegations and, on that basis deny all other allegations in said paragraphs.

7      **3.**    Answering Paragraph 3, Cross-Defendants admit that Dwight W. Perry is an

8  individual.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

9  information to admit or deny the remaining allegations and, on that basis deny all other

10 allegations in said paragraph.

11     **4.**    Answering Paragraph 4, Cross-Defendants admit that Carlton L. Perry is an

12 individual.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

13 information to admit or deny the remaining allegations and, on that basis deny all other

14 allegations in said paragraph.

15     **5.**    Answering Paragraphs 5, Cross-Defendants admit that Kwang Suk Lee is an

16 individual.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

17 information to admit or deny the remaining allegations and, on that basis deny all other

18 allegations in said paragraph.

19     **6.**    Answering Paragraph 6, Cross-Defendants admit that Kui Ja Lee is an individual.

20 Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information

21 to admit or deny the remaining allegations and, on that basis deny all other allegations in said

22 paragraph.

23     **7.**    Answering Paragraph 7, Cross-Defendants admit that Dublin Town & Country

24 Associates is a partnership, who at relevant times was doing business in Alameda County,

25 California.

26     **8.**    Answering Paragraph 8, Cross-Defendants admit that William F. Kartozian is an

27 individual and a general partner in Dublin Town & Country Associates, who at relevant times

28 was doing business in Alameda County, California.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **9.**    Answering Paragraph 9, Cross-Defendants admit that Gabriel Chui is an

2    individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

3    information to admit or deny the remaining allegations and, on that basis deny all other

4    allegations in said paragraph.

5    **10.**    Answering Paragraph 10, Cross-Defendants admit that Nam Sun Park is an

6    individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

7    information to admit or deny the remaining allegations and, on that basis deny all other

8    allegations in said paragraph.

9    **11.**    Answering Paragraph 11, Cross-Defendants admit that Seung Hee Park is an

10   individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or

11   information to admit or deny the remaining allegations and, on that basis deny all other

12   allegations in said paragraph.

13   **12.**    Answering Paragraph 12, Cross-Defendants admit that Dwight W. Perry and

14   Carlton L. Perry operated a dry cleaning business at the Property from approximately April 1985

15   until approximately August 1994. Except as expressly admitted herein, Cross-Defendants lack

16   sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

17   deny all other allegations in said paragraph.

18   **13.**    Answering Paragraph 13, Cross-Defendants admit that Kwang Suk Lee and Kui Ja

19   Lee operated a dry cleaning business at the Property from approximately August 1994 until

20   approximately December 1999. Except as expressly admitted herein, Cross-Defendants lack

21   sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

22   deny all other allegations in said paragraph.

23   **14.**    Answering Paragraph 14, Cross-Defendants admit that Dublin Town & Country

24   Associates was the owner and landlord of the Property from at least April 1985 until

25   approximately March 2005, when it sold the Property to the Chiu Family Trust. Cross-

26   Defendants also admit that William F. Kartozian was a partner in Dublin Town & Country

27   Associates. Except as expressly admitted herein, Cross-Defendants deny all other allegations in

28   said paragraph.

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO          - 3 -
CROSSCLAIMS - Case No. C 07 5354 MHP*

1    **15.**    Answering Paragraph 15, Cross-Defendants admit that Dublin Town & Country

2    Associates sold the Property to the Chiu Family Trust in approximately March 2005. Except as

3    expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or

4    deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

5    **16.**    Answering Paragraph 16, Cross-Defendants admit that the Nam Sun Park and

6    Seung Hee Park operated a dry cleaner on the Property from approximately December 1999 until

7    at least March 2005. Except as expressly admitted herein, Cross-Defendants lack sufficient

8    knowledge or information to admit or deny the remaining allegations and, on that basis deny all

9    other allegations in said paragraph.

10    **17.**    Answering Paragraph 17, Cross-Defendants believe and allege that Dwight W.

