Greggory C. Brandt (Bar No. 189487)
Alexandra L. Foote (Bar No. 225695)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928

Attorneys for Cross-Defendants and
Counterdefendants William F. Kartozian and Dublin
Town & Country Associates

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br><br>Plaintiffs,<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. C 07 5354 MHP<br><br>**WILLIAM F. KARTOZIAN'S AND DUBLIN TOWN & COUNTRY ASSOCIATES' ANSWER TO COUNTERCLAIM OF GABRIEL H. CHIU, AS TRUSTEE OF THE CHIU FAMILY TRUST**<br><br>**DEMAND FOR JURY TRIAL** |

William F. Kartozian and Dublin Town & Country Associates ("Cross-Defendants") answer the Counterclaim [sic] of Gabriel H. Chiu, as Trustee of the Chiu Family Trust ("Crossclaims") as follows:

**1.** Answering Paragraph 1, Cross-Defendants admit that the crossclaims concern environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road in Dublin California ("Property"). Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**2.** Answering Paragraph 2, Cross-Defendants admit that the court has jurisdiction over the subject matter of the crossclaims and that venue is proper. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraphs.

**3.** Answering Paragraph 3, Cross-Defendants admit that Nam Sun Park is an individual who operates a dry cleaner at the Property. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**4.** Answering Paragraph 4, Cross-Defendants admit that Seung Hee Park is an individual who operates a dry cleaner at the Property. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**5.** Answering Paragraphs 5, Cross-Defendants admit that Kwang Suk Lee is an individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**6.** Answering Paragraph 6, Cross-Defendants admit that Kui Ja Lee is an individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**7.** Answering Paragraph 7, Cross-Defendants admit that Dwight W. Perry is an individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**8.** Answering Paragraph 8, Cross-Defendants admit that Carlton L. Perry is an individual. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

1  **9.**     Answering Paragraph 9, Cross-Defendants admit that Dublin Town & Country Associates is a partnership that owned the Property from at least April 1985 until approximately March 2005, when it sold the Property to the Chiu Family Trust.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**10.**    Answering Paragraph 10, Cross-Defendants admit that William F. Kartozian is a general partner in Dublin Town & Country Associates.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**11.**    Answering Paragraph 11, Cross-Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis deny all allegations in said paragraph.

**12.**    Answering Paragraph 12, Cross-Defendants admit that Dublin Town & Country Associates was the owner of the Property from at least April 1985 until approximately March 2005, when it sold the Property to the Chiu Family Trust.  Cross-Defendants admit that Dwight W. Perry and Carlton L. Perry operated a dry cleaning business at the Property from approximately April 1985 until approximately August 1994.  Cross-Defendants admit that Kwang Suk Lee and Kui Ja Lee operated a dry cleaning business at the Property from approximately August 1994 until approximately December 1999.  Cross-Defendants admit that the Nam Sun Park and Seung Hee Park operated a dry cleaner on the Property from approximately December 1999 until at least March 2005.  Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**13.**    Answering Paragraph 13, Cross-Defendants admit that the Nam Sun Park and Seung Hee Park operated a dry cleaner on the Property from approximately December 1999 until at least March 2005.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

/ / /

**14.**     Answering Paragraph 14, Cross-Defendants admit that Kwang Suk Lee and Kui Ja Lee operated a dry cleaning business at the Property from approximately August 1994 until approximately December 1999. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**15.**     Answering Paragraph 15, Cross-Defendants admit that Dublin Town & Country Associates was the owner of the Property from at least April 1985 until approximately March 2005, when it sold the Property to the Chiu Family Trust.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**16.**     Answering Paragraph 16, Cross-Defendants admit that Dublin Town & Country Associates sold the Property to the Chiu Family Trust in approximately March 2005.  Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**17.**     Answering Paragraph 17, Cross-Defendants admit that Dwight W. Perry and Carlton L. Perry operated a dry cleaning business at the Property from approximately April 1985 until approximately August 1994. Except as expressly admitted herein, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all other allegations in said paragraph.

