Greggory C. Brandt (Bar No. 189487)
Alexandra L. Foote (Bar No. 225695)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928

Attorneys for Cross-Defendants, Counterdefendants
and Counterclaimants William F. Kartozian and
Dublin Town & Country Associates

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br><br>            Plaintiffs,<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>            Defendants. | Case No. C 07 5354 MHP<br><br>**COUNTERCLAIMS OF DUBLIN TOWN & COUNTRY ASSOCIATES AND WILLIAM F. KARTOZIAN** |
| DUBLIN TOWN & COUNTRY ASSOCIATES and WILLIAM F. KARTOZIAN,<br><br>            Counterclaimants,<br><br>vs.<br><br>BRUCE A. BURROWS, JAMES A. ROESSLER, NAM SUN PARK, SEUNG HEE PARK, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST,<br><br>            Counterdefendants. | |
| AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | |

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, DUBLIN TOWN & COUNTRY ASSOCIATES and WILLIAM F. KARTOZIAN (collectively "Counterclaimants") hereby assert the following counterclaims against BRUCE A. BURROWS, JAMES A. ROESSLER, NAM SUN PARK, SEUNG HEE PARK and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST (collectively "Counter-Defendants") as follows:

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

**1.** These counterclaims arise out of the alleged environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road in Dublin, California ("Property") alleged in the Complaint of the Plaintiffs Bruce A. Burrows and James A. Roessler.

**2.** This Court has jurisdiction over the subject matter of these counterclaims under the provisions of 42 U.S.C. §§ 9613(b) and 28 U.S.C. § 1367(a). Venue is proper under the provisions of 42 U.S.C. §§ 9613 because the claims stated herein arose in this district. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in the judicial district of Alameda County.

**THE PARTIES**

**3.** Counterclaimant Dublin Town & Country Associates is a partnership, which owned the Property from at least April 1985 until approximately March 2005, when it sold the Property to the Chiu Family Trust.

**4.** Counterclaimant William F. Kartozian is a natural person whose residence is in Danville, California. William F. Kartozian was a partner in Dublin Town & Country Associates.

**5.** Bruce A. Burrows is a natural person whose residence is unknown to Counterclaimants.

**6.** James A. Roessler is a natural person whose residence is unknown to Counterclaimants.

**7.** Nam Sun Park is a natural person whose residence is unknown to Counterclaimants.

///

**8.**  Seung Hee Park is a natural person whose residence is unknown to Counterclaimants.

**9.**  Kwang Suk Lee is a natural person whose residence is unknown to Counterclaimants.

**10.**  Kui Ja Lee is a natural person whose residence is unknown to Counterclaimants.

**11.**  Dwight W. Perry is a natural person whose residence is unknown to Counterclaimants.

**12.**  Carlton L. Perry is a natural person whose residence is unknown to Counterclaimants.

**13.**  Gabriel H. Chiu, as trustee of the Chui Family Trust, is a natural person whose residence is unknown to Counterclaimants.

## GENERAL ALLEGATIONS

**14.**  Counter-Defendants, and each of them, at all relevant times to these counterclaims are or were owners of the Property or operators of businesses at the Property.

**15.**  Counterclaimants allege that Bruce A. Burrows and James A. Roessler entered into a written agreement, which includes but is not limited to, a January 13, 2005 First Amendment to Lamp's Plus Shopping Center Purchase Agreement, in which Burrows and Roessler agreed to pay an amount not less than $200,000 for remediation of the Property.

**16.**  Counterclaimants allege on information and belief that Dwight W. Perry and Carlton L. Perry ("Perrys") operated a dry cleaning business at the Property from approximately April 1985 until approximately August 1994.

**17.**  Counterclaimants allege on information and belief that Kwang Suk Lee and Kui Ja Lee ("Lees") operated a dry cleaning business at the Property from approximately August 1994 until approximately December 1999.

**18.**  Counterclaimants allege on information and belief that Nam Sun Park and Sung Hee Park ("Parks") operated a dry cleaning business at the Property from approximately September 1999 to the present.

/ / /

19. Counterclaimants allege on information and belief that the Chiu Family Trust is the current owner of the Property and became the owner of the Property in approximately March 2005 by purchase of the Property from Dublin Town & Country Associates.

