1  Greggory C. Brandt (Bar No. 189487)
   Alexandra L. Foote (Bar No. 225695)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, CA  94607-4036
   Telephone:  (510) 834-6600
4  Fax:  (510) 834-1928

5  Attorneys for Cross-Defendants, Counterdefendants
   and Cross-Claimants William F. Kartozian and
6  Dublin Town & Country Associates

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 BRUCE A. BURROWS and JAMES A. ROESSLER,                    Case No.  C 07 5354 MHP

12                Plaintiffs,                                 **CROSS-CLAIMS OF DUBLIN TOWN & COUNTRY ASSOCIATES AND WILLIAM F. KARTOZIAN**

13        vs.

14 DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,

17                Defendants.

18 DUBLIN TOWN & COUNTRY ASSOCIATES and WILLIAM F. KARTOZIAN,

20                Cross-Claimants,

21        vs.

22 DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE and KUI JA LEE,

24                Cross-Defendants.

25
26 AND RELATED COUNTERCLAIMS AND CROSSCLAIMS.

*CROSSCLAIMS OF DUBLIN TOWN & COUNTRY ASSOCIATES AND WILLIAM F. KARTOZIAN - Case No. C 07 5354 MHP*

000010.0001\845763.1

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, DUBLIN TOWN & COUNTRY ASSOCIATES and WILLIAM F. KARTOZIAN (collectively "Cross-Claimants") hereby assert the following cross-claims against DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE and KUI JA LEE (collectively "Cross-Defendants") as follows:

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

**1.** These cross-claims arise out of the alleged environmental contamination at 7272 San Ramon Road, later renumbered 7242 San Ramon Road in Dublin, California ("Property") alleged in the Complaint of the Plaintiffs Bruce A. Burrows and James A. Roessler.

**2.** This Court has jurisdiction over the subject matter of these cross-claims under the provisions of 42 U.S.C. §§ 9613(b) and 28 U.S.C. § 1367(a). Venue is proper under the provisions of 42 U.S.C. §§ 9613 because the claims stated herein arose in this district. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in the judicial district of Alameda County.

**THE PARTIES**

**3.** Cross-Claimant Dublin Town & Country Associates is a partnership, which owned the Property from at least April 1985 until approximately March 2005, when it sold the Property to the Chiu Family Trust.

**4.** Cross-Claimant William F. Kartozian is a natural person whose residence is in Danville, California. William F. Kartozian was a partner in Dublin Town & Country Associates.

**5.** Nam Sun Park is a natural person whose residence is unknown to Cross-Claimants.

**6.** Seung Hee Park is a natural person whose residence is unknown to Cross-Claimants.

**7.** Kwang Suk Lee is a natural person whose residence is unknown to Cross-Claimants.

**8.** Kui Ja Lee is a natural person whose residence is unknown to Cross-Claimants.

///

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**9.**   Dwight W. Perry is a natural person whose residence is unknown to Cross-Claimants.

**10.**   Carlton L. Perry is a natural person whose residence is unknown to Cross-Claimants.

**11.**   Gabriel H. Chiu, as trustee of the Chui Family Trust, is a natural person whose residence is unknown to Cross-Claimants.

## GENERAL ALLEGATIONS

**12.**   Cross-Defendants, and each of them, at all relevant times to these cross-claims are or were owners of the Property or operators of businesses at the Property.

**13.**   Cross-Claimants allege on information and belief that Dwight W. Perry and Carlton L. Perry ("Perrys") operated a dry cleaning business at the Property from approximately April 1985 until approximately August 1994.

**14.**   Cross-Claimants allege on information and belief that Kwang Suk Lee and Kui Ja Lee ("Lees") operated a dry cleaning business at the Property from approximately August 1994 until approximately December 1999.

**15.**   Cross-Claimants allege on information and belief that Nam Sun Park and Sung Hee Park ("Parks") operated a dry cleaning business at the Property from approximately September 1999 to the present.

**16.**   Cross-Claimants allege on information and belief that the Chiu Family Trust is the current owner of the Property and became the owner of the Property in approximately March 2005 by purchase of the Property from Dublin Town & Country Associates.

**17.**   Cross-Claimants allege on information and belief that Cross-Defendants during their respective ownership or occupancy of the Property caused or permitted the release of Perchlorethylene ("PCE") and other dry cleaning chemicals into the environment.

**18.**   Cross-Claimants allege on information and belief that as a direct and proximate result of Cross-Defendants' conduct and failure to act and their assumption of liabilities as the owners or occupants of the Property, hazardous substances were released onto the Property, air, surrounding properties and groundwater.

