1  EDWARD W. POLSON, State Bar No. 062423
   5000 Hopyard Road, Suite 400
2  Pleasanton, CA 94588
   Tel: (925) 225-9600
3  Fax: (925) 463-3110
   Email: epolson@sbcglobal.net
4
   Attorney for Cross-Defendant Gabriel H. Chiu,
5  as Trustee of the Chiu Family Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCEBRUCE BRUCE A.BRUCE A. BRUCE A. BURROWSBRUCE A. BURROWS BRUCE A. BURROWS and ROESSLER<br><br>Plaintiffs,<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK<br><br>Defendants.<br>_____<br>NAMNAM NAM SUNNAM SUN NAM SUN PARKNAM SUN PARKNAM SUN PARK and NAM SUN PARK<br><br>Cross-claimants<br><br>vs.<br><br>DWIGHT W. PERRY, CARLTON L. PERRY,PERRY, PERRY, KWANGPERRY, KWANG PERRY, KWANG SUKPERRY, KWANG SUK PERRY, DUBLIN TOWN & COUNTRY ASSOCIATES,ASSOCIATES, ASSOCIATES, WILLIAMASSOCIATES, WILLIAM ASSOCIATES, WILLIAM an individual, and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST,<br><br>Cross-defendants.<br><br>AND RELATED COUNTERCLAIMS<br>AND CROSSCLAIMS | CASE NO. C-07-05354 MHP<br>_____<br>COMPLAINT FILED:    10/19/07<br>TRIAL DATE              None Set<br><br><br>RESPONSERESPONSE OF GABRIEL H. CHIU, AS TRUSTEETRUSTEE OF THE CHIU FAMILY TRUST,TRUST, TO THE COUNTERCLAIMS OFOF DUBLIN TOWN & COUNTRY ASSOCIATESASSOCIATES AND WILLIAM F. KARTOZIAN |

Counter-defendant Gabriel H. Chiu, as Trustee of the Chiu Family Trust (hereinafter

Chiu ), through his attorney of record, responds to the counterclaims of Dublin Town &

Country Associates and William F. Kartozian (collectively DTCA ) as follows:

---
Response of Chiu to Counterclaim of                                                    No. C07-05354 MHP
Dublin Town & Country & Kartozian                   1

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

1. Chiu admits the allegations of Paragraph 1 with the exception any environmental contamination is merely alleged and is subject to proof at trial.

2. Chiu admits the allegations of Paragraph 2.

**THE PARTIES**

3. Chiu admits the allegations of Paragraph 3 on the basis of information or belief.

4. Chiu admits the allegations of Paragraph 4 on the basis of information or belief.

5. Chiu admits the allegations of Paragraph 5 on the basis of information or belief.

6. Chiu admits the allegations of Paragraph 6 on the basis of information or belief.

7. Chiu admits the allegations of Paragraph 7.

8. Chiu admits the allegations of Paragraph 8.

9. Chiu admits the allegations of Paragraph 9.

10. Chiu admits the allegations of Paragraph 10.

11. Chiu admits the allegations of Paragraph 11.

12. Chiu admits the allegations of Paragraph 12.

13. Chiu admits the allegations of Paragraph 13.

**GENERAL ALLEGATION**

14. Chiu admits the allegations of Paragraph 14 on the basis of information or belief.

15. Chiu admits the allegations of Paragraph 15 subject to the terms and conditions stated in the January 13, 2005 First Amendment.

16. Chiu admits the allegations of Paragraph 16 on the basis of information or belief.

17. Chiu admits the allegations of Paragraph 17 on the basis of information or belief.

18. Chiu admits the allegations of Paragraph 18 on the basis of information or belief provided on information or belief Chiu alleges Parks did not commence operation of the dry cleaning business at the Property until December 1999 or January 2000.

19. Chiu admits the allegations of Paragraph 19.

20. Chiu denies the allegations of Paragraph 20 to the extent it is alleged that Chiu caused or permitted the release of Perchlorethylene ( PCE ) and other dry cleaning chemicals

1  into the environment. Chiu denies the remaining allegations of Paragraph 20 due to lack of
2  information or belief.
3      21. Chiu denies the allegations of Paragraph 21 to the extent such allegations are
4  directed to the alleged acts or omissions of Chiu.

## FIRST COUNTERCLAIM

**(Contribution Pursuant to CERCLA § 113(f)**

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu, as trustee of the Chiu Family Trust)

    22. Chiu refers to his responses to Paragraphs 1 through 21, inclusive, and incorporates them herein by reference.

    23. Chiu admits the allegations of Paragraph 23.

    24. Chiu admits the allegations of Paragraph 24 that Chiu is a potentially liable person but denies actual liability.

    25. Chiu admits the allegations of Paragraph 25.

    26. Chiu denies the allegations of Paragraph 26 to the extent DTCA seeks contribution from Chiu.

## SECOND COUNTERCLAIM

**(Hazardous Substance Statutory Indemnity)**

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu, as trustee of the Chiu Family Trust)

    27. Chiu refers to his responses to Paragraphs 1 through 26, inclusive, and incorporates them herein by reference.

    28. Paragraph 28 contains statements on the existence of and exclusions about the purpose and meaning of statute and no response is required beyond the fact the law speaks for itself.

