1

**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110

2
SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090

3
FACSIMILE: (805) 963-9098

4

Jan A. Greben, State Bar No. 103464

5
Jenna L. Motola, State Bar No. 246738
Attorneys for Defendants and Cross-claimants

6
NAM SUN PARK and SEUNG HEE PARK

7

8
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10

11
BRUCE A. BURROWS and JAMES A. ROESSLER,

| | Case No. **3:07-cv-05354-MHP** |
|---|---|

12
| | |
| Plaintiffs, | COMPLAINT FILED: 10/19/07 |
| | TRIAL DATE: None Set |

13

vs.

14

15
DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK,

**STIPULATION**
**FOR FILING OF FIRST AMENDED**
**CROSS-COMPLAINT BY NAM SUN**
**PARK AND SEUNG HEE PARK**

16

Defendants.

17

18

19
NAM SUN PARK and SEUNG HEE PARK,
Cross-claimants,

20

21
vs.

22
DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, DUBLIN TOWN & COUNTRY

23
ASSOCIATES, WILLIAM F. KARTOZIAN, an individual, and GABRIEL H. CHIU, as

24
trustee of the CHIU FAMILY TRUST,
Cross-defendants.

25

26

27

28

1

1    IT IS HEREBY STIPULATED by and between the parties hereto through their respective

2    attorneys of record that NAM SUN PARK and SEUNG HEE PARK (collectively "the PARKS")

3    may file a First Amended Cross-complaint, a copy of which is attached hereto with the changes

4    to the cross-complaint indicated in bold.  Such amendment is necessary as the PARKS have

5    recently discovered two additional parties who owned the property that is the subject of this

6    litigation.

7        IT IS FURTHER STIPULATED that the already named and appearing cross-defendants,

8    DWIGHT W. PERRY, CARLTON L. PERRY and GABRIEL H. CHIU, as trustee of the CHIU

9    FAMILY TRUST waive notice and service of the First Amended Cross-complaint and shall not

10   be required to answer the amendment, and that all denials, responses and affirmative defenses

11   contained in their respective answers to the original Cross-complaint shall be responsive to the

12   First Amended Cross-complaint.

13

14   Dated: March 3 1, 2008                    GREBEN & ASSOCIATES

15

16   _____

17                                             JAN A. GREBEN
                                              JENNA L. MOTOLA
18                                            Attorneys for Defendants and Cross-claimants
                                              NAM SUN PARK and SEUNG HEE PARK
19

20

21   Dated: March ___, 2008                   LAW OFFICES OF KARL R. MORTHOLE

22

23   _____

24                                             KARL R. MORTHOLE
                                              Attorney for Plaintiffs and Counter-defendants
25                                            BRUCE A. BURROWS and JAMES A.
                                              ROESSLER
26

27

28
                                          2

1    IT IS HEREBY STIPULATED by and between the parties hereto through their respective

2    attorneys of record that NAM SUN PARK and SEUNG HEE PARK (collectively "the PARKS")

3    may file a First Amended Cross-complaint, a copy of which is attached hereto with the changes

4    to the cross-complaint indicated in bold. Such amendment is necessary as the PARKS have

5    recently discovered two additional parties who owned the property that is the subject of this

6    litigation.

7        IT IS FURTHER STIPULATED that the already named and appearing cross-defendants,

8    DWIGHT W. PERRY, CARLTON L. PERRY and GABRIEL H. CHIU, as trustee of the CHIU

9    FAMILY TRUST waive notice and service of the First Amended Cross-complaint and shall not

10    be required to answer the amendment, and that all denials, responses and affirmative defenses

11    contained in their respective answers to the original Cross-complaint shall be responsive to the

12    First Amended Cross-complaint.

13

14    Dated: March ___, 2008                GREBEN & ASSOCIATES

15

16

17                                    _____

18                                    JAN A. GREBEN
                                      JENNA L. MOTOLA
19                                    Attorneys for Defendants and Cross-claimants
                                      NAM SUN PARK and SEUNG HEE PARK

