KARL R. MORTHOLE (CA Bar #112565)
Law Offices of Karl R. Morthole
57 Post Street
Suite 801
San Francisco, CA 94104
(415) 986-0227

Attorney for Plaintiffs
BRUCE A. BURROWS and
JAMES A. ROESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br>    Plaintiffs<br><br><br>DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | CASE NO. C 07-5354 EMC<br><br>JOINT STATUS/CASE MANAGEMENT STATEMENT, STIPULATION, AND (PROPOSED) ORDER<br><br>DATE: October 26, 2012<br><br>TIME: 9:00 a.m.<br><br>PLACE: Crt #5, 17th Floor |

     Pursuant to Civil Local Rule ("Civ. L.R.") 16-9, the Standing Order for All Judges of the Northern District of California on Contents of Joint Case Management Statements, and Paragraph 6 of this Court's Civil Standing Order – General, the Parties jointly submit this Case Management Statement, Stipulation, and Proposed Order. Each party certifies that its lead trial counsel, who

1

**JOINT STATUS/CASE MANAGEMENT STATEMENT, STIPULATION, AND (PROPOSED) ORDER**
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

will try this case, met and conferred for the preparation of this Statement as required by Civ. L.R. 16-3.

The Parties make the following representations and stipulations:

## A. JURISDICTION, VENUE AND SERVICE.

1. This action primarily arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* This Court therefore has jurisdiction over the subject matter of this action. This Court has supplemental jurisdiction of the state claims asserted in this action, which are based on the same set of operative facts. Judicial economy, convenience, and fairness to the Parties result from this Court's jurisdiction over the state claims. Venue and intradistrict assignment is proper in this Court, as the subject property and the events occurred in this judicial district. All activities and conduct pertinent to this action occurred and are occurring in Dublin, Alameda County, California. All Parties have been served, respectively, with the Complaint, Counter-Claims and Cross-Claims, except for the Lee Defendants, as set forth below, who have not been located.

## B. JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION.

2. Plaintiffs Bruce A. Burrows and James A. Roessler are natural persons, and at all times relevant herein, have been in the business of real estate brokerage and related investment activities. Defendants Dwight W. Perry and Carlton L. Perry (the "Perry Defendants") are natural persons and, from approximately Summer, 1985, until approximately August, 1994, operated a dry cleaning business and leased premises at 7272 San Ramon Road (the address was later renumbered to 7242), which is part of the Lamps Plus Plaza, in Dublin, California (the leased premises are hereinafter referred to as the "Property"). Defendants Kwang Suk Lee and Kui Ja Lee (the "Lee Defendants") are natural persons and, from approximately August, 1994, until approximately

December, 1999, operated a dry cleaning business and leased premises at the Property; the Lees have not been located despite extensive efforts to do so. Defendants and Cross-Complainants Nam Sun Park and Seung Hee Park (the "Park Defendants") are natural persons and, from approximately December, 1999, until the present, operated and continue to operate a dry cleaning business and lease premises at the Property. Cross-Defendant the Chiu Family Trust, Gabriel Chiu, Trustee (the "Chiu Family Trust"), acquired the Property in approximately March, 2005, and is the current owner. Cross-Defendants Dublin Town & Country Associates and William Kartozian, a general partner in Dublin Town & Country Associates (the "Dublin/Kartozian Cross-Defendants"), previously owned the Property at all times relevant to the present action and up to approximately March, 2005.

    3.    Plaintiffs allege that the Defendants used PCE as a dry-cleaning chemical during their periods of operation at the Property, until approximately March, 2000, when the Parks changed their dry-cleaning operations so that PCE was no longer used, and it has not been used since that time.

    4.    The Alameda County Health Care Services Agency, Environmental Health Division (the "County"), has been and currently continues to oversee investigation and remediation of PCE in subsurface soils, soil vapor and groundwater at the property.

