1  KARL R. MORTHOLE (CA Bar #112565)
   Law Offices of Karl R. Morthole
2  57 Post Street
   Suite 804
3  San Francisco, CA 94104
   (415) 986-0227
4
5  Attorney for Plaintiffs
   BRUCE A. BURROWS and
6  JAMES A. ROESSLER
7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
10 BRUCE A. BURROWS and JAMES A.          )
   ROESSLER,                              )      CASE NO. C 07-5354 EMC
11        Plaintiffs                      )
                                          )
12                                        )
                                          )      UPDATED STATUS/CASE
13                                        )      MANAGEMENT STATEMENT,
                                          )      AND (PROPOSED) ORDER
14 DWIGHT W. PERRY, CARLETON L.           )      ORDER RESETTING CMC
   PERRY, KWANG SUK LEE, KUI JA LEE,      )
15 NAM SUN PARK AND SEUNG HEE             )
   PARK,                                  )      DATE:  October 7, 2014
16                                        )
17        Defendants.                     )      TIME:  2:30 p.m.
                                          )
18 ───────────────────────────────────── )
                                          )      PLACE: Crt #5, 17th Floor
19 AND RELATED COUNTERCLAIMS AND          )
   CROSSCLAIMS.                           )
20 ───────────────────────────────────── )
21
22
      Pursuant to Civil Local Rule ("Civ. L.R.") 16-9, the Standing Order for All Judges of the Northern
23
   District of California on Contents of Joint Case Management Statements, and Paragraph 6 of this
24
   Court's Civil Standing Order – General, the Plaintiffs submit this *Updated* Status/Case Management
25
   Statement, and Proposed Order (most updates appear in the Statement of Facts, below at page 5, line
26
   23, through page 6, line 22).  Plaintiffs certify that its lead trial counsel, who will
27
28
                                            1

try this case, met and conferred with counsel for Defendants the Perrys, the Parks and Kartozian/Dublin Town & Country Associates for the preparation of this Statement as required by Civ. L.R. 16-3. The original counsel for Cross-Defendant Chiu has passed away, his replacement has retired, and no further replacement counsel has yet appeared in the case.

The Plaintiffs make the following representations and stipulations:

**A. JURISDICTION, VENUE AND SERVICE.**

1.     This action primarily arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* This Court therefore has jurisdiction over the subject matter of this action. This Court has supplemental jurisdiction of the state claims asserted in this action, which are based on the same set of operative facts. Judicial economy, convenience, and fairness to the Parties result from this Court's jurisdiction over the state claims. Venue and intradistrict assignment is proper in this Court, as the subject property and the events occurred in this judicial district. All activities and conduct pertinent to this action occurred and are occurring in Dublin, Alameda County, California. All Parties have been served, respectively, with the Complaint, Counter-Claims and Cross-Claims, except for the Lee Defendants, as set forth below, who have not been located.

**B. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION.**

2.     Plaintiffs Bruce A. Burrows and James A. Roessler are natural persons, and at all times relevant herein, have been in the business of real estate brokerage and related investment activities. Defendants Dwight W. Perry and Carlton L. Perry (the "Perry Defendants") are natural persons and, from approximately Summer, 1985, until approximately August, 1994, operated a dry

///

2

cleaning business and leased premises at 7272 San Ramon Road (the address was later renumbered to 7242), which is part of the Lamps Plus Plaza, in Dublin, California (the leased premises are hereinafter referred to as the "Property"). Defendants Kwang Suk Lee and Kui Ja Lee (the "Lee Defendants") are natural persons and, from approximately August, 1994, until approximately December, 1999, operated a dry cleaning business and leased premises at the Property; the Lees have not been located despite extensive efforts to do so. Defendants and Cross-Complainants Nam Sun Park and Seung Hee Park (the "Park Defendants") are natural persons and, from approximately December, 1999, until the present, operated and continue to operate a dry cleaning business and lease premises at the Property. Cross-Defendant the Chiu Family Trust, Gabriel Chiu, Trustee (the "Chiu Family Trust"), acquired the Property in approximately March, 2005, and is the current owner. Cross-Defendants Dublin Town & Country Associates and William Kartozian, a general partner in Dublin Town & Country Associates (the "Dublin/Kartozian Cross-Defendants"), previously owned the Property at all times relevant to the present action and up to approximately March, 2005.

3.      Plaintiffs allege that the Defendants used PCE as a dry-cleaning chemical during their periods of operation at the Property, until approximately March, 2000, when the Parks changed their dry-cleaning operations so that PCE was no longer used, and it has not been used since that time.

