KARL R. MORTHOLE (CA Bar #112565)
Law Offices of Karl R. Morthole
57 Post Street
Suite 804
San Francisco, CA 94104
(415) 986-0227

Attorney for Plaintiffs
BRUCE A. BURROWS and
JAMES A. ROESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE A. BURROWS and JAMES A. ROESSLER,
    Plaintiffs

DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,

    Defendants.

AND RELATED COUNTERCLAIMS AND CROSSCLAIMS.

CASE NO. C 07-5354 EMC

UPDATED STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER

DATE: May 28, 2015

TIME: 10:30 a.m.

PLACE: Crt #5, 17th Floor

Pursuant to Civil Local Rule ("Civ. L.R.") 16-9, the Standing Order for All Judges of the Northern District of California on Contents of Joint Case Management Statements, and Paragraph 6 of this Court's Civil Standing Order – General, the Plaintiffs submit this *Updated* Status/Case Management Statement, and Proposed Order (most updates appear in the Statement of Facts, below at page 5, line 23, through page 6, line 22). Plaintiffs certify that its lead trial counsel, who will

1
STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER
*Burrows and Roessler v. Perry, et al.*
*Case No. 3:07-cv-05354-EMC*

try this case, met and conferred with counsel for Defendants the Perrys, the Parks and Kartozian/Dublin Town & Country Associates for the preparation of this Statement as required by Civ. L.R. 16-3. The original counsel for Cross-Defendant Chiu has passed away, his replacement has retired, and no further replacement counsel has yet appeared in the case.

The Plaintiffs make the following representations and stipulations:

A. JURISDICTION, VENUE AND SERVICE.

1. This action primarily arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* *The remainder of this paragraph is unchanged from the previous Updated Statement, dated September 30, 2014.*

B. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION.

2. Plaintiffs Bruce A. Burrows and James A. Roessler are natural persons, and at all times relevant herein, have been in the business of real estate brokerage and related investment activities. *The remainder of this paragraph is unchanged from the previous Updated Statement, dated September 30, 2014.*

3. Plaintiffs allege that the Defendants used PCE as a dry-cleaning chemical during their periods of operation at the Property. . . . *The remainder of this paragraph is unchanged from the previous Updated Statement, dated September 30, 2014.*

4. The Alameda County Health Care Services Agency, Environmental Health Division (the "County"), has been and currently continues to oversee investigation and remediation of PCE in subsurface soils, soil vapor and groundwater at the property.

5. This action was brought originally in October, 2007, and assigned to Judge Patel. Following an initial status conference, the Parties met on May 1, 2008, at a settlement conference with Magistrate Judge Laporte. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust reached agreement to share in costs of investigation and necessary remediation. The Plaintiffs and all the Defendants and Cross-Defendants, except the Lees Defendants, also agreed to seek a stay on further discovery beyond initial disclosures, etc., to allow the Parties to cooperate as far as possible with the County. Since that time, at the joint stipulation of all the Parties, the stay has been continued and the scheduled dates for case management conferences have been re-scheduled by order of the Court, as the Parties and the County have worked to investigate and toward final remediation of the problem. *The remainder of this paragraph is unchanged from the previous Updated Statement, dated September 30, 2014.*

6. *Through inadvertent error, no paragraph numbered 6 appeared in the previous Updated Statement, dated September 30, 2014*

7. In the year from October, 2011 to October, 2012, the formal Corrective Action Plan ("CAP") was subjected to public review prior to implementation. Public review occurred and thereafter soil vapor extraction ("SVE") was performed. Pounds of PCE have been removed since implementation of SVE. The results of further sampling of the 19 total monitoring wells over more than three years have seen declining levels with reduced rebound, with only one result marginally exceeding the commercial cleanup goal and no results exceeding the residential cleanup goal. The parties' environmental consultant submitted a request for closure to the County in October 2014. At a meeting with the County, it was agreed to take one more round of sampling in early 2015. That sampling has been completed, the report will be submitted next week, and the parties will await a response from the County. Again, the parties and the parties' environmental

consultant feel confident that closure will be granted shortly. Closure, once granted, will require decommissioning monitoring wells, and other actions, which may take a few months, with completion anticipated in approximately August or September, 2015.

8. The Parties are confident that the County will eventually declare closure, because concentrations of PCE have been reduced below remediation goals. The policy is for site closure to be based upon twelve (12) months of sampling below cleanup goals.