11    Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park and Seung Hee Park, during

12    each of their occupancies of the Property, caused or permitted the release of tetrachloroethylene

13    ("PCE") and other dry cleaning chemicals into the environment. Cross-Defendants also believe

14    and allege that the Chiu Family Trust is liable for environmental contamination, as more

15    specifically set forth in Cross-Defendants crossclaims filed in this action. Except as expressly

16    admitted herein, Cross-Defendants deny all other allegations in said paragraph.

17    **18.**    Answering Paragraph 18, Cross-Defendants believe and allege that as a direct and

18    proximate result of Dwight W. Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun

19    Park, Seung Hee Park and the Chiu Family Trust and each of their conduct and failures to act

20    resulted in the release of hazardous substances at the Property. Except as expressly admitted

21    herein, Cross-Defendants deny all other allegations in said paragraph.

22    **19.**    Answering Paragraph 19, Cross-Defendants incorporate their answers to

23    Paragraphs 1 through 18 as though fully set forth herein.

24    **20.**    Paragraph 20 constitutes a statement and conclusion of law to which no response is

25    required. To the extent Paragraph 20 contains any factual allegations, Cross-Defendants lack

26    sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

27    deny all allegations in said paragraph.

28    / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **21.**    Paragraph 21 constitutes a statement and conclusion of law to which no response is

2    required.  To the extent Paragraph 21 contains any factual allegations, Cross-Defendants lack

3    sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

4    deny all allegations in said paragraph.

5    **22.**    Paragraph 22 constitutes a statement and conclusion of law to which no response is

6    required.  To the extent Paragraph 22 contains any factual allegations, Cross-Defendants lack

7    sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

8    deny all allegations in said paragraph.

9    **23.**    Paragraph 23 constitutes a statement and conclusion of law to which no response is

10    required.  Cross-Defendants deny that they are liable to the Parks pursuant to Section 113(f)(1) of

11    CERCLA.  Except as expressly admitted herein, Cross-Defendants deny all other allegations in

12    said paragraph.

13    **24.**    Answering Paragraph 24, Cross-Defendants incorporate their answers to

14    Paragraphs 1 through 23 as though fully set forth herein

15    **25.**    Paragraph 25 constitutes a statement and conclusion of law to which no response is

16    required.  To the extent Paragraph 25 contains any factual allegations, Cross-Defendants lack

17    sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

18    deny all allegations in said paragraph.

19    **26.**    Answering Paragraph 26, Cross-Defendants lack sufficient knowledge or

20    information to admit or deny the remaining allegations and, on that basis deny all allegations in

21    said paragraph.

22    **27.**    Paragraph 27 constitutes a statement and conclusion of law to which no response is

23    required.  Cross-Defendants deny that they are liable to the Parks pursuant to California Health

24    and Safety Code Section 25363(e).  Except as expressly admitted herein, Cross-Defendants deny

25    all other allegations in said paragraph.

26    **28.**    Answering Paragraph 28, Cross-Defendants incorporate their answers to

27    Paragraphs 1 through 27 as though fully set forth herein.

28    / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **29.**    Paragraph 29 constitutes a statement and conclusion of law to which no response is

2    required.  To the extent Paragraph 29 contains any factual allegations regarding conduct by or

3    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

4    Paragraph 29 contains any factual allegations regarding conduct by or liability of other parties,

5    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

6    allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

7    herein, Cross-Defendants deny all other allegations in said paragraph.

8    **30.**    Paragraph 30 constitutes a statement and conclusion of law to which no response is

9    required.  To the extent Paragraph 30 contains any factual allegations, Cross-Defendants lack

10   sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

11   deny all allegations in said paragraph.

12   **31.**    Answering Paragraph 31, Cross-Defendants lack sufficient knowledge or

13   information to admit or deny the remaining allegations and, on that basis deny all allegations in

14   said paragraph.

15   **32.**    Answering Paragraph 32, Cross-Defendants incorporate their answers to

16   Paragraphs 1 through 31 as though fully set forth herein.

17   **33.**    Paragraph 33 constitutes a statement and conclusion of law to which no response is

18   required.  To the extent Paragraph 33 contains any factual allegations, Cross-Defendants lack

19   sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

20   deny all allegations in said paragraph.