**18.**     Answering Paragraph 18, Cross-Defendants believe and allege that Dwight W. Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park and Seung Hee Park, during each of their occupancies of the Property, caused or permitted the release of tetrachloroethylene ("PCE") and other dry cleaning chemicals into the environment.  Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**19.**     Answering Paragraph 19, Cross-Defendants believe and allege that as a direct and proximate result of Dwight W. Perry, Carlton L. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park, Seung Hee Park and the Chiu Family Trust and each of their conduct and failures to act

resulted in the release of hazardous substances at the Property. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**20.** Answering Paragraph 20, Cross-Defendants incorporate their answers to Paragraphs 1 through 19 as though fully set forth herein.

**21.** Paragraph 21 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 21 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**22.** Paragraph 22 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 22 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**23.** Paragraph 23 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 23 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**24.** Paragraph 24 constitutes a statement and conclusion of law to which no response is required. Cross-Defendants deny that they are liable to the Chiu Family Trust pursuant to Section 113(f)(1) of CERCLA. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**25.** Answering Paragraph 25, Cross-Defendants incorporate their answers to Paragraphs 1 through 24 as though fully set forth herein

**26.** Paragraph 26 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 26 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

/ / /

/ / /

**27.**     Answering Paragraph 27, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**28.**     Paragraph 28 constitutes a statement and conclusion of law to which no response is required.  Cross-Defendants deny that they are liable to the Chiu Family Trust pursuant to California Health and Safety Code Section 25363(e).  Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**29.**     Answering Paragraph 29, Cross-Defendants incorporate their answers to Paragraphs 1 through 28 as though fully set forth herein.

**30.**     Paragraph 30 constitutes a statement and conclusion of law to which no response is required.  To the extent Paragraph 30 contains any factual allegations regarding conduct by or liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that Paragraph 30 contains any factual allegations regarding conduct by or liability of other parties, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**31.**     Answering Paragraph 31, Cross-Defendants incorporate their answers to Paragraphs 1 through 30 as though fully set forth herein.

**32.**     Paragraph 32 constitutes a statement and conclusion of law to which no response is required.  To the extent Paragraph 33 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**33.**     Paragraph 33 constitutes a statement and conclusion of law to which no response is required.  To the extent Paragraph 33 contains any factual allegations, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph.

**34.**     Paragraph 34 constitutes a statement and conclusion of law to which no response is required.  To the extent Paragraph 34 contains any factual allegations regarding conduct by or

*WILLIAM F. KARTOZIAN'S AND DUBLIN TOWN &
COUNTRY ASSOCIATES' ANSWER TO COUNTERCLAIM*     - 6 -
*- Case No.  C 07 5354 MHP*

1  liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

2  Paragraph 34 contains any factual allegations regarding conduct by or liability of other parties,

3  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

4  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

5  herein, Cross-Defendants deny all other allegations in said paragraph.

6  **35.** Answering Paragraph 35, Cross-Defendants incorporate their answers to

7  Paragraphs 1 through 34 as though fully set forth herein.

8  **36.** Paragraph 36 constitutes a statement and conclusion of law to which no response is

9  required.  To the extent Paragraph 36 contains any factual allegations regarding conduct by or

10  liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

11  Paragraph 36 contains any factual allegations regarding conduct by or liability of other parties,

12  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

13  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

14  herein, Cross-Defendants deny all other allegations in said paragraph.

15  **37.** Answering Paragraph 37, Cross-Defendants incorporate their answers to

16  Paragraphs 1 through 36 as though fully set forth herein.

17  **38.** Paragraph 38 constitutes a statement and conclusion of law to which no response is

18  required.  To the extent Paragraph 38 contains any factual allegations regarding conduct by or

19  liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

20  Paragraph 38 contains any factual allegations regarding conduct by or liability of other parties,

21  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

22  allegations and, on that basis deny all allegations in said paragraph.  Except as expressly admitted

23  herein, Cross-Defendants deny all other allegations in said paragraph.

24  **39.** Paragraph 39 constitutes a statement and conclusion of law to which no response is

25  required.  To the extent Paragraph 39 contains any factual allegations regarding conduct by or

26  liability of Cross-Defendants, Cross-Defendants deny such allegations.  To the extent that

27  Paragraph 39 contains any factual allegations regarding conduct by or liability of other parties,

28  Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining

allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**40.** Paragraph 40 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 40 contains any factual allegations regarding conduct by or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that Paragraph 40 contains any factual allegations regarding conduct by or liability of other parties, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**41.** Answering Paragraph 41, Cross-Defendants incorporate their answers to Paragraphs 1 through 40 as though fully set forth herein.