20. Counterclaimants allege on information and belief that Counter-Defendants during their respective ownership or occupancy of the Property caused or permitted the release of Perchlorethylene ("PCE") and other dry cleaning chemicals into the environment.

21. Counterclaimants allege on information and belief that as a direct and proximate result of Counter-Defendants' conduct and failure to act and their assumption of liabilities as the owners or occupants of the Property, hazardous substances were released onto the Property, air, surrounding properties and groundwater.

## FIRST COUNTERCLAIM
### (Contribution Pursuant to CERCLA § 113(f))

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu as trustee of the Chiu Family Trust)

22. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

23. The Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

24. Each Counter-Defendant is a liable or potentially liable person within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

25. The Complaint filed by Plaintiffs herein alleges a civil action within the meaning of Section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

26. Counterclaimants are entitled to contributions from Counter-Defendants as this Court deems appropriate pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## SECOND COUNTERCLAIM
### (Hazardous Substance Statutory Indemnity)

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu as trustee of the Chiu Family Trust)

27. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

28. Counterclaimants allege on information and belief that the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, *et seq.* (hereinafter the "HSAA") was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is or was allegedly discharged into the environment for such facility.

29. Counterclaimants may incur costs arising from the hazardous substance contamination of the soil, air and groundwater in and around the Property.

30. Counter-Defendants, and each of them, are liable persons under the HSAA due to their status as either owners of the Property, assignees of the owners of the Property, operators of the Property or arrangers of the disposal and discharge of hazardous substances on account of said Counter-Defendants' actual and direct control of the method of disposal of contaminants on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. Counterclaimants are entitled to indemnification and contribution from Counter-Defendants, in whole or in part, based upon California Health & Safety Code Section 25363(e).

### THIRD COUNTERCLAIM
### (Equitable Indemnity)
### (Against All Counter-Defendants)

31. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

32. In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, which liability is expressly denied, Counterclaimants allege on information and belief that such liability will arise wholly or partly by reason of the conduct of the Counter-Defendants, or that Counter-Defendants are jointly liable for said liability. Counter-Defendants are therefore, bound and obligated to defend,

indemnify and hold harmless Counterclaimants from and against any and all claims, losses, damages, attorney's fees, judgments and settlement expenses incurred, or to be incurred, in this action by Counterclaimants.

## FOURTH COUNTERCLAIM
### (Declaratory Relief)
### (Against All Counter-Defendants)

**33.** Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**34.** A determination of the proportionate degree of liability, if any, of Counterclaimants, on the one hand, and Counter-Defendants, on the other, is necessary to protect the rights of Counterclaimants.

**35.** An actual controversy has arisen and now exists relating to the legal rights and duties of Counterclaimants and all Counter-Defendants, and each of them, for which Counterclaimants desire a declaration of their rights and indemnification, in which Counterclaimants contend and are informed and believe, that Counter-Defendants deny, the following:

(a) That as between these parties, the responsibility, if any, for the damages claimed in this action rests entirely on Counter-Defendants.

(b) That as a result, Counter-Defendants are obligated to partially indemnify or fully indemnify Counterclaimants for sums that Counterclaimants may be held to pay as a result of any damages, judgments, settlement or other awards recovered against Counterclaimants by the federal or state government or private party as a result of the toxic chemical contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil, air and water; and

(c) Counterclaimants allege on information and belief that Counter-Defendants deny any such liability.

**36.** Counterclaimants are entitled to, and hereby request, a judicial determination of Counterclaimants' rights to indemnification and contribution, and a declaration that Counter-

Defendants or others, and not Counterclaimants, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil, air and groundwater in and around the Property.

## FIFTH COUNTERCLAIM
### (Porter-Cologne Statutory Contribution)
### (Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu as trustee of the Chiu Family Trust)

37. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

38. Counterclaimants allege on information and belief that the Porter-Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater. To the extent Counterclaimants incur costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Property, Counterclaimants are statutorily entitled to contribution pursuant to Water Code Section 13350(i) and hereby request contribution and indemnification pursuant to that section as against Counter-Defendants.

## SIXTH COUNTERCLAIM
### (Negligence)
(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu as trustee of the Chiu Family Trust)

39. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

40. Counterclaimants allege on information and belief that during Counter-Defendants' respective periods of ownership of or operation at the Property, sudden and accidental releases of contaminants or hazardous substances may have occurred, resulting in contamination at the Property. Some of the sudden and accidental releases are attributable to Counter-Defendants' negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the release of hazardous substances into the environment.