## FIRST CROSSCLAIM

### (Contribution Pursuant to CERCLA § 113(f))

### (Against all Cross-Defendants)

**19.** Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**20.** The Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

**21.** Each Cross-Defendant is a liable or potentially liable person within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

**22.** The Complaint filed by Plaintiffs herein alleges a civil action within the meaning of Section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

**23.** Cross-Claimants are entitled to contributions from Cross-Defendants as this Court deems appropriate pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

## SECOND CROSSCLAIM

### (Hazardous Substance Statutory Indemnity)

### (Against All Cross-Defendants)

**24.** Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**25.** Cross-Claimants allege on information and belief that the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, *et seq.* (hereinafter the "HSAA") was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is or was allegedly discharged into the environment for such facility.

**26.** Cross-Claimants may incur costs arising from the hazardous substance contamination of the soil, air and groundwater in and around the Property.

**27.** Cross-Defendants, and each of them, are liable persons under the HSAA due to their status as either owners of the Property, assignees of the owners of the Property, operators of the Property or arrangers of the disposal and discharge of hazardous substances on account of said Cross-Defendants' actual and direct control of the method of disposal of contaminants on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. Cross-Claimants are entitled to indemnification and contribution from Cross-Defendants, in whole or in part, based upon California Health & Safety Code Section 25363(e).

## THIRD CROSSCLAIM
### (Equitable Indemnity)
### (Against All Cross-Defendants)

**28.** Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**29.** In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, which liability is expressly denied, Cross-Claimants allege on information and belief that such liability will arise wholly or partly by reason of the conduct of the Cross-Defendants, or that Cross-Defendants are jointly liable for said liability. Cross-Defendants are therefore, bound and obligated to defend, indemnify and hold harmless Cross-Claimants from and against any and all claims, losses, damages, attorney's fees, judgments and settlement expenses incurred, or to be incurred, in this action by Cross-Claimants.

## FOURTH CROSSCLAIM
### (Declaratory Relief)
### (Against All Cross-Defendants)

**30.** Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

/ / /

/ / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**31.** A determination of the proportionate degree of liability, if any, of Cross-Claimants, on the one hand, and Cross-Defendants, on the other, is necessary to protect the rights of Cross-Claimants.

**32.** An actual controversy has arisen and now exists relating to the legal rights and duties of Cross-Claimants and all Cross-Defendants, and each of them, for which Cross-Claimants desire a declaration of their rights and indemnification, in which Cross-Claimants contend and are informed and believe, that Cross-Defendants deny, the following:

**(a)** That as between these parties, the responsibility, if any, for the damages claimed in this action rests entirely on Cross-Defendants.

**(b)** That as a result, Cross-Defendants are obligated to partially indemnify or fully indemnify Cross-Claimants for sums that Cross-Claimants may be held to pay as a result of any damages, judgments, settlement or other awards recovered against Cross-Claimants by the federal or state government or private party as a result of the toxic chemical contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil, air and water; and

**(c)** Cross-Claimants allege on information and belief that Cross-Defendants deny any such liability.

**33.** Cross-Claimants are entitled to, and hereby request, a judicial determination of Cross-Claimants' rights to indemnification and contribution, and a declaration that Cross-Defendants or others, and not Cross-Claimants, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil, air and groundwater in and around the Property.

**FIFTH CROSSCLAIM**

**(Porter-Cologne Statutory Contribution)**

**(Against All Cross-Defendants)**

**34.** Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

1   **35.**   Cross-Claimants allege on information and belief that the Porter-Cologne Act
2   provides for statutory contribution to those persons who become liable for the investigation,
3   clean-up and remediation of hazardous substance contamination to groundwater. To the extent
4   Cross-Claimants incur costs and expenses in response to the alleged hazardous substance
5   contamination of the soil and groundwater in and around the Property, Cross-Claimants are
6   statutorily entitled to contribution pursuant to Water Code Section 13350(i) and hereby request
7   contribution and indemnification pursuant to that section as against Cross-Defendants.

## SIXTH CROSSCLAIM

### (Negligence)

### (Against All Cross-Defendants)

11  **36.**   Cross-Claimants reallege and incorporate by reference the allegations contained in
12  all preceding paragraphs as though fully set forth herein.

13  **37.**   Cross-Claimants allege on information and belief that during Cross-Defendants'
14  respective periods of ownership of or operation at the Property, sudden and accidental releases of
15  contaminants or hazardous substances may have occurred, resulting in contamination at the
16  Property.  Some of the sudden and accidental releases are attributable to Cross-Defendants'
17  negligence in failing to properly operate, maintain, repair, and manage the Property to avoid the
18  release of hazardous substances into the environment.

19  **38.**   Cross-Claimants allege on information and belief that Cross-Defendants, and each
20  of them, breached their duty by negligently causing, permitting or contributing to contamination
21  at the Property, surrounding properties, soils, air and groundwater.