    29. Chiu denies the allegations of Paragraph 29 due to lack of information or belief.

    30. Chiu admits the allegations of Paragraph 30 that Chiu is the current owner of the Property but denies the remaining allegations due to lack of information or belief.

## THIRD COUNTERCLAIM

**(Equitable Indemnity)**

(Against All Counter-Defendants)

31. Chiu refers to his responses to Paragraphs 1 through 30, inclusive, and incorporates them herein by reference.

32. Chiu denies the allegations of Paragraph 32 to the extent such allegations are directed to Chiu.

## FOURTH COUNTERCLAIM

**(Declaratory Relief)**

(Against All Counter-Defendants)

33. Chiu refers to his responses to Paragraphs 1 through 32, inclusive, and incorporates them herein by reference.

34. Chiu denies the allegations of Paragraph 34 due to lack of information or belief.

35. Chiu admits the allegations of Paragraph 35 that there is an existing controversy among the parties. Chiu denies the remaining allegations of Paragraph 35 due to lack of information or belief.

36. Chiu admits the allegations of Paragraph 36 regarding the need for declaratory relief. Chiu specifically denies that Chiu bears any responsibility for damages claimed by DTCA and that Chiu is in any way obligated to indemnify DTCA. Chiu denies the remaining allegations of Paragraph 36 due to lack of information or belief.

## FIFTH COUNTERCLAIM

**(Porter-Cologne Statutory Contribution)**

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu, as trustee of the Chiu Family Trust)

37. Chiu refers to his responses to Paragraphs 1 through 36, inclusive, and incorporates them herein by reference.

38. The first sentence of Paragraph 38 contains statements on the existence of and conclusions about the purpose and meaning of statute and no response is required beyond the fact

1  the law speaks for itself.  Chiu denies the remaining allegations of Paragraph 38 due to lack of
2  information or belief.

### SIXTH COUNTERCLAIM

### (Negligence)

(Against Nam Sun Park, Seung Hee Park & Gabriel H. Chiu, as trustee of the Chiu Family Trust)

39. Chiu refers to his responses to Paragraphs 1 through 38, inclusive, and incorporates them herein by reference.

40. Chiu denies the allegations of Paragraph 40 to the extent the allegations are directed to Chiu.

41. Chiu denies the allegations of Paragraph 41 to the extent the allegations are directed to Chiu

42. Chiu denies the allegations of Paragraph 42.

### SEVENTH COUNTERCLAIM

### (Equitable Contribution)

(Against All Counter-Defendants)

43. Chiu refers to his responses to Paragraphs 1 through 42, inclusive, and incorporates them herein by reference.

44. Chiu denies the allegations of Paragraph 44 due to lack of information or belief.

45. Chiu denies the allegations of Paragraph 45 to the extent the allegations are directed to Chiu.

46. Chiu denies the allegations of Paragraph 46 to the extent the allegations are directed to Chiu.

### EIGHTH COUNTERCLAIM

### (Breach of Contractual Indemnity)

(Against Nam Sun Park and Seung Hee Park)

47-55. This counterclaim and its allegations are not directed to Chiu so a response from Chiu is not appropriate or required.

## NINTH COUNTERCLAIM

**(Declaratory Relief re Contractual Indemnity)**

(Against Nam Sun Park and Seung Hee Park)

56-58. This counterclaim and its allegations are not directed to Chiu so a response from Chiu is not appropriate or required.

## TENTH COUNTERCLAIM

**(Breach of Lease)**

(Against Nam Sun Park and Seung Hee Park)

59-63. This counterclaim and its allegations are not directed to Chiu so a response from Chiu is not appropriate or required.

## **AFFIRMATIVE DEFENSES**

1. The counterclaim, and each claim therein, fails to state facts sufficient to constitute a claim against Chiu.

2. Chiu alleges on information and belief that the counterclaim and relief sought therein are barred by the doctrine of unclean hands.

3. Chiu alleges on information and belief the one or more of DTCA s claims may be barred by the statutes of limitation including, but not limited to, 42 U.S.C. § 9613(g) and California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340 and 343.

4. DTCA s counterclaims and each claim applicable to Chiu are barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of DTCA and its agents and employees.

5. All conduct and activities, if any, of Chiu as alleged in DTCA s counterclaims conform to statutes, rules and regulations existing at all relevant times alleged in DTCA s counterclaims.

6. Chiu exercised due care and diligence in all of the matters alleged in DTCA s counterclaims and no act or omission by Chiu was the proximate cause of any damage, injury or loss to DTCA.

7. Chiu alleges on information and belief that DTCA s recovery, if any, must be reduced in direct proportion to DTCA s failure to mitigate damages.

8. Chiu alleges on information or belief that DTCA has not incurred any response costs for which recovery is permitted under CERCLA.