20

21    Dated: March 21, 2008            LAW OFFICES OF KARL R. MORTHOLE

22

23                                    _____

24                                    KARL R. MORTHOLE
25                                    Attorney for Plaintiffs and Counter-defendants
                                      BRUCE A. BURROWS and JAMES A.
26                                    ROESSLER

27

28

---

2

STIPULATION FOR FILING OF FIRST AMENDED CROSS-COMPLAINT BY NAM SUN PARK AND
SEUNG HEE PARK- 3:07-cv-05354-MHP

1  Dated: March ~~April~~ 1 , 2008                BURNHAM BROWN

2

3

4                                                THOMAS M. DOWNEY
                                                 Attorneys for Defendants and Cross-defendants
5                                                DWIGHT W. PERRY and CARLTON L. PERRY

6

7  Dated: March ___, 2008                        LAW OFFICE OF EDWARD W. POLSON

8

9

10                                               EDWARD W. POLSON
                                                 Attorney for Cross-defendant GABRIEL H. CHIU,
11                                               as trustee of the CHIU FAMILY TRUST

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1 | Dated: March ___, 2008                    BURNHAM BROWN

2

3                                             _____

4                                             THOMAS M. DOWNEY
                                              Attorneys for Defendants and Cross-defendants
5                                             DWIGHT W. PERRY and CARLTON L. PERRY

6

7 | Dated: March 20, 2008                     LAW OFFICE OF EDWARD W. POLSON

8

9                                             *[signature]*
                                              _____
10                                            EDWARD W. POLSON
                                              Attorney for Cross-defendant GABRIEL H. CHIU,
11                                            as trustee of the CHIU FAMILY TRUST

12

13

14

15               5/6/2008

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

**STIPULATION FOR FILING OF FIRST AMENDED CROSS-COMPLAINT BY NAM SUN PARK AND SEUNG HEE PARK-** 3:07-cv-05354-MHP

*[Court seal: UNITED STATES DISTRICT COURT · NORTHERN DISTRICT OF CALIFORNIA · IT IS SO ORDERED · Judge Marilyn H. Patel]*

# EXHIBIT "A"

1

**GREBEN & ASSOCIATES**
1332 ANACAPA STREET, SUITE 110
2        SANTA BARBARA, CA 93101
TELEPHONE: (805) 963-9090
3        FACSIMILE: (805) 963-9098

4    Jan A. Greben, State Bar No. 103464
Jenna L. Motola, State Bar No, 246738
5    Attorneys for Defendants and Cross-claimants
NAM SUN PARK and SEUNG HEE PARK

6

7

8                    UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
9

10

| 11 | BRUCE A. BURROWS and JAMES A. ROESSLER, | **Case No. 3:07-cv-05354-MHP** |
|----|----|----|
| 12 | | COMPLAINT FILED:          10/19/07 |
| 13 | Plaintiffs, | TRIAL DATE:               None Set |
| 14 | vs. | |
| 15 | DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK, and SEUNG HEE PARK, | **NAM SUN PARK AND SEUNG HEE PARK'S FIRST AMENDED CROSS-COMPLAINT** |
| 16 | | |
| 17 | Defendants. | |
| 18 | | |
| 19 | | |
| 20 | NAM SUN PARK and SEUNG HEE PARK, | **DEMAND FOR JURY TRIAL** |
| 21 | Cross-claimants, | |
| 22 | vs. | |
| 23 | DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN, RICHARD WIEBE, RICHARD JEHA and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST,, | |
| 24 | | |
| 25 | | |
| 26 | Cross-defendants. | |

27

28

                                   1
NAM SUN PARK AND SEUNG HEE PARK'S FIRST AMENDED CROSS-COMPLAINT - 3:07-cv-05354-MHP

1    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, NAM SUN PARK AND

2    SEUNG HEE PARK'S (collectively "the PARKS") hereby assert their crossclaims against

3    DWIGHT W. PERRY, CARLTON L. PERRY, KWANG SUK LEE, KUI JA LEE, DUBLIN

4    TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN, **RICHARD WIEBE,**

5    **RICHARD JEHA** and GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST

6    (collectively hereafter referred to as "Cross-defendants") as follows:

7    <u>**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**</u>

8        1.    The PARKS' crossclaims arise out of the environmental contamination at 7272 San

9    Ramon Road, later renumbered 7242 San Ramon Road, in Dublin, California ("Property")

10   alleged in the Complaint of BRUCE A. BURROWS and JAMES A. ROESSLER ("Plaintiffs").