    5.    This action was brought in October, 2007, and assigned to Judge Patel. Following an initial status conference, the Parties met on May 1, 2008, at a settlement conference with Magistrate Judge Laporte. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust reached agreement to share in costs of investigation and necessary remediation. The Plaintiffs and all the Defendants and Cross-Defendants, except the Lees Defendants, also agreed to seek a stay on further discovery beyond initial disclosures, etc., to allow the Parties to

cooperate as far as possible with the County, and the Court ordered a six month stay and scheduled a further case management conference for early December, 2008. Since that time, at the joint stipulation of all the Parties, the stay has been continued and the scheduled dates for case management conferences have been re-scheduled by order of the Court, as the Parties and the County have worked to investigate and toward final remediation of the problem. Workplans and supplemental workplans for study of the problem and means of remediating the PCE contamination have been submitted, reviewed by the County, and implemented by the consultant hired by the Parties, sometimes in accordance with revisions required by the County. The original actions and installations were completed as anticipated in 2010. Thereafter, the County requested and the Parties submitted a further workplan, which, after some months of review by the County, was approved. Additional monitoring wells and soil vapor sampling points were installed, and more rounds of samples were taken. Reporting on the sampling was made, and the County reviewed that reporting. Unfortunately, there was some delay in County review due to re-assignment of the agency project manager, and increased workload. The County requested a proposed Corrective Action Plan ("CAP"), and the proposed CAP was prepared by the consultant and timely submitted to the County on September 22, 2011, by Mr. Roessler, who has led the Parties sharing in costs. By letter dated October 7, 2011, the County approved the proposed CAP, approved soil vapor extraction ("SVE") as the remedial alternative for PCE detected at the Site, approved resumption of Interim Remedial Action, and required implementation of public participation, including but not limited to a fact sheet and solicitation and response to comments by the public, leading to final approval of the CAP and its implementation. Technical comments by the County were also included and a further technical report required.

      6.    In the past year since October, 2011, the formal CAP was subjected to public

review prior to implementation. Public review occurred and thereafter SVE has been performed. The project manager has advised that ten (10) pounds of PCE have been removed since implementation of SVE. Earlier this month, in the first week of October, SVE was temporarily suspended and sampling conducted. The levels of PCE in samples appear to have declined, however the levels are still above the residential goals, which are being applied since part of the building next to the drycleaner is used as a Montessori pre-school. More results of sampling are expected in the next few weeks. At that point, a decision will be made on whether there should be continuing remediation, either constant SVE or "pulsing" (alternating SVE on and off to be more productive of removal of the chemical from the subsurface), or whether closure steps might begin.

7. The Parties remain hopeful that the County will eventually declare closure, but expect this to occur, realistically, only after concentrations of PCE are reduced below remediation goals. At this point it is possible to say that remediation is succeeding, but it is not possible to say exactly when site closure will be authorized by the County as oversight agency.

8. Once this is accomplished, only the issue of final cost-sharing will need to be determined.

9. It is believed that maintaining the case on the Court's docket, and continuing oversight of the Court, through a settlement conference or other dispute resolution proceedings, will allow the Parties to come to an agreement without further litigation.

10. As stated above, since May, 2008, a stay has been in effect upon agreements of the Parties and orders of the Court.

11. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust Cross-Defendant (the "Cost-Sharing Parties") have been in general compliance with their

agreement to contribute to and share certain costs, which agreement was reached at the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte. Since that time they have reached further agreements to contribute to and share in the additional costs required to implement the work at the site. The actual payments by each of the Cost-Sharing Parties have been recorded as made, as have expenditures for the costs, and will continue to be accounted for, for future reference and for final cost-sharing agreement. Monies remain in the agreed contribution account, however, the monies may need additional replenishment soon. It is hoped that the monies that remain available, or as they may be supplemented, will be sufficient to cover needed work up to the time the County can complete its review of the latest data and a decision be made on whether, in what form and for how long remediation should continue.

12.     The Plaintiffs, the Perrys Defendants, the Parks Defendants, Cross-Defendant the Chiu Family Trust, and Cross-Defendants Dublin Town & Country Associates and William Kartozian, have all been in compliance with the stay which was part of their agreement reached at the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte, and which stay has been extended by further agreement and orders of the Court.