4.      The Alameda County Health Care Services Agency, Environmental Health Division (the "County"), has been and currently continues to oversee investigation and remediation of PCE in subsurface soils, soil vapor and groundwater at the property.

5.      This action was brought in October, 2007, and assigned to Judge Patel. Following an initial status conference, the Parties met on May 1, 2008, at a settlement conference with

3

Magistrate Judge Laporte. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust reached agreement to share in costs of investigation and necessary remediation. The Plaintiffs and all the Defendants and Cross-Defendants, except the Lees Defendants, also agreed to seek a stay on further discovery beyond initial disclosures, etc., to allow the Parties to cooperate as far as possible with the County, and the Court ordered a six month stay and scheduled a further case management conference for early December, 2008. Since that time, at the joint stipulation of all the Parties, the stay has been continued and the scheduled dates for case management conferences have been re-scheduled by order of the Court, as the Parties and the County have worked to investigate and toward final remediation of the problem. Workplans and supplemental workplans for study of the problem and means of remediating the PCE contamination have been submitted, reviewed by the County, and implemented by the consultant hired by the Parties, sometimes in accordance with revisions required by the County. The original actions and installations were completed as anticipated in 2010. Thereafter, the County requested and the Parties submitted a further workplan, which, after some months of review by the County, was approved. Additional monitoring wells and soil vapor sampling points were installed, and more rounds of samples were taken. Reporting on the sampling was made, and the County reviewed that reporting. Unfortunately, there was some delay in County review due to re-assignment of the agency project manager, and increased workload. The County requested a proposed Corrective Action Plan ("CAP"), and the proposed CAP was prepared by the consultant and timely submitted to the County on September 22, 2011, by Mr. Roessler, who has led the Parties sharing in costs. By letter dated October 7, 2011, the County approved the proposed CAP, approved soil vapor extraction ("SVE") as the remedial alternative for PCE detected at the Site, approved resumption of Interim Remedial

///

STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

Action, and required implementation of public participation, including but not limited to a fact sheet and solicitation and response to comments by the public, leading to final approval of the CAP and its implementation. Technical comments by the County were also included and a further technical report required.

7.       In the year from October, 2011 to October, 2012, the formal CAP was subjected to public review prior to implementation. Public review occurred and thereafter SVE was performed. The project manager advised that ten (10) pounds of PCE had been removed since implementation of SVE. In the first week of October, 2012, SVE was temporarily suspended and sampling conducted. The levels of PCE in samples appeared to have declined, however the levels were still above residential goals, which were then being applied since part of the building next to the drycleaner was used as a Montessori pre-school. Following those results of sampling, SVE was re-started and conducted for an extended period of time, and  more pounds of PCE were removed since re-implementation of SVE. In summer 2013, further samples were taken and the levels of PCE had declined significantly, to the point where they were well below cleanup goals. The SVE was again temporarily suspended, and further sampling was conducted. There was minor re-bound of levels of PCE, however, all samples were still below cleanup goals. Since, in the meantime, the Montessori pre-school had moved to another location, commercial goals were being applied, which was appropriate since there were no longer any residential, or quasi-residential (i.e., the pre-school), parties at the premises. Additional samples were planned to be taken in November 2013 and in January, 2014. Following a November 2013 meeting among representatives of the County, the parties and the parties' environmental consultant, a "road map" to closure was agreed to by all present, which resulted in installation of one more monitoring well, and additional sampling following an opportunity for further rebound, if any. The results

1 | of further sampling of the 19 total monitoring wells over more than a year have seen declining

2 | levels with reduced rebound, with only one result marginally exceeding the commercial cleanup

3 | goal and no results exceeding the residential cleanup goal.  Where levels remain below cleanup

4 | goals for a period of a year, or where it can be shown that conditions are stable and present no risk

5 | to human health or the environment, a decision is to be made on whether a site can be closed.  In

6 | the present case, risk calculations have resulted in estimated risk of just over $1 \times 10^{-6}$, which is

7 | well below what can be allowed (generally $1 \times 10^{-4}$).  This level is believed to present what is

8 | referred to by oversight agencies as an "acceptable risk" level.  The parties' environmental

9 | consultant has prepared a request for closure to the County, and it expects to submit the request to

10 | the County in the next two weeks, with an expected review time of up to 90-days.  Based on

11 | experience and on the agreed closure "road map," the parties and the parties' environmental

12 | consultant feel confident that closure will be granted in approximately January, 2015.  Closure,

13 | once granted, will require decommissioning monitoring wells, and other actions, which may take a

14 | few months, with completion anticipated in approximately March or April, 2015.