9. Remediation is succeeding, but it is still not possible to say for sure exactly when site closure will be authorized by the County as oversight agency.

10. Once this is accomplished, only the issue of final cost-sharing will need to be determined.

11. It is believed that maintaining the case on the Court's docket, and continuing oversight of the Court, through a settlement conference or other dispute resolution proceedings, will allow the Parties to come to an agreement without further litigation.

12. The Plaintiffs, the Perrys Defendants, the Parks Defendants and the Chiu Family Trust Cross-Defendant (the "Cost-Sharing Parties") have been in compliance with their agreement to contribute to and share certain costs, which agreement was reached at the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte. Since that time they have reached further agreements to contribute to and share in the additional costs required to implement the work at the site. The actual payments by each of the Cost-Sharing Parties have been recorded as made, as have expenditures for the costs, and will continue to be accounted for, for future reference and for final cost-sharing agreement. Monies remain in the agreed contribution account. It is hoped that the monies that remain available, or as they may be supplemented, will be sufficient to cover needed work up to the time the County can complete its review of the data and approve site closure.

13. The Plaintiffs, the Perrys Defendants, the Parks Defendants, Cross-Defendant the Chiu Family Trust, and Cross-Defendants Dublin Town & Country Associates and William Kartozian, have all been in compliance with the stay which was part of their agreement reached at the time of the May 1, 2008, Settlement Conference before Magistrate Judge Laporte, and which stay has been extended by further agreement and orders of the Court.

14. With the purpose of minimizing costs to the Parties and the waste of time of this Court, all the Parties (except for Cross-Defendant the Chiu Family Trust, whose original counsel passed away and whose initial replacement counsel has retired and not been replaced), have affirmatively agreed to request a further continuance of the stay and rescheduling of the Status/Case Management Conference before the Court. It is agreed by the Parties that a continuance of the stay and rescheduling of the conference again would be best made to some time in October, 2015. Should it become apparent prior to that time that closure has been granted and post-closure activities completed, the Parties will report to the Court and take necessary steps to conclude the case.

**C. LEGAL ISSUES.** Legal issues regard responsibility for and allocation of costs for responding to contamination of the Property.

**D. MOTIONS.** There are no motions now pending or anticipated. Based on consultation among counsel for all Parties (except for Cross-Defendant the Chiu Family Trust, which is believed presently to be seeking replacement counsel, because its original counsel of record, Mr. Edward W. Polson, has passed away, and since initial replacement counsel, Mr. William A. Hirst, has retired), counsel have agreed to request the Court to grant the requested extension of the stay.

**E. AMENDMENT OF PLEADINGS.** Currently none are expected.

**F. EVIDENCE PRESERVATION.**   Evidence in the form of lease agreements, property transfer documentation, results of environmental testing, chemical usage, etc., have been preserved.

**G. DISCLOSURES.**   Initial disclosures have been made, including but not limited to relevant documents, etc., on costs incurred and reports and communications with regulatory agencies on environmental conditions at the site which is the subject of this action, on purchase and sale agreement and amendments, and on tenants at the property.

**H. DISCOVERY.**   Discovery has been stayed.

**I. CLASS ACTIONS.**   None.

**J. RELATED CASES.**   None.

**K. RELIEF.**   Fair and equitable cost-sharing and costs-allocation are the relief sought.  Response costs are continuing to be incurred, and the Cost-Sharing Parties have records of these costs. Currently it is anticipated that costs should be under $1 million.  Efforts are being made to be cooperative rather than adversarial, in order to keep legal fees and litigation costs to a minimum, so that funds may be most productively used for investigation and remediation.

**L. SETTLEMENT AND ADR.**   The one settlement conference that occurred successfully led to a cost-sharing agreement and agreement to stay discovery.  Once response costs are completed, the Parties anticipate negotiation and possibly use of more formal ADR if necessary.  Continuance of this case on the Court's docket should assist the success of this effort.

**M. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**   The Parties were pleased with the results of their settlement conference under the oversight of Magistrate Judge LaPorte, but they have not yet decided, nor do they feel they are ready to decide if all issues can be resolved best by a Magistrate Judge.  This may be clearer as final remedy and costs are known.