21   **34.**    Paragraph 34 constitutes a statement and conclusion of law to which no response is

22   required.  To the extent Paragraph 34 contains any factual allegations, Cross-Defendants lack

23   sufficient knowledge or information to admit or deny the remaining allegations and, on that basis

24   deny all allegations in said paragraph.

25   **35.**    Paragraph 35 constitutes a statement and conclusion of law to which no response is

26   required.  To the extent Paragraph 35 contains any factual allegations regarding conduct by or

27   liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

28   Paragraph 35 contains any factual allegations regarding conduct by or liability of other parties,

000010.0001\845433.1

1    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

2    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

3    herein, Cross-Defendants deny all other allegations in said paragraph.

4         **36.**      Answering Paragraph 36, Cross-Defendants incorporate their answers to

5    Paragraphs 1 through 35 as though fully set forth herein.

6         **37.**      Paragraph 37 constitutes a statement and conclusion of law to which no response is

7    required.  To the extent Paragraph 37 contains any factual allegations regarding conduct by or

8    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

9    Paragraph 37 contains any factual allegations regarding conduct by or liability of other parties,

10   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

11   allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

12   herein, Cross-Defendants deny all other allegations in said paragraph.

13        **38.**      Answering Paragraph 38, Cross-Defendants incorporate their answers to

14   Paragraphs 1 through 37 as though fully set forth herein.

15        **39.**      Paragraph 39 constitutes a statement and conclusion of law to which no response is

16   required.  To the extent Paragraph 39 contains any factual allegations regarding conduct by or

17   liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

18   Paragraph 39 contains any factual allegations regarding conduct by or liability of other parties,

19   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

20   allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

21   herein, Cross-Defendants deny all other allegations in said paragraph.

22        **40.**      Paragraph 40 constitutes a statement and conclusion of law to which no response is

23   required.  To the extent Paragraph 40 contains any factual allegations regarding conduct by or

24   liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

25   Paragraph 40 contains any factual allegations regarding conduct by or liability of other parties,

26   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

27   allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

28   herein, Cross-Defendants deny all other allegations in said paragraph.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

000010.00011845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*      - 7 -
*CROSSCLAIMS - Case No.  C 07 5354 MHP*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **41.**     Answering Paragraph 41, Cross-Defendants incorporate their answers to

2    Paragraphs 1 through 40 as though fully set forth herein.

3    **42.**     Paragraph 42 constitutes a statement and conclusion of law to which no response is

4    required.  To the extent Paragraph 42 contains any factual allegations regarding conduct by or

5    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

6    Paragraph 42 contains any factual allegations regarding conduct by or liability of other parties,

7    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

8    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

9    herein, Cross-Defendants deny all other allegations in said paragraph.

10    **43.**     Paragraph 43 constitutes a statement and conclusion of law to which no response is

11    required.  To the extent Paragraph 43 contains any factual allegations regarding conduct by or

12    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

13    Paragraph 43 contains any factual allegations regarding conduct by or liability of other parties,

14    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

15    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

16    herein, Cross-Defendants deny all other allegations in said paragraph.

17    **44.**     Paragraph 44 constitutes a statement and conclusion of law to which no response is

18    required.  To the extent Paragraph 44 contains any factual allegations regarding conduct by or

19    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

20    Paragraph 44 contains any factual allegations regarding conduct by or liability of other parties,

21    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

22    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

23    herein, Cross-Defendants deny all other allegations in said paragraph.

24    **45.**     Paragraph 45 constitutes a statement and conclusion of law to which no response is

25    required.  To the extent Paragraph 45 contains any factual allegations regarding conduct by or

26    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

27    Paragraph 45 contains any factual allegations regarding conduct by or liability of other parties,

28    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*     - 8 -
*CROSSCLAIMS - Case No.  C 07 5354 MHP*

1    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

2    herein, Cross-Defendants deny all other allegations in said paragraph.