**42.** Paragraph 42 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 42 contains any factual allegations regarding conduct by or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that Paragraph 42 contains any factual allegations regarding conduct by or liability of other parties, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**43.** Paragraph 43 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 43 contains any factual allegations regarding conduct by or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that Paragraph 43 contains any factual allegations regarding conduct by or liability of other parties, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**44.** Paragraph 44 constitutes a statement and conclusion of law to which no response is required. To the extent Paragraph 44 contains any factual allegations regarding conduct by or liability of Cross-Defendants, Cross-Defendants deny such allegations. To the extent that

Paragraph 44 contains any factual allegations regarding conduct by or liability of other parties, Cross-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on that basis deny all allegations in said paragraph. Except as expressly admitted herein, Cross-Defendants deny all other allegations in said paragraph.

**GENERAL DENIAL**

Any and all allegations of the Crossclaims not expressly admitted, denied or otherwise answered are denied. Dublin Town & Country Associates and William F. Kartozian specifically deny that Gabriel H. Chiu, as Trustee of the Chiu Family Trust ("Chiu") has been damaged by Cross-Defendants in any manner whatsoever, or that the Cross-Defendants are liable in any sum whatsoever.

**AFFIRMATIVE DEFENSES**

As separate and distinct defenses to the causes of action alleged in the Counterclaim [sic] of Gabriel H. Chiu, as trustee of the Chiu Family Trust, Cross-Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Claim for Relief)**

The Crossclaim, and each cause of action therein, fails to state a claim for relief against Cross-Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Chiu failed to reasonably mitigate damages. Chiu has made insufficient and dilatory efforts to take appropriate and cost-effective response actions for the conditions alleged in its Crossclaims. To the extent that the costs claimed by Chiu are higher or unnecessary because of its failure to take such measures, any claim for monetary damages against Cross-Defendants should be reduced or otherwise subject to set-off.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Chiu's Crossclaims are barred, in whole or in part, by the equitable doctrine of unclean hands, and Cross-Defendants are entitled to a complete or partial reduction of those claims.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## FOURTH AFFIRMATIVE DEFENSE

**(CERCLA, 42 U.S.C. Section 9601, et seq., Acts of Third Parties)**

Chiu's Crossclaims against Cross-Defendants are barred by the provisions of CERCLA section 107(b)(3), 42 U.S.C. Section 9607(b)(3), in that the alleged release or threatened release of hazardous substances was caused solely by the acts and omissions of third parties (including Chiu) who are not employees or agents of Cross-Defendants, which acts or omissions did not occur in connection with a contractual relationship, existing directly or indirectly, with Cross-Defendants. To the extent relevant, Cross-Defendants are informed and believe and therefore allege that Cross-Defendants exercised due care with respect to the alleged substances concerned, if any, and took reasonable precautions against foreseeable acts or omissions of responsible third parties.

## FIFTH AFFIRMATIVE DEFENSE

**(CERCLA, 42 U.S.C. Section 9613, et seq., Contribution)**

Parties to this action other than Cross-Defendants are legally responsible for any injuries, losses or damages alleged in the Crossclaims. In the event Cross-Defendants, or either one of them, is found liable to Chiu, or settles with Chiu, an apportionment of liability and contribution pursuant to 42 U.S.C. Section 9613(f) should be made as to all parties, with Cross-Defendants, and each of them, liable for only that portion of any damages corresponding to their degree of responsibility, if any.

## SIXTH AFFIRMATIVE DEFENSE

**(Contributory and Comparative Negligence)**

At all relevant times, Cross-Defendants acted with due care and otherwise conducted its business as a reasonable person under the circumstances. All activities of Cross-Defendants alleged in the Crossclaims conformed to all statutory and regulatory requirements and met the standard of care based on the state of knowledge existing at the time. Cross-Defendants fulfilled all of their duties and obligations, whether arising from common law, statute, contract, tort or otherwise. To the extent that Chiu and/or others did not exercise ordinary care and have acted in such a manner so as to cause or contribute to the contamination or spread of contamination at the

site, and any resulting injuries sustained by Chiu were caused and contributed to, in whole or in part, by their own negligence or the negligence of third parties, Cross-Defendants are entitled to have such recovery reduced or eliminated to the extent of the contributory and/or comparative negligence of Chiu or such other third parties.