///

**41.** Counterclaimants allege on information and belief that Counter-Defendants, and each of them, breached their duty by negligently causing, permitting or contributing to contamination at the Property, surrounding properties, soils, air and groundwater.

**42.** Counterclaimants allege on information and belief that as a proximate result of Counter-Defendants' negligence, Counterclaimants have suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property and related properties. Such costs also include attorneys' fees and consultants' fees incurred as a direct and proximate result of said negligence.

## SEVENTH COUNTERCLAIM
### (Equitable Contribution)
### (Against All Counter-Defendants)

**43.** Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**44.** Counterclaimants deny they were in any way primarily or actively negligent and their liability, if any, to other parties would be solely vicarious and would be based upon passive and secondary conduct, or would arise as a matter of law. The damages to other parties, if any, were the result of active and affirmative negligence of Counter-Defendants. Said active negligence of Counter-Defendants was a legal cause of the damages of which Plaintiffs, Counterclaimants and Cross-Claimants complain.

**45.** Counterclaimants further contends that if they, or either of them, are held liable to any party for damages, Counterclaimants are entitled to contribution for the payment of any judgment in favor of such other party or parties and against Counterclaimants, or any settlement in part in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and created by Counter-Defendants, for the matters alleged in the Complaint, Counterclaims and Cross-Claims, and Counter-Defendants should indemnify Counterclaimants and hold them harmless from any and all claims and reimburse Counterclaimants for any money paid in satisfaction of any judgment or any money paid as

1  settlement in anticipation of any judgment, for all attorney's fees in defending said action and the
2  cost of investigation of the matters alleged in this action.

3  **46.** By reason of the foregoing, Counterclaimants contend that if they, or either of them, are held liable to any party for damages set forth in the Complaint, Counterclaims or Cross-Claims, that under the doctrine of indemnity for comparative contribution, Counterclaimants are entitled to contribution or indemnification on the basis that Counter-Defendants, and each of them, should be required to share liability with Counterclaimants pro rata on the basis of relative fault that each bears for the total damage award suffered or received, if any, by Plaintiffs, Counterclaimants or Cross-Claimants in the form of any judgment, settlement or compromise. Counterclaimants further contend that they are entitled to be reimbursed for attorney's fees in defending said action and for the investigation of the matters alleged in the Complaint, Counterclaims and Cross-Claims.

### EIGHTH COUNTERCLAIM
### (Breach of Contractual Indemnity)
### (Against Nam Sun Park and Seung Hee Park)

**47.** Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**48.** On or around April 3, 1985, Dublin Town & Country Associates entered into a Shopping Center Lease Agreement for the Property ("1985 Lease") with Carlton L. Perry and Dwight W. Perry.

**49.** On or around August 8, 1994, Carlton L. Perry and Dwight W. Perry assigned their rights under the 1985 Lease to Kwang Suk Lee and Kui Ja Lee.

**50.** On or around December 7, 1999, Kwang Suk Lee and Kui Ja Lee assigned their rights under the 1985 Lease to Nam Sun Park and Seung Hee Park (the "Parks").

**51.** Paragraph 20(D) of the Lease states, in pertinent part, that the lessees "covenant[] and agreed that neither Landlord or its agents, servants or employees, shall at any time or to any extent whatsoever be liable, responsible or in anywise accountable for any loss, injury, death or damage to person(s) or property which at any time may be suffered or sustained by Tenant or by

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

any person(s)…whether or not such loss, injury, death or damage shall be caused by or in any manner result from or arise out of any act, omission or negligence of Tenant…and Tenant shall and herewith does forever indemnify, defend, hold and save Landlord, it agents, servants and employees free and harmless of, from and against any and all claims, liability, loss, costs, expense or damage whatsoever, including, but not by way of limitation, attorneys' fees, on account of any loss, injury, death, or damage occurring on, in, or about the Leased Premises, or arising from the use or occupancy of the Lease Premises, or in violation of any law, rule, ordinance, or regulation thereon."

**52.**   Paragraph 32(A) also states that the landlord shall not be liable "for any injury or damage to…property resulting from …leaks from any part of the Lease Premises or from the pipes, appliances or plumbing works or from the …subsurface or from any other place…or by any other cause of whatsoever nature." Paragraph 32(B) of the Lease states that all covenants and agreements in the Lease also inure to the benefit of the landlord and each of its personal representatives.