22  **39.**   Cross-Claimants allege on information and belief that as a proximate result of
23  Cross-Defendants' negligence, Cross-Claimants have suffered damages including, but not limited
24  to, response costs incurred and to be incurred in the future to properly respond to the alleged
25  hazardous substance contamination in and around the Property and related properties. Such costs
26  also include attorneys' fees and consultants' fees incurred as a direct and proximate result of said
27  negligence.

28  / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

000010.0001\845763.1

*CROSSCLAIMS OF DUBLIN TOWN & COUNTRY
ASSOCIATES AND WILLIAM F. KARTOZIAN - Case No.
C 07 5354 MHP*
- 7 -

## SEVENTH CROSSCLAIM

### (Equitable Contribution)

### (Against All Cross-Defendants)

40. Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

41. Cross-Claimants deny they were in any way primarily or actively negligent and their liability, if any, to other parties would be solely vicarious and would be based upon passive and secondary conduct, or would arise as a matter of law. The damages to other parties, if any, were the result of active and affirmative negligence of Cross-Defendants. Said active negligence of Cross-Defendants was a legal cause of the damages of which Plaintiffs, Counterclaimants and Cross-Claimants complain.

42. Cross-Claimants further contends that if they, or either of them, are held liable to any party for damages, Cross-Claimants are entitled to contribution for the payment of any judgment in favor of such other party or parties and against Cross-Claimants, or any settlement in part in anticipation of a judgment, in proportion to the actual culpability, fault, responsibility and negligence caused and created by Cross-Defendants, for the matters alleged in the Complaint, Counterclaims and Cross-Claims, and Cross-Defendants should indemnify Cross-Claimants and hold them harmless from any and all claims and reimburse Cross-Claimants for any money paid in satisfaction of any judgment or any money paid as settlement in anticipation of any judgment, for all attorney's fees in defending said action and the cost of investigation of the matters alleged in this action.

43. By reason of the foregoing, Cross-Claimants contend that if they, or either of them, are held liable to any party for damages set forth in the Complaint, Counterclaims or Cross-Claims, that under the doctrine of indemnity for comparative contribution, Cross-Claimants are entitled to contribution or indemnification on the basis that Cross-Defendants, and each of them, should be required to share liability with Cross-Claimants pro rata on the basis of relative fault that each bears for the total damage award suffered or received, if any, by Plaintiffs, Counter-Claimants or Cross-Claimants in the form of any judgment, settlement or compromise. Cross-

1  Claimants further contend that they are entitled to be reimbursed for attorney's fees in defending
2  said action and for the investigation of the matters alleged in the Complaint, Counterclaims and
3  Cross-Claims.

## EIGHTH CROSSCLAIM

### (Breach of Contractual Indemnity)

### (Against All Cross-Defendants)

**44.**  Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

**45.**  On or around April 3, 1985, Dublin Town & Country Associates entered into a Shopping Center Lease Agreement for the Property ("1985 Lease") with Carlton L. Perry and Dwight W. Perry.

**46.**  On or around August 8, 1994, Carlton L. Perry and Dwight W. Perry assigned their rights under the 1985 Lease to Kwang Suk Lee and Kui Ja Lee.

**47.**  On or around December 7, 1999, Kwang Suk Lee and Kui Ja Lee assigned their rights under the 1985 Lease to Nam Sun Park and Seung Hee Park.

**48.**  Paragraph 20(D) of the Lease states, in pertinent part, that the lessees "covenant[] and agreed that neither Landlord or its agents, servants or employees, shall at any time or to any extent whatsoever be liable, responsible or in anywise accountable for any loss, injury, death or damage to person(s) or property which at any time may be suffered or sustained by Tenant or by any person(s)…whether or not such loss, injury, death or damage shall be caused by or in any manner result from or arise out of any act, omission or negligence of Tenant…and Tenant shall and herewith does forever indemnify, defend, hold and save Landlord, it agents, servants and employees free and harmless of, from and against any and all claims, liability, loss, costs, expense or damage whatsoever, including, but not by way of limitation, attorneys' fees, on account of any loss, injury, death, or damage occurring on, in, or about the Leased Premises, or arising from the use or occupancy of the Lease Premises, or in violation of any law, rule, ordinance, or regulation thereon."

///

49.     Paragraph 32(A) also states that the landlord shall not be liable "for any injury or damage to…property resulting from …leaks from any part of the Lease Premises or from the pipes, appliances or plumbing works or from the …subsurface or from any other place…or by any other cause of whatsoever nature." Paragraph 32(B) of the Lease states that all covenants and agreements in the Lease also inure to the benefit of the landlord and each of its personal representatives.