9. Chiu alleges on information or belief that if DTCA sustained damages as alleged in its counterclaims, that damage was proximately caused and contributed to by persons, entities or parties other than Chiu by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of its affairs and business. Chiu should only be liable for the amount of non-economic damages allocated to and in direct proportion to his percentage of fault pursuant to Civil Code § 1431.2 and other applicable law.

10. The harm alleged by DTCA to have been caused by the actual or threatened releases of hazardous substances alleged against Chiu in the counterclaim is sustained from or can be rationally apportioned from the harm alleged to have been caused by the actual or threatened release of hazardous substances by other third parties not in control of Chiu. As a result, DTCA is not entitled to the imposition of joint and several liability against Chiu.

11. ChiuChiu Chiu allegesChiu alleges Chiu alleges onChiu alleges on Chiu alleges on informationChiu all barredbarred barred bybarred by barred by thebarred by the barred by the doctrinebarred by the doctrine barred by th

12. Chiu alleges on information and belief that if it is found that Chiu is in any manner legally responsible for damages, if any, sustained by DTCA, which claim is not admitted but merely stated for the purposes of this defense, that any such damage found to have been incurred or suffered by DTCA in this action was proximately caused or contributed to by other defendants or counter-defendants in this case, whether served or not served, or by other persons not party to this action; and it is necessary that the proportionate degree of negligence or fault of each said persons, whether parties to this action or not, be determined and prorated; that any judgment that might be rendered against Chiu be reduced not only by that degree of comparative negligence or assumption of risk found to exist as to DTCA but also the total of that degree of negligence or fault found to exist as to other persons; and if Chiu is required to pay any amount in excess of

Chiu s proportionate degree of comparative fault, if any, then Chiu is entitled to recover from other defendants and counter-defendants, and each of them, the amount of said excess paid.

13. Chiu alleges on information and belief there has not been any release or threatened release of hazardous substances by Chiu within the meaning of CERCLA, 42 U.S.C. § 9607(a).

14. Chiu alleges on information and belief that no conduct or condition attributable to Chiu constitutes a violation of California Health and Safety Code §§ 25300 *et seq*.

15. If there was any release at the site during any activity or operation at the subject property by Chiu, such release was *de minimis*.

16. DTCA s counterclaim fails to state facts sufficient to support a claim for attorney s fees whether such claims be based on contract, on statute or in equity.

17. Chiu alleges on information and belief that the alleged conduct of Chiu was justified and privileged.

18. Chiu alleges on information and belief that any equitable relief sought by DTCA is barred because DTCA has an adequate remedy at law.

19. Chiu alleges on information and belief that any equitable relief sought by DTCA is barred because of the doctrine of changed circumstances.

20. Chiu alleges on information and belief that at all times mentioned in the counterclaim Chiu acted in good faith with reasonable and probable cause for Chiu s actions.

21. Chiu alleges on information and belief that DTCA is not entitled to any form of indemnity or contribution to the extent the damages suffered, if any, resulted from the intentional or reckless conduct of DTCA.

22. Chiu alleges on information and belief that the conduct of DTCA was primary and active whereas the conduct, if any, of Chiu was secondary and passive thereby denying DTCA any entitlement to indemnity or contribution.

23. DTCA s counterclaims against Chiu are barred by the provisions of CERCLA Section 107(b)(3), 42 U.S.C. § 9607(b)(3), in that the alleged release or threatened release of hazardous substances was caused solely by the acts or omissions of third parties who are not employees or agents of Chiu, which acts or omissions did not occur in connection with a

1  contractual relationship, existing directly or indirectly with Chiu.  Chiu alleges that Chiu
2  exercised due care with respect to the alleged substances concerned, if any, and took reasonable
3  precautions against foreseeable acts or omissions of responsible third parties.  Chiu further
4  alleges that the releases, if any, of hazardous substances occurred prior to Chiu s ownership of
5  the Property.

6   24. The alleged release of the hazardous substance from the Property owned by Chiu was
7  *deminimis* and maintenance of DTCA s counterclaims is inequitable.

8   25. Chiu alleges Chiu presently has insufficient knowledge and information to form a
9  belief as to whether Chiu may have additional, as yet unstated, defenses available.  Chiu reserves
10  the right to insert such additional defenses in the event discovery indicates such defenses are
11  appropriate.

12   WHEREFORE, Chiu prays judgment as follows:
13   1. DTCA take nothing by reason of the its counterclaim;
14   2. Judgment be rendered in favor of Chiu;
15   3. This action be dismissed against Chiu;
16   4. For attorney s fees as permitted by contract, equity or statute;
17   5. Chiu be awarded his costs of suit incurred herein; and
18   6. For such other relief the Court may deem proper.

19  **DEMAND FOR JURY TRIAL**

20  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Chiu hereby demands a trial
21  by jury on all issues so triable in this action.

23  Dated: April__, 2008

EDWARD W. POLSON
Attorney for Gabriel H. Chiu, Trustee of the
CHIU FAMILY TRUST