11       2.    This Court has jurisdiction over the subject matter of these crossclaims under the

12   provisions of 42 U.S.C. § 9613(b); 42 U.S.C. 6972(a) and 28 U.S.C. § 1367(a).  Venue is proper

13   under the provisions of 42 U.S.C. §§ 9613, 6972(a) because the claims stated herein arose in this

14   district.  Intradistrict assignment is proper in this Court under the local rules as the property that

15   is the subject matter of this action and a substantial portion of the events or omissions giving rise

16   to these claims occurred in this judicial district, in Alameda County.

17   <u>**THE PARTIES**</u>

18       3.    Cross-defendant Dwight W. Perry is a natural person residing in the City of Castro

19   Valley, County of Alameda, State of California.

20       4.    Cross-defendant Carlton L. Perry is a natural person residing in the State of Oregon.

21       5.    Cross-defendant Kwang Suk Lee is a natural person residing in the City of San

22   Leandro, County of Alameda, State of California.

23       6.    Cross-defendant Kui Ja Lee is a natural person residing in the City of San Leandro,

24   County of Alameda, State of California.

25       7.    Cross-defendant Dublin Town & County Associates is a partnership, who at relevant

26   times was doing business in the County of Alameda, State of California.

27       8.    Cross-defendant William F. Kartozian, is a natural person and general partner of

28   Dublin Town & County Associates, who at relevant times was doing business in the County of

1    Alameda, State of California.

2        **9.  Cross-defendant Richard Wiebe, is a natural person and general partner of**

3    **Dublin Town & County Associates, who at relevant times was doing business in the County**

4    **of Alameda, State of California.**

5        **10.  Cross-defendant Richard Jeha, is a natural person and general partner of**

6    **Dublin Town & County Associates, who at relevant times was doing business in the County**

7    **of Alameda, State of California.**

8        11.  Cross-defendant Gabriel H. Chiu, as trustee of the Chiu Family Trust, is a natural

9    person, who at relevant times was doing business in the County of Alameda, State of California.

10       12.  Cross-claimant Nam Sun Park is a natural person residing in the City of Dublin,

11   County of Alameda, State of California.

12       13.  Cross-claimant Seung Hee Park is a natural person residing in the City of Dublin,

13   County of Alameda, State of California.

14                        **GENERAL ALLEGATIONS**

15       14.    The PARKS are informed and believe, and thereon allege, that Cross-Defendants

16   DWIGHT W. PERRY and CARLTON L. PERRY operated a dry cleaning business at the

17   Property from on or about April 1985 until on or about August 1994.

18       15.  The PARKS are informed and believe, and thereon allege, that Cross-Defendants

19   KWANG SUK LEE and KUI JA LEE (collectively "the LEES") operated a dry cleaning business

20   at the Property from on or about August 1994 until on or about December 1999.

21       **16.    The PARKS are informed and believe, and thereon allege, that Cross-**

22   **defendants DUBLIN TOWN & COUNTRY ASSOCIATES, and WILLIAM F.**

23   **KARTOZIAN, RICHARD WIEBE, and RICHARD JEHA, as general partners of Dublin**

24   **Town & County Associates, were owners and landlord of the Property at times relevant to**

25   **these crossclaims.  The PARKS are informed and believe, and thereon allege, that Cross-**

26   **defendants DUBLIN TOWN & COUNTRY ASSOCIATES, and WILLIAM F.**

27   **KARTOZIAN, RICHARD WIEBE, and RICHARD JEHA sold the Property to the CHIU**

28   **FAMILY TRUST in March 2005.**

17. The PARKS are informed and believe, and thereon allege, that Cross-defendant GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST is the current owner of the Property and became owner of the Property on or about March 2005.

18. The PARKS have operated a dry cleaner at the Property since on or about December 1999.

19. The PARKS are informed and believe, and thereon allege, that Cross-defendants, during each of their ownership and occupancies of the Property, caused or permitted the release of tetrachlorethylene ("PCE") and other dry-cleaning chemicals into the environment.