13.     With the purpose of minimizing costs to the Parties and the waste of time of this Court, all the Parties (except for Cross-Defendant the Chiu Family Trust, whose counsel has passed away and who is believed to be seeking replacement counsel, see ¶ U, below in this statement) hereby stipulate to and request a further continuance of the stay and rescheduling of the Status/Case Management Conference before the Court. It is agreed by the Parties that a continuance of the stay and rescheduling of the conference again would be best made for approximately one year – to some time in October, 2013, to allow for completion of implementation of the CAP. Should it become apparent prior to that time that the CAP has been

completed and site closure has been granted, the Parties will report to the Court and take necessary steps to conclude the case.

**C. LEGAL ISSUES.** Legal issues regard responsibility for and allocation of costs for responding to contamination of the Property.

**D. MOTIONS.** Except for the item noted in the next sentence, there have been no prior motions, nor are any now pending or anticipated. Cross-Defendants Dublin Town & Country Associates and William F. Kartozian have a pending Application for Relief from Default (docket items 50-53). Based on consultation among counsel for all Parties (except for Cross-Defendant the Chiu Family Trust, which is believed presently to be seeking replacement counsel, because its counsel of record, Mr. Edward W. Polson, has passed away, see ¶ U, below in this statement), counsel hereby stipulate to and request the Court to grant relief from that default.

**E. AMENDMENT OF PLEADINGS.** Currently none are expected.

**F. EVIDENCE PRESERVATION.** Evidence in the form of lease agreements, property transfer documentation, results of environmental testing, chemical usage, etc., have been preserved.

**G. DISCLOSURES.** Initial disclosures have been made, including but not limited to relevant documents, etc., on costs incurred and reports and communications with regulatory agencies on environmental conditions at the site which is the subject of this action, on purchase and sale agreement and amendments, and on tenants at the property.

**H. DISCOVERY.** Discovery has been stayed.

**I. CLASS ACTIONS.** None.

**J. RELATED CASES.** None.

**K. RELIEF.** Fair and equitable cost-sharing and costs-allocation are the relief sought. Response

costs are continuing to be incurred, and the Cost-Sharing Parties have records of these costs. Currently it is anticipated that costs should be under $1 million. Efforts are being made to be cooperative rather than adversarial, in order to keep legal fees and litigation costs to a minimum, so that funds may be most productively used for investigation and remediation.

**L. SETTLEMENT AND ADR.** The one settlement conference that occurred successfully led to a cost-sharing agreement and agreement to stay discovery. Once response costs are completed, the Parties anticipate use of negotiation and possibly more formal ADR if necessary. Continuance of this case on the Court's docket should assist the success of this effort.

**M. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.** The Parties were pleased with the results of their settlement conference under the oversight of Magistrate Judge LaPorte, but they have not yet decided, nor do they feel they are ready to decide if all issues can be resolved best by a Magistrate Judge. This may be clearer as final remedy and costs are known.

**N. OTHER REFERENCES.** The present cooperation is successful. Should this change, which is not now anticipated, the Parties may revisit the question of other references.

**O. NARROWING OF ISSUES.** The cooperative work to investigate, remediate and close the site has effectively narrowed the issues to a great extent.

**P. EXPEDITED SCHEDULE.** The schedule is dependent upon the practical realities of the environment investigation and mitigation process. It is currently being conducted on an efficient and cost-effective basis, even though the case has been on the Court's docket for a long time.

**Q. SCHEDULING.** The parties believe it is premature to set hard dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**R. TRIAL.** Whether the case should be tried to a jury or the Court, and estimated length of a trial, are difficult to decide until the investigation and remediation process has been completed.

8
JOINT STATUS/CASE MANAGEMENT STATEMENT, STIPULATION, AND (PROPOSED) ORDER
Burrows and Roessler v. Perry, et al.
Case No. 3:07-cv-05354-EMC

**S. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.** Initial disclosures have been made by the Parties, including but not limited to interested persons.

**T. OTHER MATTERS TO FACILITATE JUST, SPEEDY, INEXPENSIVE DISPOSITION.** The Parties believe the current cooperative efforts are successful.