15 | 8.       There is a possibility the County will request one more round of sampling, before

16 | granting closure.  Though not anticipated by the parties and the parties' environmental consultant,

17 | if this occurs, grant of closure and completion of closure actions might cause a delay of an

18 | estimated additional three or four months, in which case completion could be anticipated in

19 | approximately July or August, 2015.

20 | 9.       The Parties are confident that the County will eventually declare closure, because

21 | concentrations of PCE have been reduced below remediation goals.  The policy is for site closure

22 | to be based upon twelve (12) months of sampling below cleanup goals.

/ / /

STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

10. Remediation is succeeding, but it is not possible to say exactly when site closure will be authorized by the County as oversight agency.

11. Once this is accomplished, only the issue of final cost-sharing will need to be determined.

12. It is believed that maintaining the case on the Court's docket, and continuing oversight of the Court, through a settlement conference or other dispute resolution proceedings, will allow the Parties to come to an agreement without further litigation.

13. As stated above, since May, 2008, a stay has been in effect upon agreements of the Parties and orders of the Court.

14. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust Cross-Defendant (the "Cost-Sharing Parties") have been in compliance with their agreement to contribute to and share certain costs, which agreement was reached at the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte. Since that time they have reached further agreements to contribute to and share in the additional costs required to implement the work at the site. The actual payments by each of the Cost-Sharing Parties have been recorded as made, as have expenditures for the costs, and will continue to be accounted for, for future reference and for final cost-sharing agreement. Monies remain in the agreed contribution account. It is hoped that the monies that remain available, or as they may be supplemented, will be sufficient to cover needed work up to the time the County can complete its review of the data and approve site closure.

15. The Plaintiffs, the Perrys Defendants, the Parks Defendants, Cross-Defendant the Chiu Family Trust, and Cross-Defendants Dublin Town & Country Associates and William

///

///

**STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER**
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

Kartozian, have all been in compliance with the stay which was part of their agreement reached at

the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte, and which

stay has been extended by further agreement and orders of the Court.

16.     With the purpose of minimizing costs to the Parties and the waste of time of this

Court, all the Parties (except for Cross-Defendant the Chiu Family Trust, whose original counsel

passed away and whose initial replacement counsel has retired and not been replaced), have

affirmatively agreed to request a further continuance of the stay and rescheduling of the

Status/Case Management Conference before the Court.  It is agreed by the Parties that a

continuance of the stay and rescheduling of the conference again would be best made for

approximately one year – to some time in October, 2015.  Should it become apparent prior to that

time that closure has been granted and post-closure activities completed, the Parties will report to

the Court and take necessary steps to conclude the case.

**C.  LEGAL ISSUES.**   Legal issues regard responsibility for and allocation of costs for

responding to contamination of the Property.

**D.  MOTIONS.**   There are no motions now pending or anticipated.  Based on consultation

among counsel for all Parties (except for Cross-Defendant the Chiu Family Trust, which is

believed presently to be seeking replacement counsel, because its original counsel of record, Mr.

Edward W. Polson, has passed away, and since initial replacement counsel, Mr. William A. Hirst,

has retired), counsel have agreed to request the Court to grant the requested extension of the stay.

**E.  AMENDMENT OF PLEADINGS.**    Currently none are expected.

**F.  EVIDENCE PRESERVATION.**    Evidence in the form of lease agreements, property

transfer documentation, results of environmental testing, chemical usage, etc., have been

preserved.

**G. DISCLOSURES.**   Initial disclosures have been made, including but not limited to relevant documents, etc., on costs incurred and reports and communications with regulatory agencies on environmental conditions at the site which is the subject of this action, on purchase and sale agreement and amendments, and on tenants at the property.

**H. DISCOVERY.**   Discovery has been stayed.

**I. CLASS ACTIONS.**   None.

**J. RELATED CASES.** None.

**K. RELIEF.**   Fair and equitable cost-sharing and costs-allocation are the relief sought.  Response costs are continuing to be incurred, and the Cost-Sharing Parties have records of these costs. Currently it is anticipated that costs should be under $1 million.  Efforts are being made to be cooperative rather than adversarial, in order to keep legal fees and litigation costs to a minimum, so that funds may be most productively used for investigation and remediation.