**N. OTHER REFERENCES.** The present cooperation is successful. Should this change, which is not now anticipated, the Parties may revisit the question of other references.

**O. NARROWING OF ISSUES.** The cooperative work to investigate, remediate and close the site has effectively narrowed the issues to a great extent.

**P. EXPEDITED SCHEDULE.** The schedule is dependent upon the practical realities of the environment investigation and mitigation process. It is currently being conducted on an efficient and cost-effective basis, even though the case has been on the Court's docket for a long time.

**Q. SCHEDULING.** The parties believe it is premature to set hard dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**R. TRIAL.** Whether the case should be tried to a jury or the Court, and estimated length of a trial, are difficult to decide until the investigation and remediation process has been completed.

**S. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.** Initial disclosures have been made by the Parties, including but not limited to interested persons.

**T. OTHER MATTERS TO FACILITATE JUST, SPEEDY, INEXPENSIVE DISPOSITION.** The Parties believe the current cooperative efforts are successful.

**U. IDENTIFICATION OF LEAD TRIAL COUNSEL**

The Plaintiff, with agreement of those Defendants' counsel as stated above, hereby respectfully requests that the Court continue the stay previously ordered in this case until October, 2015. The Plaintiff further respectfully requests that the Court reschedule the pending Status/Case Management Conference to a date in October, 2015. Karl R. Morthole, attorney for the Plaintiffs, hereby attests that a full report of the status of the site was given to the Lead Trial Counsel for the Defendants listed immediately below, and their agreement was obtained to continuing the stay and rescheduling the pending Status/Case Management Conference. On that basis and with their

permission, attorney for the Plaintiffs has signed on their behalf as evidence of their agreement.

*Martin Deutsch* /KRM By Permission
_____
Martin Deutsch, 440 North First Street, Suite 200, San Jose, CA 95112, 408-947-1760
By Sosan Akbar, Esq., in absence of Mr. Deutsch
[Parks Defendants and Cross-Complainants Lead Trial Counsel]

*Thomas M. Downey* /KRM By Permission
_____
Thomas M. Downey, 1901 Harrison Street, 11th Floor, Oakland, CA 94612, 510-444-6800
[Perrys Defendants Lead Trial Counsel]

*Greggory C. Brandt* /KRM By Permission
_____
Greggory C. Brandt, 1111Broadway, 24th Floor, Oakland, CA 94607-4036, 510-834-6600
[Dublin Town & Country Associates and William Kartozian Cross-Defendants Lead Trial Counsel]

Date: May 14, 2015

Respectfully submitted,

LAW OFFICES OF KARL R. MORTHOLE

By *Karl R. Morthole*
Karl R. Morthole
Lead Trial Counsel for Plaintiffs
Law Offices of Karl R. Morthole
57 Post Street
Suite 804
San Francisco, CA 94104
(415) 986-0227
karl@mortholelaw.com

///

///

## (PROP~~OSED~~) ORDER

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Status/Case Management Statement, and (Proposed) Order filed prior to the date of this conference. The Court adopts this statement as modified and enters it as the Order of this Court pursuant to Civ. L.R. 16-8(b.

The foregoing joint statement, as amended by setting the date for the next Status/Case Management Conference for October 22, 2015, is adopted by this Court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: 5/18/15



_____
Edward M. Chen
United States District Judge

```
 1  KARL R. MORTHOLE (CA Bar #112565)
    Law Offices of Karl R. Morthole
 2  57 Post Street
    Suite 801
 3  San Francisco, CA 94104
 4  (415) 986-0227

 5  Attorney for Plaintiffs
    BRUCE A. BURROWS and JAMES A. ROESSLER
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE A. BURROWS and JAMES A. ROESSLER,<br>    Plaintiffs | CASE NO. C 07-5354 EMC |
| | CERTIFICATE OF SERVICE |
| DWIGHT W. PERRY, CARLETON L. PERRY, KWANG SUK LEE, KUI JA LEE, NAM SUN PARK AND SEUNG HEE PARK,<br>    Defendants. | |

I declare that on the date set forth below, I served the attached

**UPDATED STATUS/CASE MANAGEMENT STATEMENT, AND (PROPOSED) ORDER**

by e-filing on all parties by their counsel so appearing.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date hereinafter set forth.


San Francisco, CA                    /s/ **Karl R. Morthole**
Date: May 14, 2015                        Karl R. Morthole