3    **46.**    Answering Paragraph 46, Cross-Defendants incorporate their answers to

4    Paragraphs 1 through 45 as though fully set forth herein.

5    **47.**    Answering Paragraph 47, Cross-Defendants lack sufficient knowledge or

6    information to admit or deny the allegations and, on that basis deny all allegations in said

7    paragraph.

8    **48.**    Answering Paragraph 48, Cross-Defendants lack sufficient knowledge or

9    information to admit or deny the allegations and, on that basis deny all allegations in said

10    paragraph.

11    **49.**    Answering Paragraph 49, Cross-Defendants lack sufficient knowledge or

12    information to admit or deny the allegations and, on that basis deny all allegations in said

13    paragraph.

14    **50.**    Answering Paragraph 50, Cross-Defendants lack sufficient knowledge or

15    information to admit or deny the allegations and, on that basis deny all allegations in said

16    paragraph.

17    **51.**    Answering Paragraph 50, Cross-Defendants incorporate their answers to

18    Paragraphs 1 through 50 as though fully set forth herein.

19    **52.**    Paragraph 52 constitutes a statement and conclusion of law to which no response is

20    required.  To the extent Paragraph 52 contains any factual allegations regarding conduct by or

21    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

22    Paragraph 52 contains any factual allegations regarding conduct by or liability of other parties,

23    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

24    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

25    herein, Cross-Defendants deny all other allegations in said paragraph.

26    **53.**    Paragraph 53 constitutes a statement and conclusion of law to which no response is

27    required.  To the extent Paragraph 53 contains any factual allegations regarding conduct by or

28    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    Paragraph 53 contains any factual allegations regarding conduct by or liability of other parties,

2    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

3    allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

4    herein, Cross-Defendants deny all other allegations in said paragraph.

5        **54.**    Answering Paragraph 54, Cross-Defendants incorporate their answers to

6    Paragraphs 1 through 53 as though fully set forth herein.

7        **55.**    Paragraph 55 constitutes a statement and conclusion of law to which no response is

8    required. To the extent Paragraph 55 contains any factual allegations regarding conduct by or

9    liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

10   Paragraph 55 contains any factual allegations regarding conduct by or liability of other parties,

11   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

12   allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

13   herein, Cross-Defendants deny all other allegations in said paragraph.

14       **56.**    Paragraph 56 constitutes a statement and conclusion of law to which no response is

15   required. To the extent Paragraph 56 contains any factual allegations regarding conduct by or

16   liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

17   Paragraph 56 contains any factual allegations regarding conduct by or liability of other parties,

18   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

19   allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

20   herein, Cross-Defendants deny all other allegations in said paragraph.

21       **57.**    Paragraph 57 constitutes a statement and conclusion of law to which no response is

22   required. To the extent Paragraph 57 contains any factual allegations regarding conduct by or

23   liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

24   Paragraph 57 contains any factual allegations regarding conduct by or liability of other parties,

25   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

26   allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

27   herein, Cross-Defendants deny all other allegations in said paragraph.

28   / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*    - 10 -
*CROSSCLAIMS - Case No. C 07 5354 MHP*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **58.**    Answering Paragraph 58, Cross-Defendants incorporate their answers to

2    Paragraphs 1 through 57 as though fully set forth herein.

3    **59.**    Paragraph 59 constitutes a statement and conclusion of law to which no response is

4    required.  To the extent Paragraph 59 contains any factual allegations regarding conduct by or

5    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

6    Paragraph 59 contains any factual allegations regarding conduct by or liability of other parties,

7    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

8    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

9    herein, Cross-Defendants deny all other allegations in said paragraph.

10    **60.**    Paragraph 60 constitutes a statement and conclusion of law to which no response is

11    required.  To the extent Paragraph 60 contains any factual allegations regarding conduct by or

12    liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

13    Paragraph 60 contains any factual allegations regarding conduct by or liability of other parties,

14    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

15    allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

16    herein, Cross-Defendants deny all other allegations in said paragraph.