### SEVENTH AFFIRMATIVE DEFENSE

### (CERCLA, 42 U.S.C. Section 9607 Defenses)

The Crossclaims against Cross-Defendants are barred in whole or in part by the defenses recognized and set forth in Section 107 of CERCLA, 42 U.S.C. Section 9607.

### EIGHTH AFFIRMATIVE DEFENSE

### (CERCLA Response Costs, 42 U.S.C. Section 9601, et seq.)

The CERCLA Crossclaims are barred insofar as Chiu seeks to recover from Cross-Defendants any costs, expenses and damages other than "response costs," as that term is defined by Sections 101 (23), (24) and (25) of CERCLA, 42 U.S.C. Sections 9601 (23), (24) and (25).

### NINTH AFFIRMATIVE DEFENSE

### (De Minimis Contribution)

Any alleged release of a hazardous substance from a facility owned by Cross-Defendants was de minimis and maintenance of Chiu's crossclaims is inequitable.

### TENTH AFFIRMATIVE DEFENSE

### (Divisibility of Harm)

The alleged releases or threatened releases of hazardous substance resulted in distinct environmental harms and the response costs associated with the harms are distinct. To the extent that the alleged releases and threatened releases resulted in a single environmental harm, there is a reasonable basis for determining Cross-Defendants' contribution to the harm, if any. Therefore, the harms or harm and associated response costs are divisible.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Indemnity)

Chiu's Crossclaims, and each of them, are barred by the "as-is" provision and/or other relevant provisions in the November 10, 2004 Purchase Agreement.

## TWELTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Cross-Defendants contend that the Crossclaims are barred by the doctrines of waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intentional or Negligent Acts by Plaintiff)

Cross-Defendants allege that Chiu was negligent in and about the matters alleged in the Crossclaims, and their negligence was the proximate cause of all alleged injuries, if any. Cross-Defendants also allege that Chiu's injuries, if any, were proximately caused by Chiu's intentional or negligent conduct, and Chiu's recovery, if any, should be reduced by an amount proportionate to the amount by which its intentional or negligent conduct contributed to the damages of which Chiu complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intentional or Negligent Acts by Others)

Cross-Defendants allege that the injuries and damages alleged by Chiu, if any, were proximately caused by the intentional or negligent conduct of persons or entities other than Cross-Defendants, and that Cross-Defendants request an allocation of liability to be made among such other parties, if any liability is found on the part of Cross-Defendants only in the amount that is in proportion to the extent and percent by which this Cross-Defendant's acts or omissions contributed to the alleged injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Cross-Defendants allege that one or more of the Crossclaims may be barred by the statute of limitations including, but not limited to, 42 U.S.C. § 9613(g) and California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340 and 343.

/ / /

/ / /

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Affirmative Defenses)**

Cross-Defendants reserve the right to include additional affirmative defenses upon the discovery of facts sufficient to support said defenses or upon further clarification of Chiu's Crossclaims, which are set forth in such a way as to make it impossible for Cross-Defendants to fully ascertain the scope or exact nature of the Crossclaims.

## PRAYER

WHEREFORE, Cross-Defendants, and each of them, pray for judgment as follows:

**1.** That Chiu take nothing by its Crossclaims and that judgment be rendered in favor of Cross-Defendants;

**2.** That Cross-Defendants be awarded its attorneys' fees and costs of suit incurred in defense of this action; and

**3.** For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cross-Defendants hereby demand a trial by jury on all issues so triable in this action.

Dated: April 22, 2008                        Wendel, Rosen, Black & Dean LLP


By: /s/ Greggory C. Brandt
Greggory C. Brandt
Attorneys for Cross-Defendants and
Counterdefendants William F. Kartozian and
Dublin Town & Country Associates