**53.**   On April 14, 2008, and not later than the service of this pleading, Counterclaimants tendered to Carlton L. Perry, Dwight W. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park and Seung Hee Park the obligation to defend and indemnify Counterclaimants for the claims alleged against them in this action and otherwise related to alleged contamination at the Property. Counter-defendants breached the express indemnity provision of the 1985 Lease by, among other things, failing to agree to defend and indemnify Dublin Town & Country Associates and Kartozian.

**54.**   Counterclaimants have performed all conditions and obligations to be performed on their part under the 1985 Lease. Counterclaimants have incurred costs and will continue to incur costs and attorneys' fees for matters covered by the indemnity provisions in the 1985 Lease.

**55.**   Counterclaimants are entitled to judgment for damages, including attorneys' fees and costs incurred as a result of Counter-defendants beach of contractual indemnity provisions, in an amount to be proved at trial.

/ / /

## NINTH COUNTERCLAIM

**(Declaratory Relief re Contractual Indemnity)**

**(Against Nam Sun Park and Seung Hee Park)**

56. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

57. An actual, present controversy has arisen with regard to the rights of various parties to this action under 1985 Lease. Counterclaimants contend that they are entitled to indemnification pursuant to the terms of the 1985 Lease. On the other hand, Counter-Defendants the Parks have failed and refused to provide such indemnification. Counterclaimants desire a judicial determination of the respective rights and obligations of the parties with respect to the obligation of the Parks to indemnify Counterclaimants pursuant to the terms of the 1985 Lease. Such a judicial determination is necessary and appropriate so that Counterclaimants may ascertain their rights and obligations.

58. Counterclaimants are entitled to a declaration of rights and duties under the 1985 Lease Agreement.

## TENTH COUNTERCLAIM

**(Breach of Lease)**

**(Against Nam Sun Park and Seung Hee Park)**

59. Counterclaimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

60. Paragraph 17(A) of the 1985 Lease required the Parks to "comply with all laws, ordinances, orders and regulations affecting the Lease Premises, and the building in which the same are situated and their cleanliness, safety, occupation and use….Tenant shall not perform any acts or carry on any practices that may injure adjoining buildings or be a nuisance or menace to other persons or businesses in the area or disturb the quiet enjoyment of any person. Tenant shall not conduct or, with knowledge, permit to be conducted any waste or public or private nuisance on the Leased Premises or any portion of the Shopping Center within which the same are

located." Paragraph 17(A) also provides indemnification of the Counterclaimants for any accident or other occurrence on or about the Property causing injury to property.

**61.**   The Parks breached the 1985 Lease by, among other things, causing or permitting the release of PCE and other dry cleaning chemicals into the environment.

**62.**   Counterclaimants have performed all conditions and obligations to be performed on their part under the 1985 Lease. Dublin Town & Country Associates and Kartozian have incurred costs and will continue to incur costs and attorneys' fees for matters covered by the provisions in the 1985 Lease.

**63.**   Counterclaimants are entitled to judgment for damages, including attorneys' fees and costs incurred as a result of Counter-Defendants beach of 1985 Lease, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants and each of them pray judgment as follows:

**1.**   For recovery and contribution from Counter-Defendants, and each of them, of all response costs incurred, and to be incurred by Counterclaimants, in response to the alleged release of hazardous substances in and around the Property according to proof at trial;

**2.**   For damages against Counter-Defendants, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination. in an amount according to proof at trial;

**3.**   For a declaration of the rights and duties of the parties pursuant to the 1985 Lease;

**4.**   For compensatory damages according to proof;

**5.**   For incidental and consequential damages according to proof;

**6.**   For prejudgment interest at the legal rate;

**7.**   For attorney's fees and costs as allowed by statute, contract or equity; and

**8.**   For such other and further relief as this Court deems proper.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counterclaimants demand a trial by jury on all issues so triable.

Dated: April 22, 2008　　　　　　　　　　　　　WENDEL, ROSEN, BLACK & DEAN LLP

By: /s/ Greggory C. Brandt
　　Greggory C. Brandt
　　Attorneys for Cross-Defendants, Counter-Defendants and Counterclaimants
　　William F. Kartozian and Dublin Town & Country Associates