50.     On April 14, 2008, and not later than the service of this pleading, Cross-Claimants tendered to Carlton L. Perry, Dwight W. Perry, Kwang Suk Lee, Kui Ja Lee, Nam Sun Park and Seung Hee Park the obligation to defend and indemnify Cross-Claimants for the claims alleged against them in this action and otherwise related to alleged contamination at the Property. Cross-defendants breached the express indemnity provision of the 1985 Lease by, among other things, failing to agree to defend and indemnify Dublin Town & Country Associates and Kartozian.

51.     Cross-Claimants have performed all conditions and obligations to be performed on their part under the 1985 Lease. Cross-Claimants have incurred costs and will continue to incur costs and attorneys' fees for matters covered by the indemnity provisions in the 1985 Lease.

52.     Cross-Claimants are entitled to judgment for damages, including attorneys' fees and costs incurred as a result of Cross-defendants beach of contractual indemnity provisions, in an amount to be proved at trial.

### NINTH CROSSCLAIM
**(Declaratory Relief re Contractual Indemnity)**
**(Against All Cross-Defendants)**

53.     Cross-Claimants reallege and incorporate by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

54.     An actual, present controversy has arisen with regard to the rights of various parties to this action under 1985 Lease. Cross-Claimants contend that they are entitled to indemnification pursuant to the terms of the 1985 Lease. On the other hand, Cross-Defendants the Perrys and the Lees have failed and refused to provide such indemnification. Cross-Claimants desire a judicial determination of the respective rights and obligations of the parties with respect

1  to the obligation of the Perrys and the Lees to indemnify Cross-Claimants pursuant to the terms of
2  the 1985 Lease. Such a judicial determination is necessary and appropriate so that Cross-
3  Claimants may ascertain their rights and obligations.

4    **55.**    Cross-Claimants are entitled to a declaration of rights and duties under the 1985
5  Lease Agreement.

## TENTH CROSSCLAIM
### (Breach of Lease)
### (Against All Cross-Defendants)

9   **56.**    Cross-Claimants reallege and incorporate by reference the allegations contained in
10  all preceding paragraphs as though fully set forth herein.

11  **57.**    Paragraph 17(A) of the 1985 Lease required the Perrys and the Lees to "comply
12  with all laws, ordinances, orders and regulations affecting the Lease Premises, and the building in
13  which the same are situated and their cleanliness, safety, occupation and use….Tenant shall not
14  perform any acts or carry on any practices that may injure adjoining buildings or be a nuisance or
15  menace to other persons or businesses in the area or disturb the quiet enjoyment of any person.
16  Tenant shall not conduct or, with knowledge, permit to be conducted any waste or public or
17  private nuisance on the Leased Premises or any portion of the Shopping Center within which the
18  same are located." Paragraph 17(A) also provides indemnification of the Cross-Claimants for any
19  accident or other occurrence on or about the Property causing injury to property.

20  **58.**    The Perrys and the Lees breached the 1985 Lease by, among other things, causing
21  or permitting the release of PCE and other dry cleaning chemicals into the environment.

22  **59.**    Cross-Claimants have performed all conditions and obligations to be performed on
23  their part under the 1985 Lease. Dublin Town & Country Associates and Kartozian have incurred
24  costs and will continue to incur costs and attorneys' fees for matters covered by the provisions in
25  the 1985 Lease.

26  **60.**    Cross-Claimants are entitled to judgment for damages, including attorneys' fees
27  and costs incurred as a result of Cross-defendants beach of 1985 Lease, in an amount to be proved
28  at trial.

*CROSSCLAIMS OF DUBLIN TOWN & COUNTRY ASSOCIATES AND WILLIAM F. KARTOZIAN - Case No. C 07 5354 MHP*    - 11 -

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Claimants and each of them pray judgment as follows:

1. For recovery and contribution from Cross-Defendants, and each of them, of all response costs incurred, and to be incurred by Cross-Claimants, in response to the alleged release of hazardous substances in and around the Property according to proof at trial;

2. For damages against Cross-Defendants, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination. in an amount according to proof at trial;

3. For a declaration of the rights and duties of the parties pursuant to the 1985 Lease;

4. For compensatory damages according to proof;

5. For incidental and consequential damages according to proof;

6. For prejudgment interest at the legal rate;

7. For attorney's fees and costs as allowed by statute, contract or equity; and

8. For such other and further relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cross-Claimants demand a trial by jury on all issues so triable.

Dated: April 22, 2008                              WENDEL, ROSEN, BLACK & DEAN LLP


By: /s/ Greggory C. Brandt
    Greggory C. Brandt
    Attorneys for Cross-Defendants, Counter-Defendants and Cross-Claimants
    William F. Kartozian and Dublin Town & Country Associates