20. As a direct and proximate result of Cross-defendants', and each of their, conduct and failure to act, the condition of the Property was such that it resulted in the release of hazardous substances onto the properties, and surrounding properties, soils, and groundwater.

## FIRST CROSSCLAIM

### (Contribution Pursuant to CERCLA § 113(f))

21. The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22. The Property is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23. Each Cross-defendant is a liable or potentially liable person within the meaning of section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

24. The Complaint filed by Plaintiffs constitutes a civil action within the meaning of section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1).

25. The PARKS are entitled to one hundred percent contribution from Cross-defendants or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(f)(1).

## SECOND CROSSCLAIM

### (Hazardous Substance Statutory Indemnity)

26. The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

4

27.   The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, 25395 (hereinafter the "HSAA") was enacted to encourage expedient clean-up of contaminated properties.  To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination.  The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is allegedly discharged into the environment for such facility.

28.   The PARKS may incur costs arising from the hazardous substance contamination of the soil and groundwater in and around the Property.

29.   Cross-defendants, and each of them, are liable persons under the HSAA due to their status as either owners of the property or arrangers of the disposal and discharge of hazardous substances on account of said Cross-defendants' actual and direct control of the method of disposal of PCE on the Property, and such liability has not previously been discharged pursuant to any state apportionment proceeding. The PARKS are entitled to indemnification and contribution from Cross-defendants, in whole or in part, based upon California Health & Safety Code Section 25363(e).

### THIRD CROSSCLAIM

(Equitable Indemnity)

30.   The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31.   In the event liability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, whose liability is expressly denied, the PARKS allege on information and belief that such liability will arise wholly or partly by reason of the conduct of the Cross-defendants, and/or that Cross-defendants are jointly liable for said liability.  Cross-defendants, and each of them, are therefore, bound and obligated to defend, indemnify and hold harmless the PARKS from and against any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred, or to be incurred, in this action by the PARKS.

1        32.    The PARKS intend this crossclaim to be notification to Cross-defendants that the

2    PARKS hereby tender to them the obligation to defend the PARKS.

3        33.    The PARKS have necessarily retained legal counsel at the PARKS' sole cost and

4    expense and to prepare, file and prosecute counter- and cross-claims as set forth herein.  The

5    PARKS have incurred, and will continue to incur, liability for attorneys' fees and defense costs

6    and, in the prosecution of this crossclaim, a sum which is presently not ascertained but will be

7    proven at trial.

8    **FOURTH CROSSCLAIM**

9    (Declaratory Relief)

10        34.    The PARKS reallege and incorporate by reference the allegations contained in

11    Paragraphs 1 through 33 as though fully set forth herein.

12        35.    A determination of the proportionate degree of liability, if any, of the PARKS, on

13    the one hand, and Cross-defendants, on the other, is necessary to protect the rights of the

14    PARKS.

15        36.    An actual controversy has arisen and now exists relating to the legal rights and

16    duties of the PARKS and Cross-defendants, and each of them, for which the PARKS desire a

17    declaration of their rights and indemnification, in which the PARKS contend, and the PARKS

18    are informed and believe, that Cross-defendants deny, the following:

19        A.    That as between these parties, the responsibility, if any, for the damages claimed

20        by the PARKS rests entirely on Cross-defendants;

21        B.    That as a result, Cross-defendants are obligated to partially indemnify or fully

22        indemnify the PARKS for sums that the PARKS may be held to pay as a result of

23        any damages, judgments, settlement or other awards recovered against the

24        PARKS by the federal or state government or private party as a result of the toxic

25        chemical contamination of the Property, properties near and adjacent properties

26        including, but not limited to, surface and subsurface soil and water; and

27        C.    The PARKS are informed and believe that Cross-defendants deny any such

28        liability.

6

37.    The PARKS are entitled to, and hereby request, a judicial determination of the PARKS' rights, indemnification and contribution, any declaration that Cross-defendants and/or others, and not the PARKS, are liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Property.