**U. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

The Parties hereby respectfully request that the Court continue the stay previously ordered in this case until October, 2013. The Parties further respectfully request that the Court reschedule the pending Status/Case Management Conference to a date in October, 2013, on or shortly before or after October 25, 2013. Karl R. Morthole, attorney for the Plaintiffs, hereby attests that concurrence in this Joint Case Management Conference Statement was obtained from Lead Trial Counsel for the Defendants listed immediately below, except from Mr. Polson, who was Lead Trial Counsel for Cross-Defendant the Chiu Family Trust, but who has passed away. Cross-Defendant the Chiu Family Trust has been informed of the need to consider retaining replacement counsel and is believed to be searching for such replacement counsel as of the date this Statement and (Proposed) Order is filed with the Court.

*/s/ Martin Deutsch by KRM w/permission*
Martin Deutsch, 440 North First Street, Suite 200, San Jose, CA 95112, 408-947-1760
By Sosan Akbar, Esq., in absence of Mr. Deutsch
[Parks Defendants and Cross-Complainants Lead Trial Counsel]

*/s/ Thomas M. Downey*
Thomas M. Downey, 1901 Harrison Street, 11th Floor, Oakland, CA 94612, 510-444-6800
[Perrys Defendants Lead Trial Counsel]

[Deceased: Client seeking replacement counsel]
Edward W. Polson, PO Box 1223, 31 Graeagle Meadows, Graeagle, CA 96103, 530-836-1255
[Chiu Family Trust Cross-Defendant Lead Trial Counsel]

*/s/ Greggory C. Brandt*
Greggory C. Brandt, 1111 Broadway, 24th Floor, Oakland, CA 94607-4036, 510-834-6600
[Dublin Town & Country Associates and William Kartozian Cross-Defendants Lead Trial Counsel]

Date: October 19, 2012

Respectfully submitted,

LAW OFFICES OF KARL R. MORTHOLE

By *[signature: Karl R. Morthole]*

Karl R. Morthole
Lead Trial Counsel for Plaintiffs
Law Offices of Karl R. Morthole
57 Post Street
Suite 801
San Francisco, CA 94104
(415) 986-0227
karl@mortholelaw.com

///

///

# (PROPOSED) ORDER

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Status/Case Management Statement, Stipulation, and (Proposed) Order filed prior to the date of this conference. The Court adopts this statement as modified and enters it as the Order of this Court pursuant to Civ. L.R. 16-8(b), including, but not limited to removal of the default of Cross-Defendants Dublin Town & Country Associates and William F. Kartozian, stipulated to by counsel signing this statement.

The foregoing joint statement, as amended by setting the date for the next Status/Case Management Conference for ___October 24___, 2013, at 9:00 a.m. is adopted by this Court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: ___October 25, 2012___



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

```
1  KARL R. MORTHOLE (CA Bar #112565)
   Law Offices of Karl R. Morthole
2  57 Post Street
   Suite 801
3  San Francisco, CA 94104
4  (415) 986-0227

5  Attorney for Plaintiffs
   BRUCE A. BURROWS and JAMES A. ROESSLER
6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BRUCE A. BURROWS and JAMES A. ROESSLER, | ) | CASE NO. C 07-5354 EMC |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK, | ) | |
| Defendants. | ) | |

I declare that on the date set forth below, I served the attached

**JOINT STATUS/CASE MANAGEMENT STATEMENT, STIPULATION, AND (PROPOSED) ORDER**

by e-filing on all parties by their counsel so appearing, except for Cross-Defendant the Chiu Family Trust, Gabriel Chiu, Trustee, whose original trial counsel is deceased and who is in the process of retaining replacement counsel, to whom I served by regular U.S. Mail, postage pre-paid, at the following address

> Mr. Gabriel Chiu, Trustee
> The Chiu Family Trust
> 1767 Germano Way
> Pleasanton, CA 94566

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date hereinafter set forth.

San Francisco, CA                                 /s/ **Karl R. Morthole**
Date: October 19, 2012                                    Karl R. Morthole

1
CERTIFICATE OF SERVICE
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-MHP*