**L. SETTLEMENT AND ADR.**   The one settlement conference that occurred successfully led to a cost-sharing agreement and agreement to stay discovery.  Once response costs are completed, the Parties anticipate negotiation and possibly use of more formal ADR if necessary.  Continuance of this case on the Court's docket should assist the success of this effort.

**M. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**   The Parties were pleased with the results of their settlement conference under the oversight of Magistrate Judge LaPorte, but they have not yet decided, nor do they feel they are ready to decide if all issues can be resolved best by a Magistrate Judge.  This may be clearer as final remedy and costs are known.

**N. OTHER REFERENCES.**   The present cooperation is successful.  Should this change, which is not now anticipated, the Parties may revisit the question of other references.

///

9

STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

**O. NARROWING OF ISSUES.**   The cooperative work to investigate, remediate and close the site has effectively narrowed the issues to a great extent.

**P. EXPEDITED SCHEDULE.** The schedule is dependent upon the practical realities of the environment investigation and mitigation process.  It is currently being conducted on an efficient and cost-effective basis, even though the case has been on the Court's docket for a long time.

**Q. SCHEDULING.**   The parties believe it is premature to set hard dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**R. TRIAL.**   Whether the case should be tried to a jury or the Court, and estimated length of a trial, are difficult to decide until the investigation and remediation process has been completed.

**S. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.** Initial disclosures have been made by the Parties, including but not limited to interested persons.

**T. OTHER MATTERS TO FACILITATE JUST, SPEEDY, INEXPENSIVE DISPOSITION.**   The Parties believe the current cooperative efforts are successful.

**U. IDENTIFICATION OF LEAD TRIAL COUNSEL**

The Plaintiff, with agreement of those Defendants' counsel as stated above, hereby respectfully requests that the Court continue the stay previously ordered in this case until October, 2015.  The Plaintiff further respectfully requests that the Court reschedule the pending Status/Case Management Conference to a date in October, 2015. Karl R. Morthole, attorney for the Plaintiffs, hereby attests that a full report of the status of the site was given to the Lead Trial Counsel for the Defendants listed immediately below, and their agreement was obtained to continuing the stay and rescheduling the pending Status/Case Management Conference.  On that basis and with their permission, attorney for the Plaintiffs has signed on their behalf as evidence of their agreement.

///

_Sosan Akbar by KRM w/permission_

Martin Deutsch, 440 North First Street, Suite 200, San Jose, CA 95112, 408-947-1760
By Sosan Akbar, Esq., in absence of Mr. Deutsch
[Parks Defendants and Cross-Complainants Lead Trial Counsel]

_Thomas M. Downey by KRM w/permission_

Thomas M. Downey, 1901 Harrison Street, 11th Floor, Oakland, CA 94612, 510-444-6800
[Perrys Defendants Lead Trial Counsel]

_Greggory C. Brandt by KRM w/permission_

Greggory C. Brandt, 1111 Broadway, 24th Floor, Oakland, CA 94607-4036, 510-834-6600
[Dublin Town & Country Associates and William Kartozian Cross-Defendants Lead Trial
Counsel]


Date:  September 30, 2014                    Respectfully submitted,

                                             LAW OFFICES OF KARL R. MORTHOLE

                                             By _Karl R. Morthole_
                                                 Karl R. Morthole
                                             Lead Trial Counsel for Plaintiffs
                                             Law Offices of Karl R. Morthole
                                             57 Post Street
                                             Suite 804
                                             San Francisco, CA 94104
                                             (415) 986-0227
                                             karl@mortholelaw.com

///

///

11
STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
_Burrows and Roessler v. Perry, et al._
_Case No. 3:07-cv-05354-EMC_

1

2 **(PROPOSED) ORDER**

3        The Court finds that each party was represented by lead trial counsel responsible for trial

4 of this matter and was given an opportunity to be heard as to all matters encompassed by this

5 Status/Case Management Statement, and (Proposed) Order filed prior to the date of this

6
7 conference. The Court adopts this statement as modified and enters it as the Order of this Court

8 pursuant to Civ. L.R. 16-8(b.

9        The foregoing joint statement, as amended by setting the date for the next Status/Case
                                                   May 28          at 10:30 a.m.
10 Management Conference for ~~October~~ ___, 2015, is adopted by this Court as the Case Management

11 Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall

12 govern all further proceedings in this action. Updated joint CMC Statement due

13                                              May 14, 2015.

14        IT IS SO ORDERED.

15 Date: _____   10/6/14

16

17

18

19                        Judge Edward M. Chen

20

21

22

23

24

25

26

27

28

STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*