17    **61.**    Answering Paragraph 61, Cross-Defendants incorporate their answers to

18    Paragraphs 1 through 60 as though fully set forth herein.

19    **62.**    Answering Paragraph 62, Cross-Defendants admit that the Parks accepted

20    assignment of the lease dated April 13, 1985 for the Property ("1985 Lease") on or around

21    December 7, 1999 from Kwang Suk Lee and Kui Ja Lee, previous lessees of the Property.  Except

22    as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

23    **63.**    Answering Paragraph 63, Cross-Defendants admit that Dublin Town & Country

24    Associates was the owner of the Property and lessor of the Property pursuant to the 1985 Lease,

25    up and until the sale of the Property to the Chiu Family Trust in approximately March 2005.

26    Except as expressly admitted herein, Cross-Defendants deny all other allegations in said

27    paragraph.

28    / / /

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO
CROSSCLAIMS - Case No.  C 07 5354 MHP*          - 11 -

1    **64.**    Answering Paragraph 64, Cross-Defendants admit that in approximately March

2    2005, Dublin Town & Country Associates sold the Property to the Chiu Family Trust pursuant to

3    a Purchase Agreement. Dublin Town & Country Associates provided the Chiu Family Trust with

4    all tenancy agreements and instruments necessary for assignment thereto. Except as expressly

5    admitted herein, Cross-Defendants deny all other allegations in said paragraph.

6    **65.**    To the extent Paragraph 65 contains any factual allegations regarding conduct by

7    or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

8    Paragraph 65 contains any factual allegations regarding conduct by or liability of other parties,

9    Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

10   allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

11   herein, Cross-Defendants deny all other allegations in said paragraph.

12   **66.**    To the extent Paragraph 66 contains any factual allegations regarding conduct by

13   or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

14   Paragraph 66 contains any factual allegations regarding conduct by or liability of other parties,

15   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

16   allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted

17   herein, Cross-Defendants deny all other allegations in said paragraph.

18   **67.**    Cross-Defendants admit that Section 32(C) of the 1985 Lease states that "In the

19   event that legal proceedings are brought or commenced to enforce the terms of the Lease, the

20   prevailing party shall be entitled to recover from the other party all costs and expenses of such

21   proceedings, including reasonable attorneys' fees, whether or not any proceedings are prosecuted

22   to judgment." Except as expressly admitted herein, Cross-Defendants deny all other allegations

23   in said paragraph.

24   **68.**    To the extent Paragraph 68 contains any factual allegations regarding conduct by

25   or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

26   Paragraph 68 contains any factual allegations regarding conduct by or liability of other parties,

27   Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

2  herein, Cross-Defendants deny all other allegations in said paragraph.

3       **69.**     Answering Paragraph 69, Cross-Defendants incorporate their answers to

4  Paragraphs 1 through 68 as though fully set forth herein.

5       **70.**     Paragraph 70 constitutes a statement and conclusion of law to which no response is

6  required.  To the extent that Paragraph 70 contains any factual allegations, Cross-Defendants

7  deny all allegations in said paragraph.

8       **71.**     To the extent Paragraph 71 contains any factual allegations regarding conduct by

9  or liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

10  Paragraph 71 contains any factual allegations regarding conduct by or liability of other parties,

11  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

12  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

13  herein, Cross-Defendants deny all other allegations in said paragraph.

14       **72.**     To the extent Paragraph 72 contains any factual allegations regarding conduct by

15  or liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

16  Paragraph 72 contains any factual allegations regarding conduct by or liability of other parties,

17  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

18  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

19  herein, Cross-Defendants deny all other allegations in said paragraph.

20       **73.**     Answering Paragraph 73, Cross-Defendants incorporate their answers to

21  Paragraphs 1 through 72 as though fully set forth herein.

22       **74.**     Paragraph 74 constitutes a statement and conclusion of law to which no response is

23  required.  To the extent that Paragraph 74 contains any factual allegations, Cross-Defendants

24  deny all allegations in said paragraph.

25       **75.**     Answering Paragraph 75, Cross-Defendants deny all allegations in said paragraph.

26       **76.**     Answering Paragraph 76, Cross-Defendants deny all allegations in said paragraph.

27       **77.**     Answering Paragraph 77, Cross-Defendants deny all allegations in said paragraph.