## FIFTH CROSSCLAIM

### (Porter-Cologne Statutory Contribution)

38.    The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39.    The Porter-Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater.  To the extent the PARKS incur costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Property, the PARKS are statutorily entitled to contribution pursuant to Water Code Section 13350(j) and hereby request contribution and indemnification pursuant to that section as against the Cross-defendants.

## SIXTH CROSSCLAIM

### (Violation of RCRA- 42 U.S.C. § 6972(a)(1)(B))

40.    The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 39 as though fully set forth herein.

41.    The PARKS bring this action under the Resources Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq. (hereinafter "RCRA").  Cross-defendants, and each of them, have and are contributing to the past and present handling, storage, treatment, transportation and disposal of hazardous waste, which may present an imminent and substantial endangerment to health or the environment.

42.    The actions of Cross-defendants constitute violations of applicable law regarding the handling, storage, treatment, transportation and disposal of hazardous waste, including 42 U.S.C. §§ 6921 et. seq.; 6924.

1  **SEVENTH CROSSCLAIM**

2  (Continuing Private Nuisance)

3      43.    The PARKS reallege and incorporate by reference the allegations contained in

4  Paragraphs 1 through 42, as though fully set forth herein.

5      44.    Cross-defendants, and each of them, caused or permitted the contamination alleged

6  in this action by their negligence, intentional or otherwise, actionable acts and/or omissions, as

7  described herein.

8      45.    The contamination constitutes a nuisance within the meaning of Section 3479 of

9  California Civil Code. Cross-defendants, and each of them, have interfered with the PARKS'

10  right to quiet enjoyment of the Property.

11      46.    The PARKS are informed and believe, and on that basis allege, that the

12  contamination is continuing and abatable.

13      47.    As a proximate result of the nuisance, the PARKS have been and will be damaged

14  by incurring costs to respond to the alleged hazardous substance contamination in and around the

15  Property in an amount to be established at trial. The PARKS have been and will be damaged by

16  loss of use and constructive eviction of and from the Property.

17  **EIGHTH CROSSCLAIM**

18  (Public Nuisance)

19      48.    The PARKS reallege and incorporate by reference the allegations contained in

20  Paragraphs 1 through 47 as though fully set forth herein.

21      49.    The contamination on and about the Property constitutes a public nuisance within

22  the meaning of California Water Code Section 13050(m), and California Civil Code Sections

23  3479 and 3480.

24      50.    The PARKS are informed and believe, and on that basis alleges, that the

25  contamination is continuing and abatable.

26      51.    As a proximate result of the nuisance, the PARKS have been, and will be, damaged

27  by incurring costs to respond to the alleged hazardous substance contamination in and around the

28  Property in an amount to be established at trial.

8

1    52.    The PARKS have suffered, and will continue to suffer, harm that is different from

2  the type of harm suffered by the general public as a result of the public nuisance, as alleged

3  herein, because the PARKS have been sued by Plaintiffs and the contamination has interfered

4  with the PARKS' right to quiet enjoyment of the Property.

5                              **NINTH CROSSCLAIM**

6                              (Public Nuisance Per Se)

7    53.    The PARKS reallege and incorporate by reference the allegations contained in

8  Paragraphs 1 through 52 as though fully set forth herein.

9    54.    The PARKS allege that the conduct of Cross-defendants, and each of them, which

10  has resulted in contamination of soil and groundwater on and about the Property, and

11  surrounding properties, and constitutes a public nuisance, is a violation of California Water Code

12  Sections 13050(m), 13304, 13350, and 13387, and California Health & Safety Code sections

13  5411, 5411.5, and 117555, the purposes of which are to set a standard of care or conduct to

14  protect the PARKS, and all persons and property of the general public at large, as well as the

15  environment, from the type of conduct engaged in by Cross-defendants, and each of them.

16  Therefore, such improper activities and violations constitute a public nuisance *per se.*

17    55.    Cross-defendants, and each of them, have failed to comply with the state law as

18  detailed above. The PARKS have sustained special injury as a result of this public nuisance, as

19  the contamination has interfered with the PARKS' right to quiet enjoyment of the Property, as

20  described herein. As a further direct and proximate cause of the public nuisance per se created

21  by Cross-defendants, and each of them, the PARKS have suffered damages as previously

22  described herein, including other consequential, incidental, and general damages to be proven at

23  trial. The PARKS seek abatement of the public nuisance, and all other legally available costs and

24  damages.