28  / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*     - 13 -
*CROSSCLAIMS - Case No.  C 07 5354 MHP*

1    **78.**    Answering Paragraph 78, Cross-Defendants incorporate their answers to

2    Paragraphs 1 through 77 as though fully set forth herein.

3    **79.**    Answering Paragraph 79, Cross-Defendants lack sufficient knowledge or

4    information to admit or deny the remaining allegations and, on that basis deny all allegations in

5    said paragraph.

6    **80.**    Answering Paragraph 80, Cross-Defendants lack sufficient knowledge or

7    information to admit or deny the remaining allegations and, on that basis deny all allegations in

8    said paragraph.

9    **81.**    Answering Paragraph 81, Cross-Defendants lack sufficient knowledge or

10   information to admit or deny the remaining allegations and, on that basis deny all allegations in

11   said paragraph.

12   **82.**    Answering Paragraph 82, Cross-Defendants lack sufficient knowledge or

13   information to admit or deny the remaining allegations and, on that basis deny all allegations in

14   said paragraph.

15   **83.**    Answering Paragraph 83, Cross-Defendants lack sufficient knowledge or

16   information to admit or deny the remaining allegations and, on that basis deny all allegations in

17   said paragraph.

18   **84.**    Answering Paragraph 84, Cross-Defendants lack sufficient knowledge or

19   information to admit or deny the remaining allegations and, on that basis deny all allegations in

20   said paragraph.

21   **85.**    Answering Paragraph 85, Cross-Defendants lack sufficient knowledge or

22   information to admit or deny the remaining allegations and, on that basis deny all allegations in

23   said paragraph.

24   **86.**    Answering Paragraph 86, Cross-Defendants incorporate their answers to

25   Paragraphs 1 through 85 as though fully set forth herein.

26   **87.**    Answering Paragraph 87, Cross-Defendants lack sufficient knowledge or

27   information to admit or deny the remaining allegations and, on that basis deny all allegations in

28   said paragraph.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

000010.0001\845433.J

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO
CROSSCLAIMS - Case No. C 07 5354 MHP*    - 14 -

1    **88.**    Answering Paragraph 88, Cross-Defendants lack sufficient knowledge or

2    information to admit or deny the remaining allegations and, on that basis deny all allegations in

3    said paragraph.

4    **89.**    Answering Paragraph 89, Cross-Defendants lack sufficient knowledge or

5    information to admit or deny the remaining allegations and, on that basis deny all allegations in

6    said paragraph.

7    **90.**    Answering Paragraph 90, Cross-Defendants lack sufficient knowledge or

8    information to admit or deny the remaining allegations and, on that basis deny all allegations in

9    said paragraph.

10    **91.**    Answering Paragraph 91, Cross-Defendants lack sufficient knowledge or

11    information to admit or deny the remaining allegations and, on that basis deny all allegations in

12    said paragraph.

13                            **GENERAL DENIAL**

14    Any and all allegations of the Crossclaims not expressly admitted, denied or otherwise

15    answered are denied.  Dublin Town & Country Associates and William F. Kartozian specifically

16    deny that Nam Sun Park and Seung Hee Park have been damaged by Cross-Defendants in any

17    manner whatsoever, or that the Cross-Defendants are liable to the Park's in any sum whatsoever.

18                          **AFFIRMATIVE DEFENSES**

19    As separate and distinct defenses to the causes of action alleged in the Crossclaim, Cross-

20    Defendants allege as follows:

21                      **FIRST AFFIRMATIVE DEFENSE**
                          **(Failure to State Claim for Relief)**
22

23    The Crossclaim, and each cause of action therein, fails to state a claim for relief against

24    Cross-Defendants.

25                      **SECOND AFFIRMATIVE DEFENSE**
                          **(Failure to Mitigate Damages)**
26

27    The Parks have failed to reasonably mitigate damages.  The Parks have made insufficient

28    and dilatory efforts to take appropriate and cost-effective response actions for the conditions

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND
DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO
CROSSCLAIMS - Case No. C 07 5354 MHP*    - 15 -

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    alleged in their Crossclaims.  To the extent that the costs claimed by the Parks are higher or

2    unnecessary because of their failure to take such measures, any claim for monetary damages

3    against Cross-Defendants should be reduced or otherwise subject to set-off.