25                              **TENTH CROSSCLAIM**

26                              (Negligence)

27    56.    The PARKS reallege and incorporate by reference the allegations contained in

28  Paragraphs 1 through 55 as though fully set forth herein.

57.    The PARKS are informed and believe, and thereon alleges, that during Cross-defendants ownership and occupancy, sudden and accidental releases of PCE have occurred, resulting in contamination at the Property.  Some of the sudden and accidental releases are attributable to Cross-defendants' negligence in failing to properly operate, maintain, repair, and manage dry-cleaning equipment and the sewers and drainage system on the Property to avoid the release of hazardous substances into the environment.

58.    Cross-defendants, and each of them, breached their duty by negligently causing, permitting and/or contributing to contamination at the Property, surrounding properties, soils and groundwater.

59.    As a proximate result of Cross-defendants' negligence, the PARKS have suffered damages including, but not limited to, response costs incurred and to be incurred in the future to properly respond to the alleged hazardous substance contamination in and around the Property, and related properties.  Such costs also include attorneys' fees and consultants' fees incurred as a direct and proximate result of said negligence.

## ELEVENTH CROSSCLAIM

### (Negligence Per Se)

60.    The PARKS reallege and incorporate by reference the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

61.    The foregoing acts and/or omissions attributed to Cross-defendants, and each of them, herein violate California Civil Code Sections 3281-3282; California Health & Safety Code Sections 5411, et seq.; California Water Code Sections 13000, et seq.; and Fish & Game Code Sections 5650, et seq.

62.    Cross-defendants, and each of them, have failed to comply with the state law as detailed above.  The PARKS have sustained injury as a result of the Cross-defendants' negligent conduct, including investigative costs, attorneys' fees, and other costs, as described herein.  As a further direct and proximate cause of the negligence per se by Cross-defendants, and each of them, the PARKS have suffered damages as previously described herein, including other consequential, incidental, and general damages to be proven at trial.

1

**TWELFTH CROSSCLAIM**

2

(Breach of Lease- Against DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F.

3

KARTOZIAN, **RICHARD WIEBE, RICHARD JEHA**, and GABRIEL H. CHIU)

4

63.    The PARKS reallege and incorporate by reference the allegations contained in

5

Paragraphs 1 through 62 as though fully set forth herein.

6

64.    The PARKS accepted assignment of the lease dated April 13, 1985 for the Property

7

("1985 Lease") in or about December 1999 from Kwang Suk Lee and Kui Ja Lee, previous

8

lessees of the Property.

9

65.    The PARKS are informed and believe and thereon allege that DUBLIN TOWN &

10

COUNTRY ASSOCIATES and WILLIAM F. KARTOZIAN, **RICHARD WIEBE, and**

11

**RICHARD JEHA** were owners of the Property and lessor of the Property pursuant to the 1985

12

lease.

13

66.    The PARKS are informed and believe and thereon allege that DUBLIN TOWN &

14

COUNTRY ASSOCIATES and **WILLIAM F. KARTOZIAN, RICHARD WIEBE, and**

15

**RICHARD JEHA** assigned their rights and responsibilities pursuant to the1985 lease to

16

GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST, upon the purchase of the

17

Property by GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST, in or about March

18

2005.

19

67.    As lessors, DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F.

20

KARTOZIAN, **RICHARD WIEBE, and RICHARD JEHA**, and GABRIEL H. CHIU, as

21

trustee of the CHIU FAMILY TRUST, and each of them, breached said leases by, maintaining

22

the Property, or failing to maintain the Property, including but not limited to the commonly used

23

areas and facilities of the Property over which the PARKS had no control or duty, in such a

24

manner as to cause hazardous substances to be released from the Property's, and into the soil and

25

groundwater.