4                    **THIRD AFFIRMATIVE DEFENSE**

5                         **(Unclean Hands)**

6        The Parks' Crossclaims are barred, in whole or in part, by the equitable doctrine of

7    unclean hands, and Cross-Defendants are entitled to a complete or partial reduction of those

8    claims.

9                    **FOURTH AFFIRMATIVE DEFENSE**

10    **(CERCLA, 42 U.S.C. Section 9601, et seq., Acts of Third Parties)**

11        The Parks' Crossclaims against Cross-Defendants are barred by the provisions of

12    CERCLA section 107(b)(3), 42 U.S.C. Section 9607(b)(3), in that the alleged release or

13    threatened release of hazardous substances was caused solely by the acts and omissions of third

14    parties (including the Parks) who are not employees or agents of Cross-Defendants, which acts or

15    omissions did not occur in connection with a contractual relationship, existing directly or

16    indirectly, with Cross-Defendants.  To the extent relevant, Cross-Defendants are informed and

17    believe and therefore allege that Cross-Defendants exercised due care with respect to the alleged

18    substances concerned, if any, and took reasonable precautions against foreseeable acts or

19    omissions of responsible third parties.

20                    **FIFTH AFFIRMATIVE DEFENSE**

21    **(CERCLA, 42 U.S.C. Section 9613, et seq., Contribution)**

22        Parties to this action other than Cross-Defendants are legally responsible for any injuries,

23    losses or damages alleged in the Crossclaims.  In the event Cross-Defendants, or either one of

24    them, is found liable to the Parks, or settles with the Parks, an apportionment of liability and

25    contribution pursuant to 42 U.S.C. Section 9613(f) should be made as to all parties, with Cross-

26    Defendants, and each of them, liable for only that portion of any damages corresponding to their

27    degree of responsibility, if any.

28    / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

2

### SIXTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

3      At all relevant times, Cross-Defendants acted with due care and otherwise conducted its

4   business as a reasonable person under the circumstances.  All activities of Cross-Defendants

5   alleged in the Crossclaims conformed to all statutory and regulatory requirements and met the

6   standard of care based on the state of knowledge existing at the time.  Cross-Defendants fulfilled

7   all of their duties and obligations, whether arising from common law, statute, contract, tort or

8   otherwise.  To the extent that the Parks and/or others did not exercise ordinary care and have

9   acted in such a manner so as to cause or contribute to the contamination or spread of

10  contamination at the site, and any resulting injuries sustained by the Parks were caused and

11  contributed to, in whole or in part, by their own negligence or the negligence of third parties,

12  Cross-Defendants are entitled to have such recovery reduced or eliminated to the extent of the

13  contributory and/or comparative negligence of the Parks or such other third parties.

### SEVENTH AFFIRMATIVE DEFENSE
### (CERCLA, 42 U.S.C. Section 9607 Defenses)

14

15

16     The Crossclaims against Cross-Defendants are barred in whole or in part by the defenses

17  recognized and set forth in Section 107 of CERCLA, 42 U.S.C. Section 9607.

### EIGHTH AFFIRMATIVE DEFENSE
### (CERCLA Response Costs, 42 U.S.C. Section 9601, et seq.)

18

19

20     The CERCLA Crossclaims are barred insofar as the Parks seeks to recover from Cross-

21  Defendants any costs, expenses and damages other than "response costs," as that term is defined

22  by Sections 101 (23), (24) and (25) of CERCLA, 42 U.S.C. Sections 9601 (23), (24) and (25).

### NINTH AFFIRMATIVE DEFENSE
### (De Minimis Contribution)

23

24

25     Any alleged release of a hazardous substance from a facility owned by Cross-Defendants

26  was de minimis and maintenance of the Parks' crossclaims is inequitable.