26

68.    Said conduct by DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F.

27

KARTOZIAN, **RICHARD WIEBE, and RICHARD JEHA**, and GABRIEL H. CHIU, as

28

trustee of the CHIU FAMILY TRUST, is a breach of the lease, including but not limited to the

1   general covenants of good faith and fair dealing and quiet enjoyment, but also including, but not

2   limited to, lessors' obligations under the lease to operate, maintain, and repair the Property,

3   including commonly used areas, common facilities, utilities, and accommodation areas, as

4   defined in the lease, over which the PARKS had no control or duty, in such a manner as to not

5   cause hazardous substance contamination.

6       69.    Pursuant to the 1985 Lease, the PARKS are entitled to attorneys' fees and costs

7   incurred herein.

8       70.  As a direct and proximate result and cause of DUBLIN TOWN & COUNTRY

9   ASSOCIATES, WILLIAM F. KARTOZIAN, **RICHARD WIEBE, and RICHARD JEHA**, and

10  GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST's breaches of the lease, the

11  PARKS have been injured and damaged, including incurring attorneys fees and costs,  in an

12  amount to be proven at trial, but in excess of the jurisdictional limits of this court.

13                          **THIRTEENTH CROSSCLAIM**

14  (Waste- Against DUBLIN TOWN & COUNTRY ASSOCIATES, WILLIAM F. KARTOZIAN,

15              **RICHARD WIEBE,  RICHARD JEHA**, and GABRIEL H. CHIU)

16      71.  The PARKS reallege and incorporate by reference the allegations contained in

17  Paragraphs 1 through 70 as though fully set forth herein.

18      72.  The PARKS have an interest in the Property as tenants and present occupants of the

19  Property.

20      73.  During their occupancy and ownership, DUBLIN TOWN & COUNTRY

21  ASSOCIATES, WILLIAM F. KARTOZIAN, **RICHARD WIEBE, and RICHARD JEHA**, and

22  GABRIEL H. CHIU, as trustee of the CHIU FAMILY TRUST have committed waste upon the

23  Property by contaminating the Property with hazardous substances and failing to remediate the

24  contamination.

25      74.  As a direct and proximate result of said waste, the PARKS have been damaged in an

26  amount to be proven at trial for loss of use of the Property.

27

28

1

## FOURTEENTH CROSSCLAIM

2

(Attorneys' Fees Pursuant to CCP § 1021.5)

3      75.    The PARKS reallege and incorporate by reference the allegations contained in

4    Paragraphs 1 through 74 as though fully set forth herein.

5      76.    This action involves an important right affecting the public interest, namely the

6    remediation of hazardous substances contamination.

7      77.    The PARKS will confer a significant benefit on the general public or a large class

8    of persons by the enforcement of the PARKS' rights in the action.  This benefit includes

9    requiring that property owners and past occupants be required to take responsibility for hazardous

10   substances contamination on the property.

11     78.    Attorneys' fees may properly be awarded to the PARKS because the necessity and

12   financial burden of litigating this action.

13     79.    It is in the interest of justice, that such attorneys' fees should not be paid out of any

14   recovery obtained by the PARKS.

15

## FIFTEENTH CROSSCLAIM

16

(Breach of Contract/Sales Agreement- Against KWANG SUK LEE and KUI JA LEE)

17     80.    The PARKS reallege and incorporate by reference the allegations contained in

18   Paragraphs 1 through 79 as though fully set forth herein.

19     81.    On July 28, 1999, the PARKS and the LEES entered into a Sales Agreement for the

20   Crow Cannon Cleaners, the dry cleaning business at the Property.  Attached hereto as Exhibit

21   "A", and incorporated herein by this reference, is a copy of the Sales Agreement "Sales

22   Agreement".

23     82.    In the Sales Agreement, the LEES warranted and represented to the PARKS that "no

24   actions or proceedings, legal, equitable, administrative, arbitrative or otherwise are pending or

25   threatened which might affect the property or this agreement." [Exhibit "A" ¶ 8.]

26     83.    The LEES have breached this promise, as the LEES knew or should have known that

27   because of contamination on the Property, attributable to the LEES, legal, administrative or other

28   action or proceedings would be pending or threatened that would affect the Property.