27  / / /

28  / / /

000010.0001\845433.1

1
2

**TENTH AFFIRMATIVE DEFENSE**
**(Divisibility of Harm)**

3    The alleged releases or threatened releases of hazardous substance resulted in distinct

4    environmental harms and the response costs associated with the harms are distinct.  To the extent

5    that the alleged releases and threatened releases resulted in a single environmental harm, there is a

6    reasonable basis for determining Cross-Defendants' contribution to the harm, if any.  Therefore,

7    the harms or harm and associated response costs are divisible.

8
9

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Indemnity)**

10    The Parks' Crossclaims are barred by indemnity provisions in the April 3, 1986 Shopping

11    Center Lease Agreement, which was assigned to the Parks on or around December 7, 1999.

12
13

**TWELTH AFFIRMATIVE DEFENSE**
**(Waiver and Estoppel)**

14    Cross-Defendants contend that the Crossclaims are barred by the doctrines of waiver

15    and/or estoppel.

16
17

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Intentional or Negligent Acts by Plaintiff)**

18    Cross-Defendants allege that the Parks were negligent in and about the matters alleged in

19    the Crossclaims, and their negligence was the proximate cause of all alleged injuries, if any.

20    Cross-Defendants also allege that the Parks' injuries, if any, were proximately caused by the

21    intentional or negligent conduct of the Parks, and their recovery, if any, should be reduced by an

22    amount proportionate to the amount by which the Parks' intentional or negligent conduct

23    contributed to the damages of which they complain.

24
25

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Intentional or Negligent Acts by Others)**

26    Cross-Defendants allege that the injuries and damages alleged by the Parks, if any, were

27    proximately caused by the intentional or negligent conduct of persons or entities other than Cross-

28    Defendants, and that Cross-Defendants request an allocation of liability to be made among such

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA  94607-4036*

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*    - 18 -
*CROSSCLAIMS - Case No.  C 07 5354 MHP*

1  other parties, if any liability is found on the part of Cross-Defendants only in the amount that is in

2  proportion to the extent and percent by which this Cross-Defendant's acts or omissions

3  contributed to the alleged injuries or damages.

4  **FIFTEENTH AFFIRMATIVE DEFENSE**
   **(Statute of Limitations)**

5

6  Cross-Defendants allege that one or more of the Crossclaims may be barred by the statute

7  of limitations including, but not limited to, 42 U.S.C. § 9613(g) and California Code of Civil

8  Procedure §§ 337, 338, 338.1, 339, 340 and 343.

9  **SIXTEENTH AFFIRMATIVE DEFENSE**
   **(Reservation of Additional Affirmative Defenses)**

10

11  Cross-Defendants reserve the right to include additional affirmative defenses upon the

12  discovery of facts sufficient to support said defenses or upon further clarification of the Parks'

13  Crossclaims, which are set forth in such a way as to make it impossible for Cross-Defendants to

14  fully ascertain the scope or exact nature of the Crossclaims.

15  **PRAYER**

16  WHEREFORE, Cross-Defendants, and each of them, pray for judgment as follows:

17  **1.**    That the Parks take nothing by their Crossclaims and that judgment be rendered in

18  favor of Cross-Defendants;

19  **2.**    That Cross-Defendants be awarded its attorneys' fees and costs of suit incurred in

20  defense of this action; and

21  **3.**    For such other and further relief as the Court deems just and proper.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607-4036*

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*        - 19 -
*CROSSCLAIMS - Case No.  C 07 5354 MHP*

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cross-Defendants hereby

3  demand a trial by jury on all issues so triable in this action.

4  Dated: _____, 2008          Wendel, Rosen, Black & Dean LLP

5

6                                          By:_____

7                                              Greggory C. Brandt
                                                Attorneys for Cross-Defendant and
8                                              Counterdefendants William F. Kartozian and
                                                Dublin Town & Country Associates

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000010.0001\845433.1

*CROSS-DEFENDANTS WILLIAM F. KARTOZIAN AND*
*DUBLIN TOWN & COUNTRY ASSOCIATES ANSWER TO*          - 20 -
*CROSSCLAIMS - Case No. C 07 5354 MHP*