1    84.  The LEES have also breached the Sales Agreement by failing to disclose that their

2  activities on the Property resulted in contamination of the Property.

3    85.  The PARKS have performed all their duties under the Sales Agreement.

4    86.  These claims arise out of the Sales Agreement, attached as Exhibit "A", between the

5  PARKS and the LEES.  Pursuant to the Sales Agreement, the PARKS are entitled to attorneys'

6  fees and court costs, in prosecuting and defending this action.

7    87.  As a direct and proximate result of said breach, the PARKS have been damaged in

8  an amount to be proven at trial.

9                              **SIXTEENTH CROSSCLAIM**

10         (Express Contractual Indemnity- Against KWANG SUK LEE and KUI JA LEE)

11    88.  The PARKS reallege and incorporate by reference the allegations contained in

12  Paragraphs 1 through 87 as though fully set forth herein.

13    89.  Pursuant to the Sales Agreement, the LEES agree to indemnify and hold the PARKS

14  "harmless from any and all claims, damages, injuries and liabilities arising from or connected

15  with the operation of the business" by the LEES.

16    90.  By way of this Crossclaim, the PARKS hereby notify the LEES of their obligation to

17  defend and indemnify the PARKS against Plaintiffs' claim in this action and any claims arising

18  in the future regarding the Crow Cannon Cleaners.

19    91.  The PARKS are informed and believe and thereon allege that any of Plaintiffs'

20  damages, or any damages to any other party relating to the Property, if any, were directly and

21  proximately caused and contributed to by the sole fault, and/or negligence, and/or strict liability

22  and/or other actionable conduct of the LEES, and in breaching such terms and warranties in their

23  agreements with the PARKS.

24    92.  The PARKS have been compelled to incur attorneys' fees, investigative, court, and

25  other costs to protect itself in said litigation, and have, therefore, been damaged as a result of the

26  breaches of the LEES of their respective duties and obligations under the contracts which

27  obligate the LEES to indemnify the PARKS for the full amount or some proportionate share, of

28  any damages, which Plaintiffs or any other party may recover against the PARKS. This amount is

                                          14

1  not known, and there will be further expenditures in order for the PARKS to respond to the

2  underlying complaint.

3      93.   These claims arise out of the Sales Agreement, attached as Exhibit "A", between the

4  PARKS and the LEES.   Pursuant to the Sales Agreement, the PARKS are entitled to attorneys'

5  fees and court costs, in prosecuting and defending this action.

6                              **PRAYER FOR RELIEF**

7  **WHEREFORE**, the PARKS pray to this Court for the following relief:

8      1.     For recovery and contribution from Cross-defendants, and each of them, of all

9  response costs incurred, and to be incurred by the PARKS, in response to the alleged release of

10 hazardous substances in and around the Property according to proof at trial;

11     2.     For damages against the Cross-defendants, jointly and severally, in an amount

12 equal to all response costs and all other costs incurred in investigating, removing, cleaning up

13 and remediating the alleged hazardous substance contamination in an amount according to proof

14 at trial;

15     3.     For compensatory damages according to proof including;

16     4.     For incidental and consequential damages according to proof;

17     5.     For a permanent injunction requiring Cross-defendants to investigate and

18          remediate contamination on and around the Property;

19     6.     For prejudgment interest at the legal rate;

20     7.     For attorneys' fees and costs pursuant to CCP § 1021.5 and 42 U.S.C. § 6972;

21     8.     For consultants' fees and costs;

22     9.     For a declaration that Cross-defendants, and each of them, are jointly and

23          severally liable for abating the nuisance on the Property;

24     10.    For such other and further relief as this Court deems just and proper.

NAM SUN PARK AND SEUNG HEE PARK'S FIRST AMENDED CROSS-COMPLAINT - 3:07-cv-05354-MHP

**DEMAND FOR JURY TRIAL**

      Under Rule 38 of the Federal Rules of Civil Procedure, the PARKS demand a trial by jury on all issues so triable.

Dated: _____, 2008          GREBEN & ASSOCIATES


_____

JAN A. GREBEN
JENNA L. MOTOLA
Attorneys for Defendants and Cross-claimants
NAM SUN PARK and SEUNG HEE PARK